UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-CV-24361-KMM

DARLENE WAMPOLE,

Plaintiff,

v.

CARNIVAL CORPORATION,

Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint [ECF No. 1], and states as follows*:

## ANSWER

## PARTIES AND JURISDICTION

1.      Admitted Plaintiff claims damages in excess of $75,000, denied as to her entitlement to same.

2.      Admitted this Court has subject-matter jurisdiction.

3.      Admitted this Court has subject-matter jurisdiction.

4.      Admitted.

5.      Defendant is without knowledge, therefore denied.

6.      Admitted for purposes of this litigation only that jurisdiction is proper.

7.      Admitted Carnival maintains an office in Miami-Dade County, Florida.

8.      Admitted Carnival maintains an office in Miami-Dade County, Florida, including subparts (a) through (d).

9.    Admitted.

## **FACTUAL ALLEGATIONS**

10.    Denied, as this is not a factual allegation.

11.    Admitted Carnival operated the *Conquest* on April 5, 2024.

12.    Admitted Carnival operated the *Conquest* on April 5, 2024.

13.    Admitted Plaintiff was lawfully onboard the *Conquest* on April 5, 2024.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied, including subparts (a) through (f).

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied as phrased.

28.    Denied as phrased.

29.    Denied as phrased.

30.    Admitted.

31.     Denied as an improper legal conclusion.

32.     Denied as an improper legal conclusion.

## COUNT I
## <u>NEGLIGENT FAILURE TO REMEDY</u>

33.     Carnival incorporates its responses to paragraphs 1 through 25 as if fully set forth

herein.

34.     Admitted.

35.     Denied as an improper and incomplete legal conclusion.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

## COUNT II
## <u>NEGLIGENT FAILURE TO WARN OF DANGEROUS CONDITION</u>

45.     Carnival incorporates its responses to paragraphs 1 through 22 and 26 as if fully set

forth herein.

46.     Admitted.

47.     Denied as an improper and incomplete legal conclusion.

48.     Denied as an improper and incomplete legal conclusion.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

**COUNT III**
**NEGLIGENT DESIGN, INSTALLATION, AND/OR APPROVAL OF THE SUBJECT**
**FLOOR AND THE VICINITY**

61.     Carnival incorporates its responses to paragraphs 1 through 22, 27 and 28, as if

fully set forth herein.

62.     Denied.

63.     Denied.

64.     Denied as an improper and incomplete legal conclusion.

65.     Denied as phrased.

66.     Denied as phrased.

67.     Denied.

68.     Denied as phrased.

69.     Denied as phrased.

70.     Denied as phrased.

71.     Denied as phrased.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

## COUNT IV
## NEGLIGENT FOR THE ACTS OF CARNIVAL'S CREW, STAFF, EMPLOYEES, AND/OR AGENTS, BASED ON VICARIOUS LIABILITY

83.     Carnival incorporates its responses to paragraphs 1 through 22, 29 and 32, as if fully set forth herein.

84.     Denied as an incomplete legal conclusion.

85.     Denied as a legal conclusion, including subparts (a) through (d).

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

**COUNT V**
**VICARIOUS LIABILITY FOR THE NEGLIGENT DESIGN, INSTALLATION,**
**AND/OR APPROVAL OF THE SUBJECT SURFACE AND THE VICINITY**
**AGAINST CARNIVAL**

92.     Defendant incorporates its responses to paragraphs 1 through 32, as though fully set forth herein.

93.     Admitted only that this paragraph appears to state what claim Plaintiff is alleging.

94.     Denied as an improper and incomplete legal conclusion.

95.     Denied as phrased.

96.     Denied as phrased.

97.     Denied as phrased.

98.     Denied.

99.     Denied.

100.    Denied as an improper and incomplete legal conclusion.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

\*  **Any allegation not specifically admitted to is hereby denied, including the damages sought in the wherefore clause.**

**AFFIRMATIVE DEFENSES**

As separate and complete defenses, based on information and belief, Carnival states as follows:

A.      Plaintiff's damages were caused or exacerbated as a result of intervening and superseding factors that are independent of any fault of Defendant and which were not reasonably foreseeable to it. Discovery may reveal Plaintiff and/or her traveling companions' actions caused or contributed to her claimed incident. Discovery may also reveal Plaintiff's treating physicians' actions contributed to her damages.

B.      Plaintiff did not exercise ordinary care, caution, or prudence for her own welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies.

C.      Plaintiff has failed to mitigate her losses or damages claimed against Defendant by failing to take advantage of any reasonable opportunity that might exist under the circumstances to reduce or minimize the loss or damage. Specifically, medical records to be obtained in discovery may indicate Plaintiff did not seek out medical treatment in a reasonable amount of time or did not follow the advice of her doctors.

D.      Plaintiff was negligent and therefore Plaintiff is either barred from recovery or the damages in this case must be apportioned and reduced in proportion to the share of negligence attributable to the Plaintiff.

E.      The Plaintiff's damages were the result of a pre-existing injury/condition. Assuming, arguendo, that any pre-existing mental or physical injury or illness was aggravated by

any alleged incident herein, for which this Defendant expressly denies any responsibility, the

Plaintiff is only entitled to reimbursement for the degree of aggravation and any and all recovery

obtained herein must be reduced to the percentage of aggravation which the Plaintiff allegedly

suffered as a result of the subject incident.

F.      Any risks complained of by Plaintiff were open and obvious, obviating any duty to

warn by Defendant.

G.      General maritime law applies to Plaintiff's claims.

H.      This action is governed by and subject to the terms, limitations, and conditions

contained with the Plaintiff's Passenger Ticket Contract.

**\* Discovery has not yet commenced, and Defendant reserves the right to amend
and/or add affirmative defenses that appear to be supported by the evidence.**

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/Ashley Genoese*
Michael J. Drahos
Florida Bar No. 0617059
michael.drahos@gray-robinson.com
W. Cooper Jarnagin
Florida Bar No. 117767
cooper.jarnagin@gray-robinson.com
Ashley Genoese
Florida Bar No. 1019357
ashley.genoese@gray-robinson.com
lilia.parker@gray-robinson.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/Ashley Genoese*

**SERVICE LIST**
**CASE NO. 1:24-CV-24361-KMM**

Abby Hernandez Ivey, Esq.
Matthias Masayasu Hayashi, Esq.
Spencer Marc Aronfeld, Esq.
Aronfeld Trial Lawyers
One Alhambra Plaza, Penthouse
Coral Gables, FL 33134
305-441-0440
aivey@aronfeld.com
mhayashi@aronfeld.com
aronfeld@aronfeld.com

*Attorneys for Plaintiff*