**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:24-CV-24361-KMM**

**DARLENE WAMPOLE**,

  Plaintiff,

v.

**CARNIVAL CORPORATION,**

  Defendant.

_____/

**DEFENDANT'S STATEMENT OF MATERIAL FACTS**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel, and pursuant to Local Rule 56.1, hereby files this Statement of Material Facts in Support of its Motion for Summary Judgment.

**STATEMENT OF MATERIAL FACTS**

1. Ms. Darlene Wampole ("Plaintiff") was a fare-paying passenger who boarded the Carnival *Conquest* vessel in Miami, Florida for a vacation cruise on April 5, 2024. *See* **Exhibit 1** (Plaintiff's Deposition and Exhibits) at 93:12- 16.

2. Deck 14 forward portside of the *Conquest* contains a hot tub surrounded by an elevated teak wood deck. *See* **Exhibit 2** (Defendant's Answers to Plaintiff's Initial Interrogatories) at pg. 21, Answer to No. 20.

3. The hot tub and elevated teak wood decks were designed and installed in 2017 by a third-party contractor, Tutto Tondo Solutions LLC. *See* **Exhibit 3** (Purchase Order for Installation to Tutto Tondo Solutions LLC).

4.      The elevated teak wood deck contains a hatch on the floor that opens up and outwards so that maintenance can be performed on the hot tub in the space below. *See* **Exhibit 4** (Corporate Representative Deposition on June 11, 2025) at 10:10 – 12:13; *See* **Ex. 1**, pg. 203 (Photograph Depicting Plaintiff and Hatch Immediately Following Incident).

5.      After boarding the *Conquest* on April 5, 2024, Plaintiff traversed the teak wood deck adjacent to hot tub on Deck 14. **Ex. 1** at 97:13 – 98:10.

6.      Plaintiff did not look to see if the teak wood deck was damaged, worn out, used or beat up. **Ex. 1** at 97:13 – 20.

7.      Plaintiff "teeter-tottered" or "fell through" the teak wood deck. **Ex. 1** at 98:8 – 15.

8.      Within five years prior to the subject incident, no prior incidents were reported to Carnival involving a floor collapsing or a hole opening for the subject area or similar areas within the *Conquest*-class of vessels. *See* **Exhibit 5** (Defendant's Supplemental Answers to Plaintiff's Initial Interrogatories) at pg. 5, Answer to No. 7; **Ex. 4** at 9:21 – 10:9.

9.      Within five years prior to the subject incident, no passenger complaints were reported to Carnival referencing floors collapsing or hole opening for elevated wooden decks within the *Conquest*-class. *See* **Ex. 4** at 28:2 – 23; **Ex. 5** at pg. 6, Answer to No. 8.

10.      Carnival also searched for any work orders on the *Conquest*, regarding the wood flooring for the Deck 14 Serenity port-side area, from December 2019 through April 5, 2024. The search revealed no work orders relating to the subject hatch where Plaintiff fell. **Ex. 4** at 33:16 – 22.

Dated: August 4, 2025

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Walter Cooper Jarnagin*
    Michael J. Drahos
    Florida Bar No. 0617059
    michael.drahos@gray-robinson.com
    W. Cooper Jarnagin
    Florida Bar No. 117767
    cooper.jarnagin@gray-robinson.com
    Ashley Genoese
    Florida Bar No. 1019357
    ashley.genoese@gray-robinson.com