UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-CV-24361-KMM

DARLENE WAMPOLE,

Plaintiff,

v.

CARNIVAL CORPORATION,

Defendant.

_____/

### DEFENDANT, CARNIVAL CORPORATION'S NOTICE OF SERVICE OF ANSWERS TO PLAINTIFF'S INITIAL INTERROGATORIES

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby serves its Answers to Plaintiff's First Interrogatories.

### CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2025, a copy of the foregoing was served via e-mail to the recipients listed on the Service List below.

GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley N. Genoese*
Michael J. Drahos
Florida Bar No. 0617059
W. Cooper Jarnagin
Florida Bar No. 117767
Ashley N. Genoese
Florida Bar No. 1019357
*Michael.Drahos@Gray-Robinson.com*
*Cooper.Jarnagin@Gray-Robinson.com*

1

*Ashley.Genoese@Gray-Robinson.com*
*Lilia.Parker@Gray-Robinson.com*

*Attorneys for Defendant*

**SERVICE LIST**
**Case No. 1:24-CV-24361-KMM**

Abby Hernandez Ivey, Esq.
Matthias Masayasu Hayashi, Esq.
Spencer Marc Aronfeld, Esq.
Aronfeld Trial Lawyers
One Alhambra Plaza, Penthouse
Coral Gables, FL 33134
305-441-0440
*aivey@aronfeld.com*
*mhayashi@aronfeld.com*
*aronfeld@aronfeld.com*

*Attorneys for Plaintiff*

## I.     **PRELIMINARY OBJECTION**

Defendant objects to the interrogatories propounded as they exceed the amount permitted under Federal Rule of Civil Procedure 33, which specifically limits the total number that may be served on a party to "no more than 25 written interrogatories, including all discrete subparts." Although the interrogatories propounded by Plaintiff are only numbered to 22, they contain multiple discrete subparts and document requests and therefore far exceed the amount permitted. Upon counting each discrete subpart, **there are approximately 73 total interrogatories** which well surpasses the amount permitted.

A request for identification of documents constitutes a "discrete subpart" and must be counted as a separate interrogatory. *See, e.g. New River Dry Dock, Inc. v. Falls at Marina Bay, L.P.*, 2008 WL 2620727, at *4 (S.D. Fla. 2008); *see also Commodores Entertainment Corp. v. McClary*, 2015 WL 12843874, at *3 (M.D. Fla. 2015) (ruling that requests to detail a basis for denials as well as identify any documentations supporting the denial constitute two discrete subparts and should be counted as two separate interrogatories).  In addition to the interrogatories asking for documents, the substance of the questions similarly contain multiple discrete subparts. "District Courts in the Eleventh Circuit, like most district courts in other circuits, have adopted and applied "the 'related question' test to determine whether the subparts are discrete, asking whether the particular subparts are 'logically or factually subsumed within and necessarily related to the primary question.'" *Perez v. Aircom Management Corp., Inc.*, 2012 WL 6811079 (S.D. Fla. 2012).

Defendant's response to the following interrogatories has been made in a good faith effort to cooperate in discovery but is not to be construed as a voluntary waiver of its objection to Plaintiff's violation of Rule 33, which is specifically asserted herein.

## II.   **PRELIMINARY STATEMENT**

The party on whose behalf these Responses are given has not yet completed its investigation of the facts relating to this incident, has not yet completed its discovery in this action, and has not yet completed its preparation for trial. Consequently, the following Responses are given without prejudice to the responding party's right to produce, at the time of trial, subsequently discovered evidence relating to the proof of facts subsequently discovered to be relevant.

Except for facts exclusively admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that a request herein has been answered should not be taken as an admission or concession of the existence of any fact as set forth or assumed. All responses are given on the basis of present recollection.

## DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES

1.      Please state the names, addresses, email, and telephone numbers for (a) any and all persons and/or entities that are believed or known by DEFENDANT, its agents, or its attorneys to have any knowledge concerning any of the issues in this lawsuit, (b) the person answering these interrogatories, and (c) each person who provided information or other input into the answering of these interrogatories. For each person listed, please state their job title at the time of the incident, their last known personal address and telephone number, and for any such person and/or entity that was employed by DEFENDANT, their current ship assignment and vacation schedule. For each person listed, provide a summary of the knowledge that DEFENDANT believes said person has regarding this incident.

**ANSWER:   Objection. Defendant objects to providing the personal home addresses, phone numbers, and contact information of the Ship's Medical Staff and/or employees identified below as an unwarranted invasion of privacy. Without waiving the foregoing objections, to the best of Defendant's knowledge at this time, the following individuals may have knowledge with regard to Plaintiff's alleged accident and/or damages:**

**Darlene Wampole, Plaintiff**
**c/o Plaintiff's Counsel**

**The Plaintiff has knowledge regarding (a) the circumstances surrounding the alleged incident; (b) the alleged damages; and (c) medical treatment received before and after the alleged incident.**

**Paige Wampole, Plaintiff's traveling companion**
**c/o Plaintiff's Counsel**

**This witness may have knowledge regarding (a) the circumstances surrounding the alleged incident, (b) the alleged damages; and (c) medical treatment received before and after the alleged incident.**

**Beth Shaw, Plaintiff's traveling companion**

**This witness may have knowledge regarding (a) the circumstances surrounding the alleged incident, (b) the alleged damages; and (c) medical treatment received before and after the alleged incident.**

**Lara May, Plaintiff's traveling companion**

**This witness may have knowledge regarding (a) the circumstances surrounding the alleged incident, (b) the alleged damages; and (c) medical treatment received before and after the alleged incident.**

**Raghavender Kodandapuram Reddy, M.D., Ship Physician**
**Currently on the Carnival *Magic*, scheduled to sign off on 4/13/25.**
**c/o GrayRobinson, P.A.**

**Dr. Reddy may have knowledge regarding the medical care to Plaintiff on board the subject cruise.**

**Louis Aylmer Mateo, RN, Ship Nurse**
**Currently on the Carnival *Glory*, no scheduled sign off date.**
**c/o Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, FL 33178**

**Nurse Mateo may have knowledge regarding the medical care to Plaintiff on board the subject cruise.**

**Ecky Purmana, Pool and Deck Supervisor**
**Currently not onboard a Carnival vessel, scheduled to sign on to Carnival *Conquest* on 5/15/25.**
**c/o Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, FL 33178**

**Supervisor Purmana was notified of the incident.**

**Gaurav Payer, Assistant Manager Housekeeping**
**Currently not onboard a Carnival vessel. Home country is India.***
**c/o Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, FL 33178**

**Manager Payer was notified of the incident.**

**Viktoria Komnatnaya, Guest Services Manager**
**Currently not onboard a Carnival vessel. Home country is Italy.***
**c/o Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, FL 33178**

**Manager Komnatnaya was notified of the incident.**

**Longchui Janga Shang, Sr. Asst. Mgr. Housekeeping**
**Currently not onboard a Carnival vessel. Home country is India.***
**c/o Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, FL 33178**

6

**Manager Shang was notified of the incident.**

**Janette Lumawag, Security Officer**
**Currently not onboard a Carnival vessel, scheduled to sign on to Carnival *Mardi Gras* on 4/12/25.**
**c/o Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, FL 33178**

**Officer Lumawag was notified of the subject incident.**

**Leomar Binas, Security Officer**
**Currently onboard Carnival *Jubilee*, scheduled to sign off on 3/8/25.**
**c/o Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, FL 33178**

**Officer Binas was notified of the subject incident and may have knowledge of the circumstances.**

**Raul Sarmiento, Sr. Assistant Chief Security Officer**
**Currently onboard Carnival *Spirit*, scheduled to sign off on 3/18/25.**
**c/o Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, FL 33178**

**Officer Garado was notified of the subject incident.**

**Yordan Petrov, Facility Maintenance Manager**
**Currently onboard Carnival *Conquest*, scheduled to sign off on 4/18/25.**
**c/o Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, FL 33178**

**Manager Petrov was notified of the subject incident and may have knowledge regarding the changes made to the subject area after the incident.**

**\* Crewmember locations and ship assignments are subject to change and will be updated through the course of discovery.**

**Defendant objects to providing personal contact information for its crewmembers. Their depositions may be scheduled at a mutually convenient date and time.**

**Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

7

2. Provide the full name, address, email address, and telephone number of each and every person and/or entity which, as of the date of PLAINTIFF's incident, owned, operated, and/or was responsible for inspecting, supervising, and/or maintaining the subject area, and describe in detail every fact DEFENDANT knew about these persons and/or entities pertaining to any responsibility they may have had in regards to the inspection, supervision, maintenance, operation, and safety in regard to the subject area.

**ANSWER: Objection. Defendant objects to this request as it is overly broad in scope, vague and ambiguous as to "owned, operated, and/or was responsible for inspecting, supervising, and/or maintaining the subject area" and "inspection, supervision, maintenance, operation, and safety," not reasonably limited to relevant facts seeking "describe in detail every fact DEFENDANT knew about these persons," not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1); *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case). Defendant further objects to providing the personal home addresses, phone numbers, emails addresses, and employment status, of the crewmembers as an unwarranted invasion of privacy.**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: As it relates to policies for maintaining the subject area, in effect during the subject cruise, see policies and job descriptions attached to Defendant's Request for Production. The documents speak for themselves.**

3. State the full name, department, job/other title, employer, telephone number, email address, and present address of the personnel/staff members that were assigned to work in the subject area, including the personnel/staff responsible for monitoring, supervising, inspecting, and/or controlling passenger activity in regards to the subject area, on the date of the subject incident, as well as the full name, job/other title, employer, telephone number, email address, and present address of all medical personnel (including doctors and/or nurses) which provided any medical assistance to PLAINTIFF aboard the vessel.

**ANSWER: Objection. Defendant objects to providing the personal home addresses, phone numbers, employment status, and contact information of the Ship's Medical Staff and/or employees identified below as an unwarranted invasion of**

**privacy. Defendant further objects to this request as an improper fishing expedition, overly broad in scope, vague and ambiguous as to "personnel/staff responsible for monitoring, supervising, inspecting, and/or controlling passenger activity," not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.** *See* **Fed. R. Civ. P. 26(b)(1).**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: The housekeeping attendants assigned to this area at the time of the subject incident were:**

> **Sang Putu Budiawan, Housekeeping Attendant**
> **Currently on Carnival *Firenze*, scheduled to sign off on 4/27/25.**
> **c/o Carnival Corporation**
> **3655 NW 87th Avenue**
> **Miami, FL 33178**

> **Cynthia Brion, Housekeeping Attendant**
> **Currently not onboard a Carnival vessel. Home country is Barbados.***
> **c/o Carnival Corporation**
> **3655 NW 87th Avenue**
> **Miami, FL 33178**

> **Ecky Purmana, Pool and Deck Supervisor**
> **Currently not onboard a Carnival vessel, scheduled to sign on to Carnival *Conquest* on 5/15/25.**
> **c/o Carnival Corporation**
> **3655 NW 87th Avenue**
> **Miami, FL 33178**

**\* Crewmember locations and ship assignments are subject to change and will be updated through the course of discovery.**

4.      Have you, DEFENDANT, heard or do you know about any statement or remark made by or on behalf of any person or entity concerning any issue in this lawsuit? If so, state (a) the full name, job/other title, employer, telephone number, email address, and present address of each person who made each statement, (b) the full name, job/other title, employer, telephone number, email address, and present address of each person who heard each statement, (c) the date, time, place, and substance of each statement (d) whether each statement was preserved in any manner (writing, taping, etc.), (e) the manner in which each statement was preserved, (f) the full name, job/other title, employer, telephone number, email address, and present address of the current custodian of each statement, and (g) whether copies of any such statements were provided at any time by DEFENDANT to any outside entity (i.e.: U.S. Coast Guard, FBI, etc.) and, if so, please specify which statements were provided and the name of the specific outside entity(ies) to which the statements were provided.

**ANSWER:   Defendant is in possession of the following statements obtained by Carnival security during the investigation of this incident and in anticipation of litigation: a one-page written statement authored by Paige Wampole; a one-page written statement authored by Lara May; a two-page written statement authored by Karl Nelson; and a one-page written statement authored by Beth Shaw. Defendant objects to the production of these materials or information contained therein, as it is protected by the work product privilege. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). See Defendant's Privilege Log. Defendant further objects to providing the personal contact information of individuals as a violation of state and federal privacy laws, including HIPAA, without the consent of the individuals. Notwithstanding, upon information and belief, Plaintiff is in possession of contact information of her traveling companions.**

**Defendant is also in possession of a one-page written statement authored by Plaintiff, Darlene Wampole, previously produced as GR000002.**

5.      State whether or not any reports were prepared by or received by DEFENDANT pertaining to the subject incident; and, if so, please state the following for each report: (a) the date the report was prepared; (b) the full name, job/other title, employer, telephone number, email address, and present address of the person responsible for its preparation; (c) the full name, job/other title, employer, telephone number, email address, and present address of each person from whom a statement was taken along with the date of same; (d) the full name, job/other title, employer, telephone number, email address, and present address of each person and/or entity that received a copy of and/or presently has a copy of said incident reports in their possession.

**ANSWER:   Defendant is in possession of: an 11-page accident report prepared by Sr. ACSO Raul Garado as part of the investigation in anticipation of litigation; and a 2-page investigation report prepared by Sr. ACSO Raul Garado as part of the investigation in anticipation of litigation. Defendant objects to the production of these materials or information contained therein, as it is protected by the work product privilege. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). See Defendant's Privilege Log. Defendant further objects to providing the personal home addresses, phone numbers, emails addresses, and employment status, of its crewmembers as an unwarranted invasion of privacy. Notwithstanding, see Defendant's Answer to Interrogatory No. 1. See also redacted copies of Security Officer Watch Report and Daily Security Summary Watch Report, previously produced as GR000006 through GR000013.**

6.      Do you, your attorneys or investigators or anyone acting on your behalf have any maps, charts, diagrams, photographs, measurements, tests, notes, videos, and other media relating to this incident; and/or the subject area involved in the incident; and/or persons involved in the incident; and/or objects involved in the incident? If so, please state: (a) the date each such item

was made or preserved, (b) the full name, job/other title, employer, telephone number, email address, and present address of the person(s) who made or preserved each such item, and (c) for all such responsive items that DEFENDANT has not produced as of the date of its response to this interrogatory, the contents of each item.

> **ANSWER:** **Objection. Defendant objects to this request as overly broad in time and scope, vague and ambiguous as to "other media," not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Defendant further objects to this request to the extent it seeks materials protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). See Defendant's Privilege Log.**

7.      List all incidents involving the subject area, the floor collapsing, a hole opening, and/or the subject surface, on the subject ship, as well as all such incidents involving any similar areas, collapses, holes, or surfaces on any ship in DEFENDANT's fleet five (5) years prior and six (6) months subsequent. For each such incident, state: (a) the date of the incident, (b) the location of the incident, (c) the causes of the incident, (d) the facts surrounding the incident, (e) whether any litigation resulted from the incident and, if so, identify the court and the case number and all parties to such litigation, (f) the specific injuries suffered, and (g) the full name, job/other title, employer, telephone number, email address, and present address of each person listed.

> **ANSWER:** **Objection. Defendant objects to the unduly burdensome nature of this request as Defendant does not maintain records to this effect and would therefore be unable to respond without attempting to perform a manual search of medical records generated across its entire fleet over an unlimited amount of time. Without any logical nexus to the material issues in this case, this request is essentially a fishing expedition that is not proportionate to the needs of the case under FRCP 26(b)(a). *Armas v. Miabraz*, LLC, No. 12-20063-CIV, 2012 WL 13014668, at \*2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest").**
>
> **Defendant further objects to Plaintiff's interrogatory as overly broad in time and scope as to five years prior and six months subsequent, vague and ambiguous as to "involving any similar areas, collapses, holes, or surfaces," factually dissimilar to the allegations in this case and thus not reasonably calculated to lead to the discovery of admissible evidence. Specifically, Plaintiff's request encompasses Carnival's entire fleet, and circumstances, locations, and conditions that are wholly factually dissimilar to the Plaintiff's subject claims. *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (SD. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *see also, Glatter v MSC Cruises,* 2019 WL 1300896 (S.D. Fla. 2019) ("Prior incidents that do not or would not**

11

put the Defendant on notice are not relevant."); *Konczakowski v. Paramount Pictures, Inc.,* 20 F.R.D. 588 (S.D.N.Y. 1957).

Since the request seeks information that involves circumstances, conditions, and locations factually dissimilar to what is involved in this litigation, the request is overly broad, inherently dissimilar, unduly burdensome, disproportional to the needs of the case, irrelevant, immaterial and not reasonably calculated to lead to the discovery of relevant or admissible evidence. See, e,g, *Glatter v MSC Cruises,* 2019 WL 1300896 (S.D. Fla. 2019) ("Prior incidents that do not or would not put the Defendant on notice are not relevant."); *Konczakowski v. Paramount Pictures, Inc.,* 20 F.R.D. 588 (S.D.N.Y. 1957).

Defendant further objects to this request to the extent it seeks information and materials protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Defendant objects to providing the personal contact information and medical history of individuals as a violation of state and federal privacy laws, including HIPAA, without the consent of the individuals.

8.      State any and all claims and/or complaints received by DEFENDANT concerning the subject area, the floor collapsing, a hole opening, and/or the subject surface, on the subject ship, as well as all such claims and/or complaints involving any similar areas, collapses, holes, or surfaces on any ship in DEFENDANT's fleet five (5) years prior and six (6) months subsequent. For each such claim and/or complaint, please state: (a) the date of the claim and/or complaint, (b) the full name, job/other title, employer, telephone number, email address, and present address of the person making the claim and/or complaint, (c) the substance of the claim and/or complaint, and (d) the method the claim and/or complaint was made (e.g., written comment card, etc.).

ANSWER:    Objection. Defendant objects to the unduly burdensome nature of this request as Defendant does not maintain records to this effect and would therefore be unable to respond without attempting to perform a manual search of medical records generated across its entire fleet over an unlimited amount of time. Without any logical nexus to the material issues in this case, this request is essentially a fishing expedition that is not proportionate to the needs of the case under FRCP 26(b)(a). *Armas v. Miabraz*, LLC, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest").

Defendant further objects to Plaintiff's interrogatory as overly broad in time and scope as to five years prior and six months subsequent, vague and ambiguous as to "involving any similar areas, collapses, holes, or surfaces," factually dissimilar to the allegations in this case and thus not reasonably calculated to lead to the discovery of admissible evidence. Specifically, Plaintiff's request encompasses Carnival's entire fleet, and circumstances, locations, and conditions that are wholly factually dissimilar

to the Plaintiff's subject claims. *Ree v. Royal Caribbean Cruises, Ltd.*, **315 F.R.D. 682, 687 (SD. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *see also*, *Glatter v MSC Cruises*, 2019 WL 1300896 (S.D. Fla. 2019) ("Prior incidents that do not or would not put the Defendant on notice are not relevant."); *Konczakowski v. Paramount Pictures, Inc.,* 20 F.R.D. 588 (S.D.N.Y. 1957).**

**Since the request seeks information that involves circumstances, conditions, and locations factually dissimilar to what is involved in this litigation, the request is overly broad, inherently dissimilar, unduly burdensome, disproportional to the needs of the case, irrelevant, immaterial and not reasonably calculated to lead to the discovery of relevant or admissible evidence. See, e,g, *Glatter v MSC Cruises*, 2019 WL 1300896 (S.D. Fla. 2019) ("Prior incidents that do not or would not put the Defendant on notice are not relevant."); *Konczakowski v. Paramount Pictures, Inc.,* 20 F.R.D. 588 (S.D.N.Y. 1957).**

**Defendant further objects to this request to the extent it seeks information and materials protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Defendant objects to providing the personal contact information and medical history of individuals as a violation of state and federal privacy laws, including HIPAA, without the consent of the individuals.**

9.    For the subject cruise, list any and all inspections, and monitoring conducted of the subject area, and, for all such inspections, and monitoring, describe in detail: (a) the purpose of such inspections, and monitoring, (b) the full names, job/other titles, employers, telephone numbers, email addresses, and present addresses of the personnel who conducted such inspections, and monitoring, (c) what specifically the personnel/staff members performing the inspection, and monitoring were instructed to look for, (d) the specific dates and times that the inspections and monitoring are supposed to take place, (e) the actual dates and times said inspections and monitoring occurred, (f) what is supposed to be done when a dangerous/hazardous/risk-creating condition is identified, (g) if a dangerous/hazardous/risk-creating condition was identified, what actually was done, and (h) whether any records exist regarding such inspections and monitoring, and, if so, the name(s) and address(es) of any and all custodians of such records.

**ANSWER:    Objection. Defendant objects to this request as overly broad in time and scope, vague and ambiguous as to "inspections and monitoring conducted of the subject area," not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D.**

**Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case). Defendant further objects to this request to the extent it seeks information and materials protected by attorney-client privilege and work product doctrine.** *See Berry v. Haynes*, **41. F.R.D. 243, 244 (S.D. Fla. 1966);** *Wood v. Todd Shipyards*, **45 F.R.D. 363, 264 (S.D. Tex. 1968);** *Hickman v. Taylor*, **329 U.S. 495, 507 (1947). Defendant objects to providing the personal contact information and medical history of individuals as a violation of state and federal privacy laws, including HIPAA, without the consent of the individuals.**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: As it relates to policies and procedures for maintaining the subject area, in effect during the subject cruise, see policies and job descriptions attached to Defendant's Request for Production. The documents speak for themselves.**

10.     List any and all maintenance, repairs/replacements, and/or changes made to the subject area, as well as changes made regarding passenger safety in relation to the subject area, from five (5) years prior to the subject incident through six (6) months subsequent. For each such event, state: the date of the event, a description of the event, and the full name, job/other title, employer, telephone number, email address, and present address of each person who performed the maintenance, who made the repairs/replacements, and who made the changes.

**ANSWER:    Objection. Defendant objects to this request as overly broad in time and scope, vague and ambiguous as to "changes made regarding passenger safety," not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.** *See* **Fed. R. Civ. P. 26(b)(1).** *Drone Nerds Franchising, LLC v. Childress*, **No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing** *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, **07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008));** *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, **593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case). Defendant further objects to this request to the extent it seeks information and materials protected by attorney-client privilege and work product doctrine.** *See Berry v. Haynes*, **41. F.R.D. 243, 244 (S.D. Fla. 1966);** *Wood v. Todd Shipyards*, **45 F.R.D. 363, 264 (S.D. Tex. 1968);** *Hickman v. Taylor*, **329 U.S. 495, 507 (1947). Defendant further objects to providing the personal home addresses, phone numbers, and contact information of any of its crewmembers and/or employees as an unwarranted invasion of privacy.**

11.     State whether the scene of PLAINTIFF's alleged incident has physically changed in any way from the date of the prior incidents (if any) through the date of the subject incident, and from the date of the subject incident through the present, and if so, please describe the specific changes along with the full names, job/other titles, employers, telephone numbers, email addresses, and present addresses of each person that has knowledge of the changes.

> **ANSWER:     Objection. Defendant objects to this request as overly broad in time and scope with no actual temporal limitation set as there is no date for any "prior incidents" referred to, vague and ambiguous as to "physically changed in any way," not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case); *See Nat'l Staffing Sols., Inc. v. Sanchez*, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at \*9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit). Defendant further objects to providing the personal home addresses, phone numbers, and contact information of any of its crewmembers and/or employees as an unwarranted invasion of privacy.**
>
> **Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: The subject area was changed after the subject incident. Specifically, the wooden hatch upon which the Plaintiff fell was repaired within days after the incident. Yordan Petrov, Facility Maintenance Manager may have knowledge of the changes, his information is contained in Defendants' Answer to Interrogatory No. 1.**

12.     List all of the personnel/staff who were responsible for inspecting, monitoring, maintaining, repairing/replacing, and/or supervising the subject area, as well as the personnel/staff who were responsible for inspecting, monitoring, supervising and/or controlling passenger activity in regard to the subject area, on the date of the subject incident. For each such personnel/staff member identified, please provide: (a) the full name, job/other title, employer, telephone number, email address, and present address of each person, (b) a description of the person's job duties, (c) the manuals, handbooks, policies and/or procedures used to train and/or evaluate the persons.

> **ANSWER:     Objection. Defendant objects to this request as overly broad in scope, vague and ambiguous as to "inspecting, monitoring, supervising and/or controlling passenger activity," not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1).**

15

*Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at *3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case). Defendant further objects to providing the personal home addresses, phone numbers, and contact information of any of its crewmembers and/or employees as an unwarranted invasion of privacy. See Defendant's Answer to Interrogatory No. 1.

Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: As it relates to policies and procedures for maintaining the subject area, in effect during the subject cruise, see policies attached to Defendant's Request for Production. The policies speak for themselves.

13.     Describe with specificity each and every policy and/or procedure of DEFENDANT that was in effect at the time of the subject cruise, which relate in any way to: (a) inspecting, monitoring, maintaining, repairing/replacing, and/or supervising the subject area, (b) inspecting, monitoring, supervising and/or controlling passenger activity in regards to the subject area, (c) warning and/or instructing passengers concerning the dangers and/or risks associated with the subject area, (d) investigating incidents resulting in passenger personal injury (including but not limited to preserving evidence and/or taking photographs and/or videos).

ANSWER:     Objection. Defendant objects to this request as overly broad in scope, vague and ambiguous as to "inspecting, monitoring, supervising and/or controlling passenger activity," not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at *3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case).

Defendant objects to this request to the extent it seeks information or materials protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Defendant further objects to providing the personal home addresses, phone numbers, and contact

information of any of its crewmembers and/or employees as an unwarranted invasion of privacy. See Defendant's Answer to Interrogatory No. 1.

Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: As it relates to policies and procedures for maintaining the subject area, in effect during the subject cruise, see policies attached to Defendant's Request for Production. The policies speak for themselves.

14.     Describe in detail any and all warnings and/or instructions provided to PLAINTIFF, other persons on the subject cruise, and/or DEFENDANT's crew members, concerning the dangers and/or risks associated with the subject area. Please identify all such warnings and/or instructions, including, but not limited to, signs, literature, videos, announcements, and verbal warnings and/or instructions. For each such warning and/or instruction, please state: (a) the full text of such warning and/or instruction, (b) the manner in which such warning and/or instruction was communicated, (c) the location of the warning and/or instruction, and the publication where such warning and/or instruction was published for PLAINTIFF and/or other persons' review, (d) the author or speaker of such warning and/or instruction, (e) the date and time such warning and/or instruction was communicated by DEFENDANT and/or other persons, and (e) if you contend that there were any warnings given regarding the subject area , or any warnings at and/or around the vicinity of the subject area at the time of the subject incident, please describe the warnings with particularity, and please state the full name and position of the individual who placed the warnings, as well as of any eyewitnesses to the location of the warnings on the date of the subject incident, and the time and reasons that the warnings were given and/or placed in the subject area.

ANSWER:   Objection. Defendant objects to this request as overly broad in time and scope with no temporal limitation, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at *3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case); *See Nat'l Staffing Sols., Inc. v. Sanchez*, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at *9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit).

Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: There were no warnings or instructions specific to the floor in the subject area of Deck 14 of *Conquest*, in effect during the subject voyage prior to the subject incident.

17

15.     Identify and describe all previous ship inspections of the subject area, including who performed the inspections, and the case names, case numbers, dates, and facts of the cases for which the inspections were performed, for a period five (5) years prior to the subject incident through six (6) months subsequent.

> **ANSWER:    Objection. Defendant objects to this request as overly broad in time and scope, vague and ambiguous as to "previous ship inspections," not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.** *See* **Fed. R. Civ. P. 26(b)(1).** *Drone Nerds Franchising, LLC v. Childress***, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing** *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.***, 07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008));** *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.***, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case).**

16.     On the date of the subject incident, was there in effect any policy of insurance or indemnity by or through which you were or may be insured, indemnified, or covered in any manner, to any extent, for any claim in this action? If so, state separately for each: the name and address of the issuing company, the names of any and all named insureds on the policy, the name, type, and identifying number of the policy, the limits of liability of each policy, and the name, address, and employer of the present custodian of each policy. Also, please state whether any question or controversy exists as to coverage and, if so, the nature of the controversy.

> **ANSWER:    Objection. Defendant objects to this request as seeking coverage evaluation which calls for a legal conclusion and/or opinions and conclusions of a representative of a party. "[W]ork product consisting of 'mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation'… is absolutely immune from discovery."** *United States v. Pepper's Steel & Alloys, Inc.***, 132 F.R.D. 695, 698 (S.D. Fla. 1990)(***citing Board of Trustees of Leland Stanford Jr. Univ. v. Coulter Corp.***, 118 F.R.D. 532 (S.D. Fla.1987)). Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: As previously provided in Defendant's Initial Disclosures, there is no insurance, per se. Defendant maintains protection and indemnity coverage through the International Group of P&I Clubs, whose rules of entry can be found in Benedicts on Admiralty, 8ᵗʰ Edition.**

17.     Describe a) all instances of DEFENDANT's participation in the design and/or installation of the subject surface and the subject area, b) all instances of DEFENDANT's approval, rejection, or modification of the design, and/or installation of the subject surface and the

subject area, c) the full name and address of each manufacturing company from whom DEFENDANT purchased the subject surface, and the subject area, d) the full name and address of each company who was hired to install the subject surface and the subject area, and e) the model/brand/make of the surface located in the subject area.

**ANSWER:   Objection. Defendant objects to this request as an improper fishing expedition, overly broad in time and scope with no temporal limitation, vague and ambiguous as to "participation in the design and/or installation of the subject surface and the subject area," not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.** *See* **Fed. R. Civ. P. 26(b)(1).** *Sommerfield v. City of Chicago***, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest");** *Awad v. CiCi Enters.***, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, \*1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition");** *see Nat'l Staffing Sols., Inc. v. Sanchez***, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at \*9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit). Further, Defendant objects to the extent this request seeks mental impressions of Defendant. "[W]ork product consisting of 'mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation'… is absolutely immune from discovery."** *United States v. Pepper's Steel & Alloys, Inc.***, 132 F.R.D. 695, 698 (S.D. Fla. 1990)(***citing Board of Trustees of Leland Stanford Jr. Univ. v. Coulter Corp.***, 118 F.R.D. 532 (S.D. Fla. 1987)). Defendant further objects to providing personal contact information of individuals as a violation of state and federal privacy laws without the consent of the individuals.**

18.      Describe when and how the subject surface and the subject area were added to the subject ship, as well as when and why the specific venue on the ship was chosen. Please also identify the person who made the decision to include the subject surface and the subject area in the specific venue on the ship that was chosen (including name, phone number, email address, or if still employed by DEFENDANT, availability for deposition). In this regard, was the subject surface and the subject area included in the original design specifications for the subject ship?

**ANSWER:   Objection. Defendant objects to this request as an improper fishing expedition, overly broad in time and scope with no temporal limitation, vague and ambiguous as to "when and why the specific venue on the ship was chosen," not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.** *See* **Fed. R. Civ. P. 26(b)(1).** *Sommerfield v. City of Chicago***, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest");** *Awad v. CiCi Enters.***, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, \*1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition");** *see Nat'l Staffing Sols., Inc. v. Sanchez***, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640,**

19

at \*9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit). Further, Defendant objects to the extent this request seeks mental impressions of Defendant. "[W]ork product consisting of 'mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation'… is absolutely immune from discovery." *United States v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 698 (S.D. Fla. 1990)(*citing Board of Trustees of Leland Stanford Jr. Univ. v. Coulter Corp.*, 118 F.R.D. 532 (S.D. Fla. 1987)). Defendant further objects to providing personal contact information of individuals as a violation of state and federal privacy laws without the consent of the individuals.

19.     State the extent to which the information provided to passengers, policies, procedures, and protocols, with respect to the subject area, have remained substantially the same (or have changed) between the date of the prior incidents and complaints (if any) and the date of the subject incident, as well as between the date of the subject incident and the present, and describe, date, and give the complete reasons for all changes, if any, in those time periods.

**ANSWER:     Objection. Defendant objects to the unduly burdensome nature of this request as Defendant does not maintain records to this effect and would therefore be unable to respond without attempting to perform a manual search of medical records generated across its entire fleet over an unlimited amount of time. Without any logical nexus to the material issues in this case, this request is essentially a fishing expedition that is not proportionate to the needs of the case under FRCP 26(b)(a).** *Armas v. Miabraz*, **LLC, No. 12-20063-CIV, 2012 WL 13014668, at \*2 (S.D. Fla. June 22, 2012);** *Sommerfield v. City of Chicago*, **251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest").**

**Defendant further objects to this request as overly broad in time and scope with no actual temporal limitation set as there is no date for any "prior incidents" referred to, and not reasonably calculated to lead to the discovery of admissible evidence.** *See* **Fed. R. Civ. P. 26(b)(1).** *Drone Nerds Franchising, LLC v. Childress*, **No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing** *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, **07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008));** *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, **593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case);** *See Nat'l Staffing Sols., Inc. v. Sanchez*, **No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at \*9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit). Further, Defendant objects to the extent this request seeks mental impressions of Defendant for the "reasons" an internal policy changed. "[W]ork product consisting of 'mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation'…**

is absolutely immune from discovery.” *United States v. Pepper's Steel & Alloys, Inc.*, **132 F.R.D. 695, 698 (S.D. Fla. 1990)(*citing Board of Trustees of Leland Stanford Jr. Univ. v. Coulter Corp.*, 118 F.R.D. 532 (S.D. Fla. 1987)).**

20.     (a) Describe DEFENDANT's complete understanding of where PLAINTIFF's incident occurred, and (b) state in detail the manner in which you assert that it occurred, including all actions taken by you, DEFENDANT, to prevent the incident.

**ANSWER:     Upon information and belief, Plaintiff's incident occurred on Deck 14 forward port side on the wooden deck near the Whirlpool jacuzzi. Pursuant to the Plaintiff's statement and statements made to the shipboard medical personnel, Plaintiff was exploring the ship and walking on the wood floor at the time of the incident. Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

21.     Does DEFENDANT contend that any person or entity other than itself is, or may be, liable in whole or part for the claims asserted against it in this lawsuit? If so, state the social security number, full name, job/other title, employer, telephone number, email address, and present address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not DEFENDANT has notified each such person or entity of its contention.

**ANSWER:     Defendant objects to the extent this interrogatory improperly assumes Defendant is liable, and Defendant denies liability. Otherwise, undetermined at this time. Discovery is ongoing and Defendant preserves the right to amend and supplement its response. Defendant otherwise objects to providing the personal contact information and social security numbers of any individuals as a violation of state and federal privacy laws, without the consent of the individuals, nor would same be relevant to any of Plaintiff's claims in this matter.**

22.     Please provide all relevant facts that support each of Defendant's affirmative defenses it asserts.

**ANSWER:     Objection. Defendant objects to this interrogatory as phrased due its compound nature. Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: Undetermined at this time. Discovery is ongoing, Plaintiff's deposition has not yet been taken, and Defendant will supplement this response.**

## ACKNOWLEDGEMENT AND VERIFICATION OF ANSWERS TO
## <u>PLAINTIFF'S FIRST INTERROGATORIES</u>

Pursuant to 28 U.S.C. S 1746(2), I declare under penalty of perjury that while I do not have personal knowledge of all the facts recited in the foregoing Answers to Plaintiff's First Interrogatories, the information contained therein has been collected and made available to me by others, and said Answers are true and correct to the best of my information, knowledge and belief based upon the information made available to me and therefore the foregoing Answers are verified on behalf of Carnival Corporation.

**Dated:** March 24 , 2025

By:_____
**Monica Borcegue**
Guest Claims Manager
On Behalf of Carnival Corporation

22