UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-CV-24361-KMM

DARLENE WAMPOLE,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

**DEFENDANT, CARNIVAL CORPORATION'S NOTICE OF SERVICE OF
SUPPLEMENTAL ANSWERS TO PLAINTIFF'S INITIAL INTERROGATORIES**

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby

serves its Supplemental Answers to Plaintiff's First Interrogatories.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2025, a copy of the foregoing was served via e-mail to the

recipients listed on the Service List below.

GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley N. Genoese*
Michael J. Drahos
Florida Bar No. 0617059
W. Cooper Jarnagin
Florida Bar No. 117767
Ashley N. Genoese
Florida Bar No. 1019357
*Michael.Drahos@Gray-Robinson.com*
*Cooper.Jarnagin@Gray-Robinson.com*

1

*Ashley.Genoese@Gray-Robinson.com*
*Lilia.Parker@Gray-Robinson.com*

*Attorneys for Defendant*

**SERVICE LIST**
**Case No. 1:24-CV-24361-KMM**

Abby Hernandez Ivey, Esq.
Matthias Masayasu Hayashi, Esq.
Spencer Marc Aronfeld, Esq.
Aronfeld Trial Lawyers
One Alhambra Plaza, Penthouse
Coral Gables, FL 33134
305-441-0440
*aivey@aronfeld.com*
*mhayashi@aronfeld.com*
*aronfeld@aronfeld.com*

*Attorneys for Plaintiff*

2

## I.    __PRELIMINARY OBJECTION__

Defendant objects to the interrogatories propounded as they exceed the amount permitted under Federal Rule of Civil Procedure 33, which specifically limits the total number that may be served on a party to "no more than 25 written interrogatories, including all discrete subparts." Although the interrogatories propounded by Plaintiff are only numbered to 22, they contain multiple discrete subparts and document requests and therefore far exceed the amount permitted. Upon counting each discrete subpart, __there are approximately 73 total interrogatories__ which well surpasses the amount permitted.

A request for identification of documents constitutes a "discrete subpart" and must be counted as a separate interrogatory. *See, e.g. New River Dry Dock, Inc. v. Falls at Marina Bay, L.P.*, 2008 WL 2620727, at \*4 (S.D. Fla. 2008); *see also Commodores Entertainment Corp. v. McClary*, 2015 WL 12843874, at \*3 (M.D. Fla. 2015) (ruling that requests to detail a basis for denials as well as identify any documentations supporting the denial constitute two discrete subparts and should be counted as two separate interrogatories).  In addition to the interrogatories asking for documents, the substance of the questions similarly contain multiple discrete subparts. "District Courts in the Eleventh Circuit, like most district courts in other circuits, have adopted and applied "the 'related question' test to determine whether the subparts are discrete, asking whether the particular subparts are 'logically or factually subsumed within and necessarily related to the primary question.'" *Perez v. Aircom Management Corp., Inc.*, 2012 WL 6811079 (S.D. Fla. 2012).

Defendant's response to the following interrogatories has been made in a good faith effort to cooperate in discovery but is not to be construed as a voluntary waiver of its objection to Plaintiff's violation of Rule 33, which is specifically asserted herein.

## II.  **PRELIMINARY STATEMENT**

The party on whose behalf these Responses are given has not yet completed its investigation of the facts relating to this incident, has not yet completed its discovery in this action, and has not yet completed its preparation for trial. Consequently, the following Responses are given without prejudice to the responding party's right to produce, at the time of trial, subsequently discovered evidence relating to the proof of facts subsequently discovered to be relevant.

Except for facts exclusively admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that a request herein has been answered should not be taken as an admission or concession of the existence of any fact as set forth or assumed. All responses are given on the basis of present recollection.

## DEFENDANT'S SUPPLEMENTAL ANSWERS TO FIRST INTERROGATORIES

6.      Do you, your attorneys or investigators or anyone acting on your behalf have any maps, charts, diagrams, photographs, measurements, tests, notes, videos, and other media relating to this incident; and/or the subject area involved in the incident; and/or persons involved in the incident; and/or objects involved in the incident? If so, please state: (a) the date each such item was made or preserved, (b) the full name, job/other title, employer, telephone number, email address, and present address of the person(s) who made or preserved each such item, and (c) for all such responsive items that DEFENDANT has not produced as of the date of its response to this interrogatory, the contents of each item.

**SUPPLEMENTAL ANSWER:      Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For the circumstances of this case, as limited to whether there are any video recordings including CCTV and body camera footage: None.**

7.      List all incidents involving the subject area, the floor collapsing, a hole opening, and/or the subject surface, on the subject ship, as well as all such incidents involving any similar areas, collapses, holes, or surfaces on any ship in DEFENDANT's fleet five (5) years prior and six (6) months subsequent. For each such incident, state: (a) the date of the incident, (b) the location of the incident, (c) the causes of the incident, (d) the facts surrounding the incident, (e) whether any litigation resulted from the incident and, if so, identify the court and the case number and all parties to such litigation, (f) the specific injuries suffered, and (g) the full name, job/other title, employer, telephone number, email address, and present address of each person listed.

**SUPPLEMENTAL ANSWER:      Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For the circumstances of this case, as limited to any reported incidents of floor collapsing, or a hole opening, for the subject area, in the *Conquest*-class of vessels, during the three (3) years prior to the subject incident, excluding March 13, 2020 through July 2, 2021: None.**

8.      State any and all claims and/or complaints received by DEFENDANT concerning the subject area, the floor collapsing, a hole opening, and/or the subject surface, on the subject ship, as well as all such claims and/or complaints involving any similar areas, collapses, holes, or surfaces on any ship in DEFENDANT's fleet five (5) years prior and six (6) months subsequent. For each such claim and/or complaint, please state: (a) the date of the claim and/or complaint, (b) the full name, job/other title, employer, telephone number, email address, and present address of the person making the claim and/or complaint, (c) the substance of the claim and/or complaint, and (d) the method the claim and/or complaint was made (e.g., written comment card, etc.).

**SUPPLEMENTAL ANSWER:      Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For the circumstances of this case, as limited to claims and complaints of floor**

5

**collapsing, or a hole opening, for the subject area, in the *Conquest*-class of vessels, during the three (3) years prior to the subject incident, excluding March 13, 2020 through July 2, 2021: The iCare database was searched from May 2022 – date of incident, which is all of the data available at the time of the search. The TGEM database was searched during the time frame agreed to above. These databases were searched for the *Conquest*-class of vessels. As it relates to complaints referencing the subject area, none. As to claims, none, see Defendant's Supplemental Answer to Interrogatory 7, above.**

10.     List any and all maintenance, repairs/replacements, and/or changes made to the subject area, as well as changes made regarding passenger safety in relation to the subject area, from five (5) years prior to the subject incident through six (6) months subsequent. For each such event, state: the date of the event, a description of the event, and the full name, job/other title, employer, telephone number, email address, and present address of each person who performed the maintenance, who made the repairs/replacements, and who made the changes.

**SUPPLEMENTAL ANSWER:     Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For the circumstances of this case, as limited to any work orders made for the subject area during the three (3) years prior to the subject incident, excluding March 13, 2020 through July 2, 2021: See work orders attached to Defendant's Supplemental Request for Production. Defendant does not contend these work orders refer to or relate to the subject wood hatch, however are being produced in an abundance of caution.**

15.     Identify and describe all previous ship inspections of the subject area, including who performed the inspections, and the case names, case numbers, dates, and facts of the cases for which the inspections were performed, for a period five (5) years prior to the subject incident through six (6) months subsequent.

**SUPPLEMENTAL ANSWER:     Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For the circumstances of this case, this answer limited to any prior incidents identified in Supplemental Answer to Interrogatory 7 which proceeded to litigation: None.**

17.     Describe a) all instances of DEFENDANT's participation in the design and/or installation of the subject surface and the subject area, b) all instances of DEFENDANT's approval, rejection, or modification of the design, and/or installation of the subject surface and the subject area, c) the full name and address of each manufacturing company from whom DEFENDANT purchased the subject surface, and the subject area, d) the full name and address of each company who was hired to install the subject surface and the subject area, and e) the model/brand/make of the surface located in the subject area.

6

**SUPPLEMENTAL ANSWER:** Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. Defendant maintains its prior objections to subparts (a) and (b) of this interrogatory and provides a response to subparts (c) – (e) of this interrogatory as follows: Defendant is searching for this information and if available, will supplement this response.

18.     Describe when and how the subject surface and the subject area were added to the subject ship, as well as when and why the specific venue on the ship was chosen. Please also identify the person who made the decision to include the subject surface and the subject area in the specific venue on the ship that was chosen (including name, phone number, email address, or if still employed by DEFENDANT, availability for deposition). In this regard, was the subject surface and the subject area included in the original design specifications for the subject ship?

**SUPPLEMENTAL ANSWER:** Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. Defendant maintains its prior objections to the first and second sentence of this interrogatory and provides a response to the last sentence of this interrogatory as follows: Defendant is searching for this information and if available, will supplement this response.

19.     State the extent to which the information provided to passengers, policies, procedures, and protocols, with respect to the subject area, have remained substantially the same (or have changed) between the date of the prior incidents and complaints (if any) and the date of the subject incident, as well as between the date of the subject incident and the present, and describe, date, and give the complete reasons for all changes, if any, in those time periods.

**SUPPLEMENTAL ANSWER:** Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For the circumstances of this case, as limited to policies and procedures in effect during the subject incident, related to the subject area: There are no policies and procedures specific to the subject area.

21.     Does DEFENDANT contend that any person or entity other than itself is, or may be, liable in whole or part for the claims asserted against it in this lawsuit? If so, state the social security number, full name, job/other title, employer, telephone number, email address, and present address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not DEFENDANT has notified each such person or entity of its contention.

**SUPPLEMENTAL ANSWER:** Undetermined at this time. Discovery is ongoing and Defendant preserves the right to amend and supplement its response. Defendant otherwise objects to providing the personal contact information and social security numbers of any individuals as a violation of state and federal privacy laws, without

the consent of the individuals, nor would same be relevant to any of Plaintiff's claims in this matter.