**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:24-CV-24361-KMM**

**DARLENE WAMPOLE**,

      Plaintiff,

v.

**CARNIVAL CORPORATION,**

      Defendant.

_____/

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, hereby moves for summary judgment for all claims made in Plaintiff's Complaint [ECF No. 1], and states as follows:

**I.      INTRODUCTION**

Ms. Darlene Wampole ("Plaintiff") fell through a maintenance hatch on a teak wood deck adjacent to a hot tub while sailing as a passenger onboard the *Conquest* cruise ship. Plaintiff alleges she sustained injuries due to Carnival failing to (1) remedy a dangerous condition, (2) warn her of a dangerous condition, and (3) properly design and install the teak wood deck. She also alleges that Carnival's crewmembers failed to (4) remedy or warn her of a dangerous condition, and (5) properly design and install the teak wood deck.

Summary judgment is warranted in Carnival's favor on all claims. Plaintiff fails to meet her burden at this stage on Counts I, II, and III because there is no evidence that Carnival knew or should have known of a danger associated with this teak wood deck or her incident. There is no

evidence of any prior safety concern with these teak wood decks vis-à-vis repair records, prior incidents, or otherwise. As such, Plaintiff cannot prove Carnival owed her a duty under any of her three direct liability theories.

Additionally, Plaintiff fails to provide sufficient evidence to sustain her vicarious liability claims in Counts IV and V. The facts of this case indicate Plaintiff is limited to direct liability theories. Even assuming vicarious liability is available to Plaintiff, these claims fail at the summary judgment stage as there is no evidence of a negligent action by an employee that caused Plaintiff's injuries.

## II.   LEGAL STANDARDS

### a.   <u>Summary Judgment Standard</u>

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed. R. Civ. P. 56). A genuine issue of material fact exists when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citation omitted). "For factual issues to be considered genuine, they must have a real basis in the record." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted). Speculation cannot create a genuine issue of material fact sufficient to defeat a well-supported motion for summary judgment. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In assessing whether the moving party has met this burden, a court must view the movant's evidence and all

factual inferences arising from it in the light most favorable to the non-moving party. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to present evidence showing a genuine issue of material fact that precludes summary judgment. *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002); Fed. R. Civ. P. 56(e). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citation omitted). But if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted).

  **b.**    <u>**General Maritime Law Applies**</u>

Claims arising from alleged tort actions aboard ships sailing in navigable waters are governed by general maritime law. *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989). Under maritime law, a shipowner has a duty to exercise reasonable care to those aboard the vessel who are not members of the crew. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959). However, a shipowner "is not liable to passengers as an insurer, but only for its negligence." *Keefe*, 867 F.2d at 1322.

To prove negligence, a plaintiff must show: (1) that the defendant had a duty to protect the plaintiff from a particular injury, (2) that the defendant breached the duty, (3) that the breach was the actual and proximate cause of the plaintiff's injury, and (4) that the plaintiff suffered damages. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). "The failure to show sufficient evidence of each element is fatal to a plaintiff's negligence cause of action." *Taiariol v. MSC Crociere, S.A.*, 2016 WL 1428942, at *3 (S.D. Fla. Apr. 12, 2016) (citing *Isbell v. Carnival*

*Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006) ("Each element is essential to Plaintiff's negligence claim and Plaintiff cannot rest on the allegations of [the] complaint in making a sufficient showing on each element for the purposes of defeating summary judgment.")).

## III.   ARGUMENT

### a.   Five Counts Alleged in Plaintiff's Complaint

Plaintiff was a passenger onboard the Carnival *Conquest* on April 5, 2024. ECF No. 1, ¶ 13. That same day, she was going to the front of the ship on the top deck. *Id.* at ¶ 14. She turned to walk to her cabin, and there was a hot tub and wall. *Id.* She was walking and fell in a hole on the deck when the floor beneath her collapsed. *Id*. As a result, she suffered injuries. *Id*. at ¶ 15. "At all relevant times, the risk-creating and/or dangerous condition was the subject floor and surface that had a hole [Plaintiff] fell in." *Id*. at ¶ 16.

Plaintiff brings five counts total against Carnival in her Complaint.

Under Count I, Plaintiff alleges Carnival failed to remedy the area. *Id.* at ¶¶ 33 – 44. Count II alleges Carnival failed to warn her about the area. *Id.* at ¶¶ 45 – 60. Count III alleges Carnival negligently designed the floor Plaintiff fell through. *Id*. at ¶¶ 61 – 82.

Counts I through III are direct liability theories against Carnival as the shipowner. In cases such as these, maritime carriers owe a duty of "ordinary reasonable care under the circumstances" to its passengers. *Keefe*, 867 F.2d at 1322. Under this standard, plaintiffs must show, "as a prerequisite to imposing liability, that the carrier ... had actual or constructive notice of the risk-creating condition, at least where ... the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Id*.; *see also Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1286 (11th Cir. 2015) ("[T]he maritime standard of reasonable care usually requires that the cruise ship operator have actual or constructive knowledge of the risk-creating condition.").

Put simply, the carrier's liability "hinges on whether it knew or should have known about the" allegedly dangerous condition. *Keefe*, 867 F.2d at 1322; *see also Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1178 (11th Cir. 2020) ("[A] cruise ship operator's duty is to shield passengers from known dangers (and from dangers that should be known), whether by eliminating the risk or warning of it."). Plaintiffs can show constructive notice in two ways. "First, a plaintiff can establish constructive notice by showing that a 'defective condition existed for a sufficient period of time to invite corrective measures.' Second, a plaintiff can show evidence of 'substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident.'" *Tesoriero*, 965 F.3d at 1178–79 (quoting *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019)). Further, "[k]nowledge that the condition exists is not sufficient, the defendant must also know that the condition is dangerous." *Malley v. Royal Caribbean Cruises, Ltd.*, 713 Fed.Appx. 905, 908 (11th Cir. 2017) (citing *Chaparro*, 693 F.3d at 1337).

Under Count IV, Plaintiff alleges Carnival crewmembers were negligent by failing to "warn [her] or to remedy the hole." ECF No. 1, ¶ 86. Under Count V, Plaintiff alleges Carnival crewmembers were negligent by "approving, designing, constructing, and/or selecting the materials for the subject floor on board the *Conquest* where the incident occurred." *Id*. at ¶ 102.

Counts IV and V are allegedly vicarious liability theories. Under the theory of vicarious liability "an otherwise non-faulty employer [can] be held liable for the negligent acts of [an] employee acting within the scope of employment." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022) (internal quotation marks omitted). To prove negligence, "a plaintiff must show that (1) the tortfeasor had a duty to protect the plaintiff from a particular injury, (2) the tortfeasor breached that duty, (3) the breach actually and proximately caused the plaintiff's injury,

and (4) the plaintiff suffered actual harm." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1167-68 (11th Cir. 2021).

> **b.** **Summary Judgment is Warranted on Counts I - III Because Plaintiff Fails to Show Carnival Had Actual or Constructive Notice of a Risk-Creating <u>Condition.</u>**

In this case, Plaintiff has not demonstrated through evidence that Carnival knew or should have known that the maintenance hatch on this teak wood deck adjacent to the hot tub on Deck 14 of the *Conquest* posed a hazard to passengers. Without such evidence, Plaintiff cannot meet her burden in proving Carnival, as the shipowner, owed her a duty.

*Tesoriero v. Carnival Corp.* is instructive. There, after a chair she sat in collapsed, plaintiff brought failure to inspect, maintain, and warn claims based on Carnival's alleged failure to inspect and maintain cabin furniture. 965 F.3d at 1176. The district court granted summary judgment because plaintiff failed to show that Carnival had actual or constructive notice that the chair was broken, and the Eleventh Circuit affirmed. The evidence did not show, and plaintiff did not contend, that Carnival had actual notice that the chair was dangerous. *Id*. at 1179. Further, there was no evidence of any substantially similar incidents involving wooden cabin chairs. *Id*. Moreover, there was no evidence of a reasonably detectable defect existing for a period of time to "invite" corrective measures. *Id*.

*Sutton v. Royal Caribbean Cruises, Ltd.*, 774 Fed.Appx. 508 (11th Cir. 2019) is also instructive. There, the cruise passenger plaintiff was struck in the head by a mirror that fell from a lighting machine above a dance floor. The district court granted summary judgment because there was no evidence establishing the cruise line was on notice of a dangerous condition posed by the mirror or lighting machine *Id*. at 510. The Eleventh Circuit affirmed, noting that the plaintiff failed to show constructive notice through prior incidents or reports of any issues with, *inter alia*, the

bolts, brackets, or shafts of the lighting machine. *Id*. at 511-12. Further, while the plaintiff offered an expert who opined the cruise line should have followed a set inspection schedule that would have detected loosening bolts from the lighting machine, the Eleventh Circuit found this did not create a genuine issue of material fact. *Id*. at 512. This opinion did not support an inference that the recommended inspections would have detected loosening bolts. *Id.* This opinion was "mere speculation, and speculation [is] insufficient to create a genuine issue of material fact." *Id*. (citing *Valderrama v. Rousseau*, 780 F.3d 1108, 1112 (11th Cir. 2015) (internal quotations omitted).

Similarly here, at the summary judgment stage, Plaintiff has not come forward with any evidence that Carnival had actual or constructive notice of a safety issue regarding maintenance hatches on this teak wood deck or similar teak wood decks. Additionally, there is no evidence that a detectable defect existed with regards to this deck that should have invited Carnival to take corrective measures. To be sure, there are no prior incidents regarding passengers falling through a hole or a floor collapsing on this teak deck or similar teak decks within the *Conquest*-class of vessels. SOF ¶ 8[1]. Moreover, no passengers complained of floors collapsing or holes opening on these teak decks within the *Conquest*-class. SOF ¶ 9. And, there were no work order reports generated prior to Plaintiff's incident involving the subject maintenance hatch she fell through. SOF ¶ 10.

This lack of evidence regarding Carnival's notice means Plaintiff cannot prove Carnival owed her a duty related to her incident. *Keefe*, 867 F.2d at 1322; *Sutton*, 774 Fed.Appx. at 511 (affirming summary judgment where plaintiff identified no prior incidents, accident reports, passenger reviews or complaints, or any other documents evidencing any actual or potential safety issues involving lighting machine); *Cohen v. Carnival Corp.*, 945 F.Supp.2d. 1351, 1355 (S.D.

---

[1] "SOF" refers to Defendant's Statement of Material Facts in Support of its Motion for Summary Judgment, and exhibits cited therein, being filed contemporaneously with this Motion.

Fla. 2013) (finding no evidence of notice where plaintiff cannot offer "any accident reports, passenger comment reviews or forms, or reports from safety inspections."). Carnival is therefore entitled to summary judgment on Counts I, II, and III.

      **c.**      **Summary Judgment is Also Warranted on Count III Because There is No Evidence Carnival Designed or Installed this Teak Wood Deck.**

"A cruise line is not liable for any alleged improper design if the plaintiff does not establish that the ship-owner or operator was responsible for the alleged improper design." *Mendel v. Royal Caribbean Cruises, Ltd.*, No. 10-23398-CIV, 2012 WL 2367853, at *2 (S.D. Fla. June 21, 2012) (citing *Groves v. Royal Caribbean Cruises Ltd.*, 463 Fed.Appx. 837 (11th Cir. 2012) (affirming summary judgment where plaintiff-passenger presented no evidence that defendant cruise line "actually created, participated in, or approved the alleged negligent design of these areas near the dining room where [plaintiff] was injured."); *Rodgers v. Costa Crociere, S.P.A.*, 410 Fed.Appx. 210 (11th Cir. 2010) (affirming pre-trial summary judgment of improper design and installation of stairs where there was no evidence that cruise line actually designed the stairs); *Thomas v. NCL (Bahamas), Ltd.*, 203 F. Supp. 3d 1189, 1194 (S.D. Fla. 2016) (granting summary judgment where there was no evidence in the record NCL installed, manufactured, or designed deck surface); *Diczok v. Celebrity Cruises, Inc.*, 263 F.Supp.3d 1261 (S.D. Fla. 2017) (granting summary judgment where plaintiff did not show cruise line actually participated in or approved the design of a table that he ripped over).

Plaintiff alleges Carnival breached a duty by negligently designing the floor she fell through and for failing to build it according to industry standards. *See* ECF No. 1 at ¶ 86. However, there is no evidence that Carnival participated in the design or installation of the subject exterior staircase. As in *Groves, Mendel*, *Rodgers*, *Thomas*, and *Diczok*, Plaintiff here has failed to proffer any evidence that Carnival actually designed the teak wood deck that she alleges presented a risk-

creating condition. In fact, the record evidence reflects that third-party Tutto Tondo Solutions LLC was responsible for the design, fabrication, and installation of the teak wood deck adjacent to the hot tub - not Carnival. SOF ¶ 3. Accordingly, Plaintiff cannot meet her burden in showing that Carnival is responsible for her fall under her negligent design theory, and Carnival is entitled to summary judgment on this claim as a matter of law.

> ### d. Summary Judgment is Warranted on Counts IV and V Because There is No Evidence of Employee Negligence.

Carnival is also entitled to summary judgment on Plaintiff's vicarious liability theories – Counts IV and V. Again, under the theory of vicarious liability "an otherwise non-faulty employer [can] be held liable for the negligent acts of [an] employee acting within the scope of employment." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022) (internal quotation marks omitted). To prove negligence, "a plaintiff must show that (1) the tortfeasor had a duty to protect the plaintiff from a particular injury, (2) the tortfeasor breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1167-68 (11th Cir. 2021).

> #### i. *The Facts of this Case Do Not Sound Under Vicarious Liability*

Plaintiff claims she fell through a maintenance hatch on a deck next to a hot tub. As such, Plaintiff's action is a premises liability case requiring that she establish notice as a prerequisite to *direct* liability against Carnival. *Holland v. Carnival Corp.*, 50 F.4th 1088 (11th Cir. 2022); *see Keefe*, 867 F.2d at 1322. Notwithstanding, Plaintiff makes claims for vicarious liability alleging crewmembers failed to remedy, warn, and properly design this area in Counts IV and V – the same claims made in Counts I, II, and III.[2] Plaintiff's attempt to transform a premises liability case into

---

[2] On this point, *Jones v. Carnival Corp.*, No. 23-cv-21908-BLOOM/Otazo-Reyes, 2023 WL 6846682 (S.D. Fla. Oct. 17, 2023) is instructive. There, Judge Bloom dismissed a vicarious liability claim that was duplicative of the direct

one for vicarious liability runs afoul of the Eleventh Circuit's rulings in *Yusko v. NCL (Bahamas), Ltd.* and *Holland v. Carnival Corp*.

In *Yusko*, a cruise passenger alleged that she was injured by the ship's dance instructor who aggressively spun her while competing in a dance competition. 4 F.4th at 1166. The Court held that the passenger was not required to prove the cruise line's prior notice under *Keefe* to establish liability because her claims were for vicarious liability from the actions of the dance instructor, not direct negligence of the cruise line.[3] *Id.* at 1170. Despite relaxing the notice requirement in vicarious liability situations, the Court specifically emphasized that passengers are unable to escape the notice requirement in all settings. For instance, the Court was of the opinion that notice would still be required in cases where "a passenger will seek to hold a shipowner liable for maintaining dangerous premises" and "for failing to warn of dangerous conditions off-ship." *Id.* at 1170.

Following *Yusko,* the Eleventh Circuit reiterated that in cases such as these, Plaintiff is limited to a theory of direct liability. In *Holland v. Carnival Corp.*, the Court affirmed dismissal of a complaint that alleged vicarious liability for a slip-and-fall incident on a cruise ship. 50 F.4th 1088 (11th Cir. 2022). The Eleventh Circuit declined to extend *Yusko*'s holding, noting:

> [A]lthough we stated in *Yusko* that a plaintiff "may choose to proceed under a theory of direct liability, vicarious liability, or both," we noted that "common sense suggests that there will be just as many occasions where passengers are limited to a theory of direct liability" and that "[s]ometimes, as in *Keefe*, a passenger will not be able to identify any specific employee whose negligence caused her injury." *Id.* at 1170. **This case is exactly the type of case described in *Yusko* where a**

---

liability claims. The Court found the plaintiff conceded her claim was direct in nature by repeating in her vicarious liability count allegations that gave rise to a breach of duty in the direct liability counts. *Id.* at \*6.

[3] The *Yusko* court relied in part on the Restatement (Third) of Agency § 7.07 (2006). The Restatement addresses that "in situations to which respondeat superior is relevant, tortious conduct by an employee takes place in the context of an *identifiable employee-actor's interaction with a third party.*" Restatement (Third) of Agency § 7.07 (2006) (emphasis added).

**passenger is limited to a theory of direct liability.** Unlike the plaintiff in *Yusko*, Holland has not identified any specific Carnival employee's negligent action that caused his fall. And nothing in *Yusko* suggests that Holland can avoid pleading the elements necessary to allege Carnival's direct liability for negligent maintenance and failure to warn by titling his claims as claims for vicarious liability and asserting in a conclusory allegation that Carnival was vicariously liable for any negligent action by any of its crewmembers. We thus conclude that this case is like our decisions in *Keefe* and *Everett*, and we decline to apply and extend *Yusko* here.

*Id*. at 1097 (emphasis added).

Returning here, Plaintiff's case is one contemplated by *Yusko* and *Holland* that is limited to direct liability. Again, Plaintiff alleges she fell through a maintenance hatch on teak wooden deck on a cruise ship. The allegations indicate this is a case involving a passenger seeking to hold a shipowner liable for maintaining dangerous premises. *Yusko*, 4 F.4th at 1170. Additionally, there is no specific employee identified whose negligent action caused her fall. *Holland*, 50 F.4th at 1097. As such, "this case is exactly the type of case described in *Yusko* where a passenger is limited to a theory of direct liability." *Id*. On this basis alone, Counts IV and V fail as a matter of law and summary judgment should be granted.

### ii. *There is No Evidence of Employee Negligence to Sustain Counts IV and V*

Assuming the Eleventh Circuit contemplated Plaintiff's claim as properly sounding under a vicarious liability, Plaintiff fails to meet her burden in showing that any negligent act by an employee caused her injury. Even without the burden of proving actual or constructive notice, Plaintiff still must prove the essentials elements of negligence on the part of an employee in order to trigger vicarious liability. Plaintiff fails to do so here.

*Hodson v. MSC Cruises, S.A.*, No. 20-22463-CIV, 2021 WL 3639752, at *13 (S.D. Fla. Aug. 2, 2021), *report and recommendation adopted*, No. 20-22463-CIV, 2021 WL 3634809 (S.D. Fla. Aug. 16, 2021) is instructive. There, Magistrate Judge Goodman recommended summary judgment on the plaintiff's vicarious liability claim where "there was no evidence to prove the

essential element of negligence by the purported employee." *Id.* A cruise passenger allegedly slipped on a wet step and fractured her ankle. *Id*. at \*1.  Plaintiff alleged, *inter alia*, that the cruise line was vicariously negligent because an unidentified crewmember directed her to use the stairs she ultimately slipped on. *Id*. at \*11. The Court found this was insufficient to prove negligence, distinguishing the vicarious liability allegations in *Yusko*:

> Plaintiff's only evidence to support her vicarious liability claim in Count V is that an employee told her to use the stairs. That is hardly enough to constitute negligence. Plaintiff's theory would be akin to a crewmember in *Yusko* advising a passenger to visit the room where the dance competition was taking place. Although the *Yusko* plaintiff stated a vicarious liability claim based on the employee who released her hands during a dance move, she would not be able to maintain a claim based on an employee's advice to participate in the competition absent further evidence, such as evidence that the employee knew the dancer was reckless and had previously injured passengers.

*Id*. at \*13.

*Selfridge v. Carnival Corp.*, No. 20-23308-CIV, 2022 WL 796378, at \*1 (S.D. Fla. Mar. 16, 2022) is also instructive. The Court granted summary judgment on the vicarious liability claim. There, a passenger claimed he sustained injuries as a result of a defective or malfunctioning glass door and rug. *Id*. The plaintiff argued that corporate testimony addressing that the subject rug was installed by either contractors or employees for Carnival was sufficient to survive summary judgment under *Yusko*. *Id*. at \*9. Magistrate Judge Torres disagreed:

> *Yusko* is inapposite here. In *Yusko*, the Plaintiff was not only able to point to the particular employee whose actions caused her injury, but she also demonstrated how the employee's actions breached the duty of care he owed her. Here, by contrast, Plaintiff cites to the same four lines in Ms. Vazquez deposition discussed above regarding the installation of the rug. While Ms. Vazquez's statement may establish that Defendant's employee or agent participated in the installation of the rug, "[i]t does not simultaneously lift Plaintiff over the second hurdle: submitting sufficient evidence that the employee was negligent."

*Id.* (citations and parentheticals omitted).

Returning here, Plaintiff has failed to identify any employee negligence that caused her injuries. There is no specific employee identified whose actions caused her injury. *Holland*, 50 F.4th at 1097. Even if a specific employee was identified, there is no evidence of negligence by that employee. *Yusko*, 4 F.4th at 1167-68; *Hodson*, 2021 WL 3634809 at \*13; *Selfridge*, 2022 WL 796378, at \*9. Therefore, Plaintiff has failed to submit sufficient evidence at this stage for Counts IV and V, and summary judgment is warranted.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests that this Court enter summary judgment in Carnival's favor on all claims made in Plaintiff's Complaint [ECF No. 1], and for any further relief this Courts deems just and proper.

Dated: August 4, 2025

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Walter Cooper Jarnagin*
    Michael J. Drahos
    Florida Bar No. 0617059
    michael.drahos@gray-robinson.com
    W. Cooper Jarnagin
    Florida Bar No. 117767
    cooper.jarnagin@gray-robinson.com
    Ashley Genoese
    Florida Bar No. 1019357
    ashley.genoese@gray-robinson.com