# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:24-CV-24361-KMM

**DARLENE WAMPOLE**,

     Plaintiff,

v.

**CARNIVAL CORPORATION,**

     Defendant.

_____/

### <u>PLAINTIFF'S SUPPLEMENTAL ANSWERS TO DEFENDANT'S INITIAL INTERROGATORIES</u>

Plaintiff, DARLENE WAMPOLE, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 33, hereby serves the following answers to Defendant CARNIVAL CORPORATION ("Defendant" or "Carnival"), initial Interrogatories to Plaintiff.

### <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 20th day of May, 2025, a copy of the foregoing was served via e-mail to the recipients listed on the Service List below.

<u>By: /s/ Matthias M. Hayashi</u>
Spencer M. Aronfeld, Esq.
aronfeld@aronfeld.com
Florida Bar No.: 905161
Matthias M. Hayashi, Esq.
mhayashi@aronfeld.com
Florida Bar No.: 0115973
Abby Hernandez Ivey, Esq.
Florida Bar No.: 1002774
aivey@aronfeld.com
ARONFELD TRIAL LAWYERS
1 Alhambra Plaza, Penthouse

**CASE NO. 1:24-CV-24361-KMM**

Coral Gables, FL 33134
P: (305) 441-0440

**SERVICE LIST**
**CASE NO. 1:24-CV-24361-KMM**

| | |
|---|---|
| Spencer Marc Aronfeld, Esq.<br>aronfeld@aronfeld.com<br>Matthias M. Hayashi, Esq<br>mhayashi@aronfeld.com<br>ARONFELD TRIAL LAWYERS<br>One Alhambra Plaza, PH<br>Coral Gables, FL 33134<br>Telephone (305) 441-0440<br>Facsimile (305) 358-1680<br>***Attorneys for Plaintiff*** | Ashley N. Genoese<br>*Ashley.Genoese@Gray-Robinson.com*<br>Michael J. Drahos<br>*Michael.Drahos@Gray-Robinson.com*<br>W. Cooper Jarnagin<br>*Cooper.Jarnagin@Gray-Robinson.com*<br>*Lilia.Parker@Gray-Robinson.com*<br>***Attorneys for Defendant*** |

CASE NO. 1:24-CV-24361-KMM

## <u>RCL's INITIAL INTERROGATORIES TO PLAINTIFF</u>

1.      What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

**To the best of Plaintiff's knowledge and recollection,**

**Name: Darlene Wampole.**

**Address** █████████████████████

**Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.**

2.      State all addresses where you have lived for the past ten (10) years and the dates lived at each address.

**To the best of Plaintiff's knowledge and recollection,**

**Address: 4**████████████████████

**Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.**

3.      Were you suffering from any physical infirmity, disability or sickness within one (1) month prior to the subject cruise? If so, what was the nature of the infirmity, disability, or sickness and for how long of a period of time had it persisted? If treatment was sought, please state the name, present or last known address and telephone number of the attending physician and/or medical center which provided treatment.

**To the best of Plaintiff's knowledge and recollection,**

**See Plaintiff's Response to Defendant's Requests for Production Numbers 1-3, 6-10, 13, 15-21, 23, 34-37, and 46-52, and Plaintiff hereby incorporates any physical infirmity, disability, or sickness within one (1) month prior to the subject cruise into this interrogatory answer.**

**Moreover, Plaintiff was diagnosed with an autoimmune disease and gastrointestinal issues and other things in the past.**

**Plaintiff also wears reading glasses.**

**Plaintiff also had an appointment with the Bariatric Clinic, Weight Clinic on 3/6/24.**
**Physician Name: Verlyn Warrington, MD, Jessica Callear, & Dr. Lichtenstein, PHD**
**Facility: Guthrie Clinic – Sayre Campus**
**Address: 1 Guthrie Square, Sayre, PA 18840**
**Condition: Bariatric**

**Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.**

4.      Describe in detail, each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question, including but not limited to, exactly what you contend that the shipboard medical staff should have done during the time period in question in order to have met the applicable standard of care.

**On or about April 5, 2024, at approximately 1:15 p.m., Plaintiff, a fare-paying passenger aboard Carnival's vessel Conquest, was walking on a top deck near a hot tub and wall area when the floor beneath her collapsed, like a teeter totter, causing her to fall into a hole. The hole contained rusty nails and broken glass. As a result, Plaintiff sustained severe injuries, including injuries to her shoulder, knee, and ankle.**

**Plaintiff contends that Defendant was negligent by failing to maintain the surface in a safe condition, and specifically:**

**Failed to adequately inspect the subject floor and surface prior to Plaintiff's fall, even though Carnival's own policies required inspection at intervals (e.g., every fifteen minutes) to ensure boards covering holes were not loose or dangerous.**

**Failed to remedy or block off the dangerous surface, despite its crew having a direct line of sight to the exact location and being in close proximity prior to the incident.**

**Allowed an unreasonably dangerous, defective, and poorly maintained surface to exist in a public passenger area, including the use of loose or collapsed floorboards.**

**Knew or should have known of the dangerous condition based on prior similar incidents, failed inspections, and industry safety standards, as well as internal policies prohibiting such hazards.**

**Failed to warn Plaintiff of the dangerous condition, which was not open and obvious.**

**These acts and omissions, individually and collectively, were a legal cause of Plaintiff's injuries.**

**Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.**

5.      Describe in detail all actions taken by you, your family member(s) and/or your traveling companion(s) to prevent the incident.

**To the best of Plaintiff's knowledge and recollection,**

**There is nothing Plaintiff, her family member(s), or traveling companion(s) could have done to prevent the incident.**

**Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.**

6. Did you consume any alcoholic beverages or take any drugs or medications within 12 hours before the time of the incident described in the complaint? If so, state the type and amount of alcoholic beverages, drugs, or medication which were consumed, and when and where you consumed them.

**To the best of Plaintiff's knowledge and recollection,**

**Plaintiff does not recall consuming any alcoholic beverages or taking any drugs or medications within 12 hours before the time of the incident.**

**Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.**

7. State the names, addresses, and telephone numbers of all witnesses who have knowledge of any matters concerning this case, and for each such witness, provide a summary of his/her knowledge.

**To the best of Plaintiff's knowledge and recollection,**

**Name: Darlene Wampole**
**c/o Aronfeld Trial Lawyers**
**Knowledge: Liability/Damages**

**Name: Paige Shaw (daughter)**
**Address: 207 William Street, Waverly, NY 14892**
**Phone: 607-245-9294**
**Knowledge: Liability/Damages**

**Name: Lara May**
**Address: 870 Twin Lakes Road, Shohola, PA 18458**
**Phone: 570-228-1257**
**Knowledge: Liability/Damages**

**Name: Beth Shaw**
**Address: 121 Perkins Street, Sayre PA 18840**
**Phone: 607-857-6441**
**Knowledge: Liability/Damages**

**Name: Brook Berard (daughter)**
**Address: 80-08 168th Street, Jamaica, NY 11432**
**Phone: 347-806-7375**
**Knowledge: Liability/Damages**

**Name: Blair Wampole (daughter)**
**Address: 109 Thor Street, Apartment B, Wichita Falls, TX 76311**
**Knowledge: Liability/Damages**

**Name: Thomas Morley (son)**
**Address: 44 Warren Street, Sayre PA 18840**
**Phone: 607-953-2223**
**Knowledge: Liability/Damages**

**Name: Erin Wayman (Volunteer acquaintance)**
**Address: 372 Loder Street, Sayre PA 18840**
**Phone: 607-857-6384**
**Knowledge: Liability/Damages**

**Name: Cheryl Stanton (Previous Co-Worker)**
**Address: 866 Echo Beach Drive, Towanda, PA 18848**
**Phone: 570-637-1828**
**Knowledge: Liability/Damages**

**Name: John Storelli, Jr. (significant other)**
**Address: 47 Spring Street, Waverly, NY 14892**
**Phone: 610-428-8893**
**Knowledge: Liability/Damages**

**Name: Jessica Flaitz (Immediate Supervisor)**
**Address: 6611 Whitford Road, Alfred Station, NY 14803**
**Phone: 607-382-3108**
**Knowledge: Liability/Damages**

**Name: Danielle McClenny (Sister)**
**Address: 134 Linden Street, Sayre PA 18840**
**Phone: 570-423-4184**
**Knowledge: Liability/Damages**

**K.N.**
**Address: Exempt from disclosure under Fla. Stat. § 119.071(4)(d)**
**Phone: Exempt from disclosure under Fla. Stat. § 119.071(4)(d)**
**Knowledge: Liability/Damages**

**C.N.**
**Address: Exempt from disclosure under Fla. Stat. § 119.071(4)(d)**
**Phone: Exempt from disclosure under Fla. Stat. § 119.071(4)(d)**

**Knowledge: Liability/Damages**

**Name: Amy Bogdon, NP**
**Address: 65 North Washington Street, Wilkes Barre, PA 18701**
**Knowledge: Liability/Damages**

**See Also Plaintiff's Response to Defendant's Interrogatory Number 11, and Plaintiff hereby incorporates the witnesses listed therein into this interrogatory answer.**

**The witnesses, K.N. and C.N., are a Miami-Dade police investigator and a former law enforcement officer. Their personal identifying information, including home addresses and telephone numbers, is exempt from disclosure pursuant to Fla. Stat. § 119.071(4)(d), but Plaintiff reserves the right to call these witnesses at trial. If Defendant wishes to depose these witnesses, its counsel shall reach out to counsel for Plaintiff to determine how this can be accomplished.**

**Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.**

8. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit concerning any issue in this lawsuit? If so, state the name and address of each person who made a statement or statements, the name and address of each person who heard it, and the date, time and substance of each statement.

**To the best of Plaintiff's knowledge and recollection,**

**Plaintiff has not heard, nor does she know about any statement or remark made by or on behalf of any party to this lawsuit concerning any issue in this lawsuit.**

**Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.**

9. Describe each injury for which you are claiming damages in this case, specifying the part of your body that was injured; the nature of the injury; and, as to any injuries you contend are permanent, the effects on your injury that you claim are permanent.

**To the best of Plaintiff's knowledge and recollection,**

**See Plaintiff's Response to Defendant's Requests for Production Numbers 1-3, 6-10, 13, 15-21, 23, 34-37, and 46-52, and Plaintiff hereby incorporates the injuries and/or aggravations therein into this interrogatory answer.**

**Moreover, Plaintiff responds as follows:**

1. **Complex Regional Pain Syndrome (CRPS) Type 1:**
   **Injured Body Part: Right leg (from ankle to thigh), back, right wrist, and arm.**

**Nature of Injury: Chronic pain condition that causes severe pain, burning, throbbing, and reduced mobility in the affected limb, with potential to spread to other areas over time.**

**Permanent Effects:**

**Constant pain, muscle spasms, and swelling in the right leg.**

**Decreased ability to move properly, requiring the use of a cane.**

**Numbness and tingling sensations, unpredictable leg function, and skin color changes.**

**Overcompensation by the left leg, leading to additional strain.**

**Chronic back soreness and stiffness due to altered gait and postural adjustments.**

**Persistent nausea and exhaustion.**

**Difficulty standing, walking, or completing basic household tasks (e.g., laundry, washing dishes).**

**Inability to sit or lie down comfortably due to leg pain.**

**High likelihood of CRPS spreading to other limbs, further impacting mobility and daily life.**

**Plaintiff is now classified as permanently disabled due to CRPS.**

**Inability to drive a standard vehicle using the right leg.**

**Required installation of ADA-compliant driving equipment, specifically a left-foot accelerator, in every vehicle Plaintiff operates for the rest of her life.**

**Ongoing coordination with multiple agencies to ensure accessibility and compliance for continued driving.**

2. **Post-Traumatic Stress Disorder (PTSD)**

   **Injured Body Part: Psychological trauma affecting cognitive and emotional well-being.**

   **Nature of Injury: Psychological distress resulting from the trauma of the fall, manifesting as fear, anxiety, and avoidance behaviors.**

   **Permanent Effects:**

   **Extreme fear of falling again, leading to panic attacks and hyperventilation in situations involving wood decks, stairs, or certain chairs.**

   **Heightened anxiety and distress when navigating stairs or sitting on unfamiliar chairs, fearing structural failure.**

   **Poor sleep quality, nightmares, and hypervigilance, constantly thinking about falling again.**

   **Depression and loss of independence, leading to self-doubt, emotional distress, and a lack of confidence in performing everyday tasks.**

   **Persistent agitation, stress, and sadness due to the life-altering impact of the injury.**

3. **Chondral Fissures on Lateral Patellar Facet Without Chondral Defects**

   **Injured Body Part: Right knee (cartilage in the kneecap).**

   **Nature of Injury: Small cracks in the cartilage of the kneecap due to impact.**

   **Permanent Effects:**

Chronic knee pain, difficulty kneeling, squatting, or bending.
Increased risk of arthritis and long-term joint deterioration.

4. **Mild Tendinosis of the Origin of the Patellar Tendon Without Tear**
   Injured Body Part: Right knee (patellar tendon).
   Nature of Injury: Degeneration of the patellar tendon caused by trauma.
   Permanent Effects:
   Chronic knee pain and weakness.
   Increased risk of future tendon damage or rupture.

5. **Edema in Prepatellar Soft Tissues (Anterior Knee Swelling and Bruising)**
   Injured Body Part: Right knee (soft tissue surrounding the kneecap).
   Nature of Injury: Inflammation and swelling from trauma.
   Permanent Effects:
   Persistent discomfort and pain when kneeling or applying pressure to the knee.

6. **Mild Contusion to the MCL Complex Without Tear**
   Injured Body Part: Right knee (Medial Collateral Ligament – stabilizes the knee).
   Nature of Injury: Bruising of the ligament from forceful impact.
   Permanent Effects:
   Knee instability and discomfort, especially during physical activity.
   Increased vulnerability to future knee injuries.

7. **Intrasubstance Degeneration Throughout the Medial Meniscus with Contusion in the Posterior Horn of the Medial Meniscus (Scuffing and Fraying, No Displaced Tear)**
   Injured Body Part: Right knee (meniscus – cartilage that cushions the knee joint).
   Nature of Injury: Bruising and fraying of the meniscus due to impact.
   Permanent Effects:
   Chronic knee pain, limited range of motion, and increased stiffness.
   Risk of worsening meniscus damage over time.

8. **Neuropathic Pain (ICD-10: M79.2)**
   Injured Area: Right lower extremity
   Nature of Injury: Chronic nerve pain diagnosed by Plaintiff's treating pain management providers as part of the constellation of symptoms associated with CRPS and trauma to the right knee.
   Permanent Effects: Ongoing sensory disturbances, including hypersensitivity, sharp or burning pain, and altered sensation in the right leg. This diagnosis is functionally intertwined with Plaintiff's CRPS but noted independently in medical records. It contributes to Plaintiff's inability to walk, stand, or bear weight for extended periods and further supports her classification as permanently disabled.

9. **Right Knee Instability**
   **Injured Body Part: Right knee**
   **Nature of Injury: Clinical finding of instability following traumatic injury, evidenced by mild laxity and guarding on examination.**
   **Permanent Effects: Plaintiff experiences unpredictable shifts or weakness in the knee joint, further contributing to her use of a cane and difficulty with mobility. This condition is functionally intertwined with her CRPS and pain syndrome.**

10. **Right Occipital Neuralgia**
    **Injured Area: Occipital nerve region, right side of head**
    **Nature of Injury: Intermittent nerve pain at the base of the skull, likely related to postural changes and physical strain from gait abnormalities and assistive device use.**

    **Permanent Effects: Pain flares, sometimes triggering nausea and headache. Being evaluated for injection therapy as part of ongoing neurological care.**

11. **More aggravations of pain issues**

    **Throbbing, temperature sensitivity, skin color changes, slower leg hair growth, faster nail growth, skin texture changes, and skin temperature changes.**

    **Shoulder, neck, arm tightness, stiffness and soreness and headaches.**

    **Concentration issues, stress.**

**Moreover, Plaintiff did everything that was needed per Pennsylvania law in order to convert her drivers license. She had to be evaluated by a driving school, had to make a request to PennDOT, had to have medical forms filled out and approved, had to have driving lessons (over 6 hours) with the accommodation requested, then had to retake her Pennsylvania driving road test with the training school's vehicle, once she passed, she finally had approval and the prescription for her car to be installed with the left foot accommodation piece. Then additional driving hours with her vehicle to make sure that it was installed correctly and that she was able to operate it. She wasn't able to drive for approximately 11 months. She does not believe she has good public transportation where she lives.**

**These appointments took many months for completion. All of this was with help from the Pennsylvania Office of Vocational Rehabilitation. They paid for all of these appointments and the install of her vehicle since she was approved for their program. All of her vehicles from this day forward will need to have a left foot accommodation. The restrictions on her license are: corrective lenses, automatic transmission car only, and special equipment going forward.**

**Moreover, if CRPS does start to take over her left leg, hand controls in vehicles would need to be looked into. She would always need a car/transportation for use.**

**Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.**

10.     Have you ever been injured or suffered from any medical problems in the same area of his body that you identified in Interrogatory No. 9 above? If so, list the areas, injuries or problems, when the injuries occurred, and when those problems first arose and reason/cause for same.

**To the best of Plaintiff's knowledge and recollection,**

**See Plaintiff's Response to Defendant's Requests for Production Numbers 1-3, 6-10, 13, 15-21, 23, 34-37, and 46-52, and Plaintiff hereby incorporates any medical problem in the same area of her body that she identified in Interrogatory No. 9 above into this interrogatory answer.**

**Moreover, Plaintiff provides the following response:**

**Date: August 15, 2019**
**Location: Towanda Borough Office. Towanda, PA**
**Areas Injured: Contusion of left hand, contusion of left foot, contusion of left ankle, contusion of right knee, Contusion of left wrist. Prominent ecchymosis and effusion of right knee. Plaintiff also had contusions on her chin area.**
**Witness: Cheryl Stanton**
**Cause of Injury: Plaintiff tripped over an unmarked curb while performing a work-related task, for Bradford County Action, at the Towanda Borough Office. Plaintiff was with a coworker, Cheryl Stanton. One of the office secretaries witnessed the incident and said to Plaintiff that "everyone falls there, it used to be painted yellow," Plaintiff does not recall the name of the secretary. The paint on the curb was worn off, making it difficult to see.**

**Plaintiff does not recall any prior injuries or medical problems involving the back or other areas affected in the present case that are comparable in severity to the injuries caused by the subject incident.**

**This prior injury did not result in any long-term disabilities, chronic conditions, or ongoing medical treatment that would have contributed to or exacerbated the injuries sustained in the current incident.**

**See Also Plaintiff's Response to Defendant's Interrogatory Number 3, and Plaintiff hereby incorporates that answer into this interrogatory answer.**

**Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.**

11.     List the names and business addresses of each physician, medical facility or other health care provider who has treated or examined you for the injuries for which you seek damages

in this case; and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated and whether you have any pending appointments.

**To the best of Plaintiff's knowledge and recollection,**

**See Plaintiff's Response to Defendant's Requests for Production Numbers 1-3, 6-10, 13, 15-19, 23, 34-37, and 46-52, and Plaintiff hereby incorporates any doctor, facility, medical provider, or other treater contained therein into this interrogatory answer.**

**Moreover, Plaintiff provides the following response:**

**Physician Name: Violeta Zeykan, M.D.; Chara Bajacharya, M.D.; Amish Gondal, M.D.; and Smita Paudel, MBBS**
**Field: Internal Medicine**
**Facility: Guthrie – Sayre Internal Medicine**
**Address: One Guthrie Square Sayre, PA 18840**
**DOS: 4/11/24 – present**

**Physician Name: Gabriel Mantz, CRNP, Bret Auerbach, D.O.**
**Field: Orthopedic**
**Facility: Guthrie – Sayre Orthopedics**
**Address: One Guthrie Square Sayre, PA 18840**
**DOS: 4/12/24 – 12/10/24**

**Physician Name: Kara Evans, PT, DRT.**
**Field: Physical Therapy**
**Facility: Guthrie Clinic Robert Packer Hospital**
**Address: One Guthrie Square Sayre, PA 18840**
**DOS: 4-30-24 – 7-17-24**

**Facility: Guthrie Troy Community Hospital**
**Address: 275 Guthrie Drive, Troy, PA 16947**
**DOS: 4/15/24**

**Facility: Red Bird Mental Health**
**Address: 65 N Washington Street, Suite 1, Wilkes-Barre, PA 18222**

**Physician Name: Dr. Han Suk Koh, MD**
**Facility: Guthrie – Sayre Neurology**
**Address: One Guthrie Square Sayre, PA 18840**
**DOS: 7-11-24 - present**

**Physician Name: Alyssa Welles, PA-C, John Lockard, M.D.**
**Facility: Guthrie – Sayre Pain Clinic**

CASE NO. 1:24-CV-24361-KMM

Address: One Guthrie Square Sayre, PA 18840
DOS: 8-12-24 - present

Physician Name: Amy Bogden, NP
Address: 65 N Washington Street, Suite 1, Wilkes-Barre, PA 18222

Name: Louis Aylmer Mateo, Ship Nurse
c/o Carnival Corporation

Name: Juliet Nammande, Ship Nurse
c/o Carnival Corporation

Name: Raghavender Kodandapuram, MD, Ship Doctor
c/o Carnival Corporation

Name: Nathan Powers (and others)
Facility: Pivot Physical Therapy/Athletico
Address: 116 Walnut Street, Athens, PA 18810
DOS: 4-24-2025 (Plaintiff may have had another visit)-present

Carnival Cruise Line, its Medical Center, Nurses, Doctors, and other Staff
c/o Defendant, Carnival Corporation

Other medical providers and treaters named in Plaintiff's initial disclosures, the medical records disclosed therein or through other means, and which Plaintiff will disclose in the future, and any and all other health care providers associated with them that were involved in the examination, diagnosis, care, or treatment of Plaintiff, and the custodian of records for them.

Witnesses listed by Defendant in its Initial Disclosures, its responses to Plaintiff's requests for production, interrogatories, and requests for admission, any amendment or supplement thereto, as well as during any deposition of Defendant's corporate representative or witnesses.

Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.

12.     List the names and business addresses of all other physicians, medical facilities or other health care providers by whom or at which you have been examined or treated in the past ten years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.

Plaintiff objects to this request as overbroad in time and scope to the extent that it seeks medical records for the past ten (10) years. Such a request is not reasonably tailored to the injuries at issue in this litigation and would include irrelevant medical information unrelated to the claims in this case. In the interest of proportionality and relevance, Plaintiff will provide medical records for the past five (5) years.

To the best of Plaintiff's knowledge and recollection,

See Plaintiff's Response to Defendant's Requests for Production Number 20, and Plaintiff hereby incorporates any doctor, facility, medical provider, or other treater contained therein into this interrogatory answer.

See Also Plaintiff's Response to Defendant's Interrogatory Number 11, and Plaintiff hereby incorporates that answer into this interrogatory answer.

Moreover, Plaintiff provides the following response:

Physician Name: Violeta Zeykan, M.D.; Chara Bajacharya, M.D.; Amish Gondal, M.D.; Smita Paudel, MBBS; Zainab Kakakhel, MD; and Carli-Yeager Hall, PA
Facility: Sayre Internal Medicine
Address: 1 Guthrie Square, Sayre, PA 18840
Dates of Treatment: Ongoing
Condition: Internal Medicine/Primary Care

Physician Name: Amol Dhillon, MD & James Freeman, MD
Facility: Guthrie Clinic – Sayre Campus
Address: 1 Guthrie Square, Sayre, PA 18840
Dates of Treatment: Approximately 2019 through 2022
Condition: Rheumatology

Physician Name: Phillip Lowry, MD
Facility: Guthrie Clinic – Sayre Campus
Address: 1 Guthrie Square, Sayre, PA 18840
Condition: Hematology/Oncology

Physician Name: Vineela Kasireddy, MD
Facility: Guthrie Clinic – Sayre Campus
Address: 1 Guthrie Square, Sayre, PA 18840
Condition: Hematology/Oncology

Physician Name: Jennifer Cornish, NP
Facility: Guthrie Clinic – Corning Campus
Address: 130 Center Way, Corning, NY 14830
Condition: Gastroenterology

CASE NO. 1:24-CV-24361-KMM

**Physician Name: Emily Wales, CRNP**
**Facility: Guthrie Clinic – Corning Campus**
**Address: 130 Center Way, Corning, NY 14830**
**Condition: OB/GYN**

**Physician Name: Michael Georgeston, MD & Thomas McDonald, MD**
**Facility: Guthrie Clinic – Sayre Campus**
**Address: 1 Guthrie Square, Sayre, PA 18840**
**Condition: Gastroenterology/Endoscopy**

**Physician Name: Verlyn Warrington, MD, Jessica Callear, & Dr. Lichtenstein, PHD**
**Facility: Guthrie Clinic – Sayre Campus**
**Address: 1 Guthrie Square, Sayre, PA 18840**
**Condition: Bariatric**

**Physician Name: Adam Pascoe, MD**
**Facility: Guthrie Clinic – Sayre Campus**
**Address: 1 Guthrie Square, Sayre, PA 18840**
**Condition: Occupational Medicine**

**Physician Name: Jonathan Green, PA, Echo Smith, MSPT, Mary D., PTA, Tonya G. PTA,**
**Michael Meszaras, PT, Kelly H., COTA/L, Jill Blemle, OTR/L, & Karla Green, OTR/L**
**Facility: Guthrie Robert Packer Hospital, Towanda Campus**
**Address: 91 Hospital Dr, Towanda, PA 18848**
**Condition: Occupational and Physical Therapy**

**Physician Name: Elise Nelson, DPM**
**Facility: Guthrie Clinic – Sayre Campus**
**Address: 1 Guthrie Square, Sayre, PA 18840**
**Condition: Podiatry**

**Physician Name: Kimberly Bissel, FNP-C**
**Facility: Guthrie Clinic – Sayre Campus**
**Address: 1 Guthrie Square, Sayre, PA 18840**
**Condition: OB/GYN**

**Physician Name: Michelle McFarlane, MD**
**Facility: Guthrie Clinic – Sayre Campus**
**Address: 1 Guthrie Square, Sayre, PA 18840**
**Condition: Physiatry**

**Physician Name: Anne Pamula, MD**
**Facility: Guthrie Clinic – Athens Campus**

**Address: 412 S. Main Street, Athens, PA 18810**
**Condition: Primary Care**

**Physician Name: Rachel Lu-Do, MD**
**Facility: UHS Rheumatology**
**Address: 4433 Vestal Parkway East, Vestal, NY 13850**
**Condition: Rheumatology**

**Physician Name: Avery Boardman**
**Facility: Boardman Eye Care**
**Address: 570-265-3668**
**Dates of Treatment: Ongoing (Past 5 Years)**
**Condition: Optometry/Eye Care**

**Physician Name: Stephen McKee, Dr.**
**Facility: Lalor Family Dental**
**Address: 2521 Vestal Pkwy East, Vestal, NY 13850**
**Condition: Dental**

**Physician Name: Heather Fisher, NP**
**Facility: Schweiger Dermatology Group**
**Address: 950 County Road 64 Suite 102, Elmira, NY 14903**
**Condition: Dermatology**

**Physician Name: Amy Bogden, NP**
**Address: 65 N Washington Street, Suite 1, Wilkes-Barre, PA 18222**
**Condition: Mental Health Treatment**

**Other medical providers and treaters named in Plaintiff's initial disclosures, the medical records disclosed therein or through other means, and which Plaintiff will disclose in the future, and any and all other health care providers associated with them that were involved in the examination, diagnosis, care, or treatment of Plaintiff, and the custodian of records for them.**

**Witnesses listed by Defendant in its Initial Disclosures, its responses to Plaintiff's requests for production, interrogatories, and requests for admission, any amendment or supplement thereto, as well as during any deposition of Defendant's corporate representative or witnesses.**

**Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.**

13.     List the name and addresses of all pharmacies where you had prescriptions filled in the past ten (10) years.

**Plaintiff objects to this request as overbroad in time and scope to the extent that it seeks prescription records for the past ten (10) years. Such a request is not reasonably limited to the injuries at issue in this litigation and would include irrelevant medical information unrelated to the claims in this case. In light of these concerns, and in the interest of proportionality, the Plaintiff will provide prescription records for the past five (5) years.**

**To the best of Plaintiff's knowledge and recollection,**

**Pharmacy: CVS**
**Address: 430 Keystone Avenue, Sayre PA 18840**
**Phone: 570-888-7763**

**Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.**

14.     List the names, addresses, and policy numbers of any and all health insurance companies for which you have been insured during the past ten (10) years.

**To the best of Plaintiff's knowledge and recollection,**

**Insurer: Anthem Blue Cross/Blue Shield**
**Address: 120 Monument Circle, Indianapolis, IN**
**Policy Number: Group #210040M7D1**

**Insurer: Highmark Blue Cross/Blue Shield**
**Address: Fifth Avenue Place 120 Fifth Avenue, Pittsburgh, PA**
**Policy Number: Group # 10208901**

**Plaintiff had a secondary insurance company called AXIS, but she doesn't have any information about it at this time.**

**Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.**

15.     If there is any activity that you are totally unable to do now, because of the alleged injury sustained in the incident alleged in the Complaint that you could do before the incident in suit? If so, describe each such activity.

**To the best of Plaintiff's knowledge and recollection,**

See Plaintiff's Response to Defendant's Requests for Production Numbers 1-3, 6-10, 13, 15-21, 23, 34-37, and 46-52, and Plaintiff hereby incorporates any activity she is totally unable to do now because of the subject incident that she could have done before the incident into this interrogatory answer.

Moreover, Plaintiff was previously active, independent, and physically capable but now experiences severe mobility restrictions, chronic pain, and mental distress that prevent her from engaging in normal daily activities. Below is a non-exhaustive list of activities that Plaintiff could do before the injury but can no longer perform due to the injuries sustained in the incident:

<u>1. Loss of Mobility and Physical Independence:</u>
Cannot drive a standard vehicle; now requires specialized ADA equipment (left-foot accelerator).
Cannot walk unassisted without the risk of falling; must use a cane for support.
Cannot run, jog, or use a treadmill due to instability and pain.
Cannot go up and down stairs easily or carry laundry up/down stairs.
Cannot walk while carrying items (e.g., coffee, purse, grandchild, groceries).
Cannot garden, mow the grass, or shovel snow.
Cannot carry a pocketbook or any substantial weight while walking.
Cannot play with or take her dog for a walk.

<u>2. Loss of Recreational and Social Activities:</u>
Cannot participate in sports (e.g., softball, bowling, basketball, volleyball).
Cannot dance or attend exercise classes.
Cannot ride a bike or engage in outdoor fitness.
Cannot play ball with her dog or engage in leisure activities that require agility.
Cannot kneel, sit on the ground, or clean low areas.

<u>3. Impacts on Daily Functioning and Personal Life:</u>
Cannot wear heeled shoes or boots due to instability.
Cannot comfortably sit, stand, or lie down for extended periods without pain.
Cannot rent a car in the future (rental companies do not provide left-foot accelerators).
Cannot simply go places without extensive planning regarding accessibility, parking, and seating.

<u>4. Mental and Emotional Impact:</u>
Has not been comfortable since the injury; constantly in pain and discomfort.
Mind has been a mess; mentally, the Plaintiff has not felt normal since the accident.
Struggles with weight gain due to inability to exercise.
Experiences severe anxiety and fear of falling, limiting her confidence and independence.

Concentration is terrible, have a hard time with decks, stairs, sitting in chairs that are unfamiliar.

Moreover, Plaintiff cannot test drive a car, can't ride a riding lawn mower, can't take her dog for a walk, can't take her grandbabies for walks, and can't play with them at the park, carry them, put them on her hip, or drive for very long time periods as well as she used to. She has to get out and stretch numerous times, which she did not have to do as much before. She has to plan out everything in advance. Must always carry an extra cane and bottom piece with her since she has broken some in the past and struggled without having the bottom piece that she likes attached. A cane is always in one hand, which leaves one hand to carry any other items. She has to get to the airports earlier in order to have wheelchair assistance to the gate, has to check a bag now instead of a carry on, and she cannot get to the ground, and back up in order to garden like she used to. Traveling is so hard compared to before the accident. She used to handle and carry many things. She can't drive her kids cars when she goes and visits them as she used to. She has difficulties with her backpack to try to travel, and only uses a small cross over bag to carry her glasses, phone, etc. She always has to bring her winter boots with her, even if it isn't snowing, if there is a risk of snow. Softball, kickball, even trick or treating is difficult with a cane. She cannot play fetch, or run with her dog outside, or take him for a walk like she used to. Plane/bus tickets will need to be thought out in advance. She will need to pay extra for making sure that she sits in a specific area so that another person does not hit or rub her leg. Going to any type of major sporting event, concert, etc. - she will not be able to walk to the seats that she generally sat in. Being able to just sit down when she goes out. She has to shimmy the seat and try to make sure that it is sturdy enough, and that she is not going to fall. She has literally changed seats 3 or 4 times because she didn't feel safe. Also, being confident to just walk on stairs, or someone's deck – she is very cautious because she thinks that she is going to fall. Every part of her life has to be planned out because of CRPS and making sure that she is prepared as best as she can be. She is sure that there are a million things that she can't do or will have difficulty with, she just hasn't come across them yet.

Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.

16.     Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

To the best of Plaintiff's knowledge and recollection,

Plaintiff did not make an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case.

Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.

CASE NO. 1:24-CV-24361-KMM

17.     List each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the complaint, giving for each item the date incurred, the name and business address to whom each was paid or is owed, and the goods or services for which each was incurred.

**To the best of Plaintiff's knowledge and recollection,**

**See Plaintiff's Response to Defendant's Requests for Production Numbers 1-3, 6-10, 13, 15-21, 23, 34-37, and 46-52, and Plaintiff hereby incorporates each item of expense or damage, other than loss of income or earning capacity, that she claims to have incurred as a result of the incident described in the complaint into this interrogatory answer.**

**Moreover, Plaintiff provides the following response as well:**

**Guthrie-Sayre Internal Medicine, Charu Bairacharya, PCP:** *Amount Pending*

**Guthrie Troy Community Hospital:** *Amount Pending*

**Guthrie Robert Packer Hospital, Han Suk Koh, MD:** *Amount Pending*

**Pivot Physical Therapy/Athletico:** *Amount Pending*

**Guthrie-Sayre Pain Clinic - Department of Robert Packer Hospital, Alyssa Welles, PA-C:** *Amount Pending*

**ADA Compliant Vehicle with Left Food Accelerator: $1,999.00**

**Purchase order and service approval form for Brant's driving school for assessment: $1,688.00**

**Receipt for license: $39.50**

**PADOL/OVR Purchase order and service approval for adaptive driving hours with Roadway to Independence: $1170.00**

**Guthrie Robert Packer Hospital, Kara Evans, PT, DPT, Ortho:** *Amount Pending*

**Guthrie-Sayre Clinic, Orthopedics, Gabriel Mantz, CRNP:** *Amount Pending*

**Amy Bodgon, MA: $670.00**

**United Health Service, Orthopedic: $1,528.00**

**Patella Stabilizer Knee Brace: $45.90**

**3 Walking Canes: 51.97**

**ESTIMATED MINIMUM TO DATE: $17,081.12**

Moreover, Plaintiff has bought additional canes and has car accommodation added. She also has more medical bills, therapy bills, and prescriptions. A pool or hot tub may be something that she considers in the future, if it may help her leg/body with some temporary relief.

Going forward, she will need and want to continue with Dr. Amy Bodgen. She does help her try to deal with her depression, issues, PTSD, and just is someone that she feels is helping her.

Also, her front steps, her back steps, her side steps - none of these have railings. She will need to redo all of these in the future in order to get into her house a little easier. A three story house has been very difficult to manage with everyday activities and chores. She hasn't been able to clean out her toilet, she can't get down and behind it. She hasn't been able to really clean the floors that great. She is not the same person, she cannot complete the same basic chores and activities that she once could.

Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.

18.     Do you contend that you have lost any income, benefits, or earning capacity in the past or future as a result of the incident described in the complaint? If so, state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing the amount.

To the best of Plaintiff's knowledge and recollection,

Plaintiff has withdrawn her lost wage claim.

<u>Future Loss of Earning Capacity</u>
Estimated Future Earnings Potential: Prior to the injury, the Plaintiff planned to work until age 67 in her Assistant Manager Retail position. Using an estimated $2,000 yearly bonus, the Plaintiff's projected future earnings from now until retirement (approximately 16 years) would have been: TBD

However, due to the severe physical limitations caused by CRPS, the Plaintiff does not see herself working in this position until retirement and anticipates loss of earning capacity.

Impact on 401(k) and Retirement Contributions: Due to the Plaintiff's reduced earnings, 401(k) contributions have suffered, impacting future retirement savings. Employer contributions and growth potential on the 401(k) account have also been negatively affected.

<u>Inability to Perform Essential Job Functions</u>
The Plaintiff's position as an Assistant Manager in Retail requires:
Standing/walking for at least 9 hours per shift.
Climbing, lifting up to 50 lbs., squatting, kneeling, bending, twisting, reaching, grasping, pushing, and pulling on a frequent basis.

CASE NO. 1:24-CV-24361-KMM

Due to severe mobility restrictions, chronic pain, and reliance on a cane, the Plaintiff can no longer perform many of these essential job functions.


**Job Security and Uncertain Future Employment**
The Plaintiff currently has an approved workplace accommodation through September 2025.
At the end of September 2025, she will need to re-evaluate with her employer to determine next steps.
There is a significant concern that the Plaintiff may lose her job entirely because she can no longer meet the basic physical qualifications of her position.

**Computation of Losses**
Lost wages to date: Withdrawn

Projected lost future earnings: TBD
Due to inability to perform essential job duties, the Plaintiff may be forced to take a lower paying, less physically demanding position or leave the workforce entirely, significantly reducing earning capacity. She may also lose her 401(k) and retirement benefits: TBD (dependent on employer contribution records).

Moreover, Plaintiff is struggling at work. She is working her normal full time hours, but it is very difficult. Her leg and body can't take much more. She recently started vomiting most days that she is there, mostly because of the pain and the nauseousness that she feels. She is trying to work, but everyday is more difficult than the day before. She loved her job, but she is struggling to maintain her position.

The estimates above are subject to change, and she refers to her Response to Defendant's Requests for Production Numbers 41-45 and 49, and Plaintiff hereby incorporates any lost wage or earning capacity information therein into this interrogatory answer.

A new Associate Relations Form has been completed at the workplace. AR-292 Resolution is valid until September 7, 2025. This document is included in the documents produced in response to Defendant's request for production. It states:

"Due to limited mobility, Kohl's will provide you the ability to sit/utilize a cane or stool, to be used as needed, throughout your scheduled shifts."

"Kohl's will accommodate you the ability to utilize a utility cart to assist with job duties and responsibilities."

Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.

19.     Has anything been paid or is anything payable from any third party for the damages listed in your answers to these interrogatories? If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

**To the best of Plaintiff's knowledge and recollection,**

**See Plaintiff's Response to Defendant's Requests for Production Numbers 1-3, 6-10, 13, 15-21, 23, 34-37, and 46-52, and Plaintiff hereby incorporates any amount paid by a third party for her damages therein into this interrogatory answer.**

**Moreover, Plaintiff provides the following response:**

**Insurer: Intellivo- Benefit Recovery Group for Anthem- BCBS-HSA Plan**
**Lien Amount: $7,082.34**

**Office of Vocational Rehabilitation PADOL/OVR Purchase order and service approval for adaptive driving hours with Roadway to Independence.**
**Paid amount: $1170.00**

**Office of Vocational Rehabilitation PADOL/OVR ADA Compliant Vehicle with Left Food Accelerator.**
**Paid amount: $1,999.00**

**Office of Vocational Rehabilitation PADOL/OVR Purchase order and service approval form for Brant's driving school for assessment.**
**Paid amount: $1,688.00**

**Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.**

20.     Identify all photographs or videos that were taken of you during the subject cruise, including the name of the individual(s) who took said photographs/videos and the devices said photographs/videos were taken from.

**To the best of Plaintiff's knowledge and recollection,**

**The following photographs and videos were taken of her during the subject cruise:**

**Photographs/Videos Taken Before the Incident:**
**One Photo was taken before Plaintiff's fall right after boarding the cruise. It's a selfie of her and her travel companions.**
**Photographer: Paige Shaw, using an iPhone camera.**

**Photographs/Videos Taken After the Incident:**

CASE NO. 1:24-CV-24361-KMM

A number of photographs and videos were taken at the subject location documenting Plaintiff's injuries, and the scene of the incident.

Photographer(s): Paige Shaw, using an iPhone camera, and using Darlene Wampole's Android cell phone camera to take pictures after the fall. Many other pictures were taken throughout the cruise as well.

Additional photos were taken during the cruise such as photos of Plaintiff and her travel companions during "Formal Night," and of Plaintiff's stateroom.

Photographer: Cruise Staff using Cameras (specific device models unknown).

Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.

21.     Identify any and all social media sites or applications in which you posted any content or images to between the dates of April 4, 2024 through April 9, 2024, including but not limited to: TikTok, Facebook, Twitter, Instagram, Foursquare, YouTube, Pinterest, Tumblr, and Snapchat.

To the best of Plaintiff's knowledge and recollection,

Plaintiff did not post anything on social media during this time frame.

Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.

22.     For any account identified in Interrogatory No. 21 above, please describe in detail any and all images of, or content pertaining to you that were deleted or erased on or after April 5, 2024, including but not limited to: photographs, videos, posts, and/or tweets.

To the best of Plaintiff's knowledge and recollection,

Plaintiff did not delete anything on social media on or after April 5, 2024.

Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.

23.     Other than a retained expert, did anyone ever criticize any manner, method, action/inaction, or activity used by the Defendant and/or the shipboard medical staff? If so, please state for each such criticism: the name, address, profession and relationship to you, if any, of the person(s) who made the criticism, the substance of the criticism, and the date(s) of the criticism.

To the best of Plaintiff's knowledge and recollection,

See Plaintiff's Response to Defendant's Requests for Production Numbers 1-3, 6-10, 13, 15-21, 23, 34-37, and 46-52, and Plaintiff hereby incorporates any criticism of Defendant and/or the shipboard medical staff contained therein into this interrogatory answer.

**Moreover, Plaintiff provides the following response:**

**The following individuals expressed criticism regarding Carnival's handling of the incident and lack of assistance in accommodating Plaintiff's mobility issues after the injury:**

**Name: Jessica Shea McCoy.**
**Address: 1901 Bush Ave Orlando, FL 32806**
**Profession/Title: Media Manager at Carnival Cruise Line**
**Relationship to Plaintiff: Worked on the Carnival Conquest and escorted Plaintiff along with the other wheelchair bound passengers off the ship into the Port of Nassau, Bahamas. Jessica spent time with Plaintiff in the port.**
**Substance of Criticism:**
- **Expressed disbelief at how poorly the situation was handled by Carnival.**
- **Commented on Carnival's failure to properly assist the Plaintiff in navigating the ship after sustaining an injury.**
- **Acknowledged that more should have been done to accommodate the Plaintiff's wheelchair accessible needs.**

**Date of Criticism: During the Plaintiff's time on board the ship, following the injury.**

**Additionally, other cruise personnel also expressed concern about how the situation was managed, though specific names and details are not fully recalled at this time.**

**Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.**

24.     Please state whether you have ever been involved in a motor vehicle accident, or ever made a claim for personal injuries as a result of being involved in a motor vehicle accident, either out of court, or through worker's compensation or any other proceedings, and for each accident, state the nature and location of the accident, the date the accident occurred, and any injuries sustained in the accident.

**Objection. This interrogatory is overbroad in time and scope, overburdensome, and disproportionate to the needs of the case (no time scope). Subject to and without waiving the foregoing objection, I respond with the following information:**

**To the best of Plaintiff's knowledge and recollection,**

**See Plaintiff's Response to Defendant's Requests for Production Numbers 1-3, 6-10, 13, 15-21, 23, 34-37, and 46-52, and Plaintiff hereby incorporates any motor vehicle accident contained therein into this interrogatory answer.**

**Moreover, Plaintiff provides the following response:**

**Date: 1989-1990 (specific date unknown)**
**Location: On a gravel road, in Litchfield, PA.**

CASE NO. 1:24-CV-24361-KMM

**Nature of Accident: The Plaintiff swerved to avoid a dead animal in the middle of the road, causing the vehicle to slide off the road and into a tree.**
**Injuries Sustained: No injuries were sustained by the Plaintiff.**
**Insurance Involvement: Handled through the Plaintiff's parents' insurance policy, as the Plaintiff was 16/17 years old at the time.**

**Date: October 2023**
**Location: Route 220, Ulster, PA**
**Nature of Accident: The Plaintiff's vehicle struck a deer while driving.**
**Police Involvement: The Plaintiff called the Pennsylvania State Police, who advised that as long as the vehicle was drivable, no officer needed to respond to the accident site.**
**Injuries Sustained: No injuries were sustained by the Plaintiff.**
**Insurance Involvement: The Plaintiff filed an insurance claim to repair vehicle damage.**

**Moreover, at some point in her life, a deer jumped onto the highway as Plaintiff was driving.**

**Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.**

25.    Please state whether you have ever been a party, either plaintiff or defendant, in a lawsuit, or ever made a claim for personal injuries, either out of court, or through worker's compensation or any other proceedings, and for each claim or lawsuit state the nature of the injury involved, the date of injury occurred and the name and address of the defendant or other person against whom the claim was made.

**Objection. This interrogatory is overbroad in time and scope, overburdensome, and disproportionate to the needs of the case (no time scope). Moreover, this interrogatory exceeds the permissible scope of federal rule of evidence Rule 609. Subject to and without waiving the foregoing objection, I respond with the following information limited to ten years:**

**To the best of the Plaintiff's knowledge and recollection,**

**The following claims or lawsuits have been made:**

**Nature of Claim: Workers' Compensation Claim**
**Case Number: 03158769**
**Date: August 15, 2019**
**Nature of Injury: Plaintiff tripped over an unmarked curb while performing a work-related task, for Bradford County Action, at the Towanda Borough Office. Plaintiff was with a coworker, Cheryl Stanton. One of the office secretaries witnessed the incident and said to Plaintiff that "everyone falls there, it used to be painted yellow," Plaintiff does not recall the name of the secretary. The paint on the curb was worn off, making it difficult to see.**

**Areas Injured: Contusion of left hand, contusion of left foot, contusion of left ankle, contusion of right knee, contusion of left wrist, and injuries to her chin. Prominent ecchymosis and effusion of right knee.**
**Defendant or Other Party: Bradford County Action, Towanda, PA.**
**Address: 500 William St, Towanda, PA 18848**
**Phone: (570) 265-4434**
**Workers' Compensation claim was filed solely for medical expenses related to doctor's appointments.**

**Additional Legal Action:**
**Nature of Claim: The Plaintiff participated in several class action settlements for recalled products, misleading product claims, or faulty services, but does not recall the specifics of these.**

**Plaintiff was also involved in an unpaid medical bills claim filed by Guthrie Clinic Ltd with the case number MJ-42302-CV-0000200-2019 against her on August 16, 2019, but this was not a personal injury claim.**

**Discovery is ongoing, and Plaintiff's investigation continues. Accordingly, Plaintiff reserves the right to supplement and/or amend Plaintiff's responses and answers.**