## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:24-CV-24361-KMM

**DARLENE WAMPOLE**,

     Plaintiff,

v.

**CARNIVAL CORPORATION,**

     Defendant.

_____/

### DEFENDANT'S RESPONSE IN OPPOSITION TO
### PLAINTIFF'S OMNIBUS MOTIONS IN LIMINE

Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel, hereby responds in opposition to Plaintiff's Omnibus Motions *in Limine* [ECF No. 39], and states as follows:

### LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *Vaughn v. Carnival Corp.*, 571 F. Supp. 3d 1318, 1320 (S.D. Fla. 2021). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Vaughn*, 571 F. Supp. 3d at 1320 (citation omitted).

## ARGUMENT

### RESPONSE IN OPPOSITION TO MOTION *IN LIMINE* #1 [ECF No. 39, pg. 1]

Plaintiff requests that Defendant be precluded from introducing evidence or argument as to the number of, or lack, of prior incidents. However, ruling on this request is premature as, "[e]vidence on the lack of similar incidents is admissible if the offering party lays the proper foundation." *Ramirez v. Carnival Corp.*, No. 22-CV-21202-BLOOM/Otazo-Reyes, 2023 WL 3318723, at *2 (S.D. Fla. May 9, 2023). "[I]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Vaughn*, 571 F. Supp. 3d at 132021 (citing *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018)).

Defendant will introduce evidence to lay the requisite foundation at trial to directly dispute Plaintiff's claims. "The only feasible way of demonstrating lack of notice is to show that the channels which would have normally yielded such information (i.e., reports of prior claims or complaints) did not do so. Such a means of proof should not be precluded without good cause." *Ramirez* at *3 (denying Plaintiff's Motion *in Limine*) (quoting *Koloda v. Gen. Motors Parts Div., Gen Motors Corp.*, 716 F.2d 373, 376 (6th Cir. 1983))

Additionally, Plaintiff makes mention of limiting any such evidence to "the same scope of discovery Plaintiff has been limited to," relying on *Smith v. Carnival Corp. & PLC*, No. 22-CV-22853, 2023 WL 8370478, at *6 (S.D. Fla. Dec. 4, 2023) and *Penny v. Royal Caribbean Cruises, Ltd.*, No. 22-cv-22543, 2023 WL 5977973, at *4 (S.D. Fla. Sept. 14, 2023).  Defendant agrees that any argument regarding a lack of prior incidents would pertain to the scope the Parties agreed to in this case – 5 years across the *Conquest*-class.

#64528163 v1

**RESPONSE TO MOTION *IN LIMINE* #2 [ECF No. 39, pg. 2]**

Plaintiff's request to preclude automatic collateral source set-offs, cites directly to the Eleventh Circuit case of *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295 (11th Cir. 2020). While Defendant disagrees with Plaintiff's argument to preclude automatic collateral source set-offs, Defendant agrees that the ruling in *Higgs* applies to this maritime tort case and should be applied. Specifically, pursuant to *Higgs*, the "appropriate measure of past medical expense damages in a maritime tort case is the amount determined to be reasonably by the jury upon its consideration of all relevant evidence, including the amount billed, the amount paid, and any expert testimony and other relevant evidence the parties may offer." *Higgs* at 1317. Further, as noted in *Higgs*, "[w]rite-offs, however, are not considered collateral payments" and evidence of write-offs should be allowed to be introduced at trial. *Conway v. Celebrity Cruises, Inc.*, No. 19-24470-CIV, 2022 WL 1202874, at *5 (S.D. Fla. Apr. 22, 2022) (citing *Higgs*, at 1314-15). As such, this Court should follow *Higgs* and order that the parties may present evidence of amounts billed, amounts paid, and expert testimony for the jury's determination of the reasonable amount of medical services received by Plaintiff. *Higgs*, at 1317.

**RESPONSE TO MOTION *IN LIMINE* #3 [ECF No. 39, pg. 3]**

For purposes of this litigation only, Defendant does not oppose this Motion.

**RESPONSE TO MOTION *IN LIMINE* #4 [ECF No. 39, pg. 5]**

For purposes of this litigation only, Defendant does not oppose this Motion.

**RESPONSE TO MOTION *IN LIMINE* #5 [ECF No. 39, pg. 5]**

For purposes of this litigation only, Defendant does not oppose this Motion.

#64528163 v1

**RESPONSE IN OPPOSITION TO MOTION *IN LIMINE* #6 [ECF No. 39, pg. 7]**

Plaintiff requests that Defendant should be excluded from introducing evidence that Plaintiff's symptoms are "psychosomatic" or that she suffers from "secondary gain," "symptom magnification," "somatoform disorder, "or that she is "malingering," committing "fraud upon the court" or attempting to "cash in a lottery ticket." [ECF No. 57, pg. 7]. Plaintiff fails to present any argument that these opinions are unreliable or unhelpful, and for this reason alone the request may be denied. *See Penny v. Royal Caribbean Cruises, Ltd.*, No. 22-cv-22543-BLOOM/Otazo-Reyes, 2023 WL 5977973, at *5 (S.D. Fla. Sept. 14, 2023) (denying Plaintiff's Motion to exclude any expert testimony concerning malingering, feigning, exaggerating, or other similar terms since the Court has not been presented with any argument that such opinions are unreliable, unhelpful, or otherwise properly excluded).

Plaintiff has further not shown that the evidence is clearly inadmissible on all potential grounds. *Vaughn*, 571 F. Supp. 3d at 1320. In fact, Plaintiff's request is unfounded as there are multiple cases from district courts within this circuit in which experts were permitted to testify to their opinions that a plaintiff was malingering or otherwise exaggerating his or her symptoms. *See Demeritt v. Wal-Mart Stores E., LP.*, No. 6:20-CV-89-PGB-GJK, 2022 WL 701141, at *6 (M.D. Fla. Feb. 1, 2022), *appeal dismissed sub nom. Demeritt v. Wal-Mart Stores E., LP*, No. 22-10660-JJ, 2022 WL 18906808 (11th Cir. Sept. 13, 2022) ("[P]hysicians routinely offer opinions in the context of their treatment plan on whether a patient is malingering."); *see generally Conway v. Celebrity Cruises, Inc.*, No. 19-24470-CIV, 2022 WL 1202874, at *3 (S.D. Fla. Apr. 22, 2022).

Moreover, this broad request that a litany of terms or any arguments related to those terms be precluded is not the proper use of a motion *in limine*. A district court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded."

#64528163 v1

*Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A., 99-D-880-E, 2001 WL 617521, at *1 (M.D. Ala. Feb 20, 2001) (quoting *Nat'l Union v. L.E. Myers Co.*, 937 F.Supp.276. 287 (S.D.N.Y. 1996)). Thus, Plaintiff's request should be denied.

**RESPONSE TO MOTION *IN LIMINE* #7 [ECF No. 39, pg. 8]**

For purposes of this litigation only, Defendant does not oppose this Motion.

**RESPONSE IN OPPOSITION TO MOTION *IN LIMINE* #8 [ECF No. 39, pg. 9]**

Plaintiff requests that Defendant be excluded from making statements that its medical experts performed an "independent" medical evaluation. As directly addressed in *Conway v. Celebrity Cruises, Inc.*, Plaintiff here takes issue with the "title" of the medical evaluation. No. 19-24470-CIV, 2022 WL 1202874, at *3 (S.D. Fla. Apr. 22, 2022). "This argument is without merit." *Id*. Similar to the plaintiff in *Conway*, Plaintiff here "fails to suggest why this title, which is commonly used by courts, is improper or a 'clear representation of the [expert's] neutrality.'" *Id*. There is no showing that Plaintiff would be substantially prejudiced by use of the word "independent" and has failed to show that this evidence is clearly inadmissible on all grounds. *Smith v. Carnival Corp. & PLC*, No. 22-CV-22853, 2023 WL 8370478, at *10 (S.D. Fla. Dec. 4, 2023). Thus, Plaintiff's request for Defendant to be prohibited from making statements that its medical experts performed an "independent" medical evaluation, should be denied.

**RESPONSE IN OPPOSITION TO MOTION *IN LIMINE* #9 [ECF No. 39, pg. 10]**

Plaintiff ostensibly seeks to hold Defendant to deposition testimony given by its 30(b)(6) representative prior to the benefit of completing discovery in this matter. This Motion should be denied as it is overbroad and inappropriate for a motion *in limine*. Indeed, the cases cited by Plaintiff speak to the expectations of a corporate representative's testimony, but none support the relief Plaintiff seeks here.

#64528163 v1

"Motions *in limine* should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial, or (re)-addressing substantive motions such as motions for summary judgment." *Holder v. Anderson*, No. 3:16-cv-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. July 22, 2003). This Court should refuse to categorically exclude such testimony without first being apprised of the nature of such testimony and the purpose for its introduction. *Powers v. Target Corp.*, No. 19-cv-60922-BLOOM/Valle, 2020 WL 1986968, at *8 (S.D. Fla. April 27, 2020) (citing *Holder*). Here, Plaintiff has not identified any specific testimony from Defendant's 30(b)(6) representative that it seeks to exclude, and the relief sought here is thus improper. "Because Plaintiff does not indicate how Defendant's corporate representative's testimony might change, or why Plaintiff would not be able to address any such change upon cross-examination, Plaintiff fails to meet her burden of establishing that such evidence should be excluded." *Ramirez v. Carnival Corp.*, No. 22-CV-21202-BLOOM/Otazo-Reyes, 2023 WL 3318723, at *3 (S.D. Fla. May 9, 2023).

Further, it is important for Defendant's corporate representative to be able to respond to any allegations argued by Plaintiff at trial. Rather than holding Defendant to a transcript consisting of questions asked by Plaintiff's counsel, the more appropriate approach is for this Court to consider objections raised during trial. *See Morrison v. Royal Caribbean Cruises, Ltd.*, 1:19-cv-21220-JG, ECF No. 89, pgs 2 – 3 (S.D. Fla. Aug. 28, 2020) (denying motion *in limine* on similar argument); *see also Kroll v. Carnival Corp.*, 1:19-cv-23017-JG, ECF No. 107, pg. 3 (S.D. Fla. Nov. 2, 2021) (same). If Defendant's 30(b)(6) representative testifies at trial differently than she did during her deposition, "Plaintiff is free to cross-examine and seek to impeach [her], just like any attorney may do with any witness whose trial testimony varies from her deposition testimony." *Kroll*, ECF No. 107 at pg. 3. Thus, Plaintiff's request should be denied.

**RESPONSE IN OPPOSITION TO MOTION *IN LIMINE* #10 [ECF No. 39, pg. 11]**

This Motion should be denied. Defendant disputes that its alleged negligence was the proximate cause of her claimed right knee pain and physical limitations. Any prior injuries or medical conditions provide a possible explanation of her physical limitations/injuries other than Defendant's negligence and are relevant to causation. "The defendant's ability to present alternate causes is of paramount importance in allowing for an adequate defense." *Higgs v. Costa Crociere S.p.A.*, 720 F. App'x 518, 520–21 (11th Cir. 2017) (quoting *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069-70 (11th Cir. 2014) (noting that because under Florida law, a plaintiff has the burden on all four elements of negligence, courts treat evidence presented by plaintiffs differently than evidence produced by defendants to rebut causation).

Specifically, Plaintiff here is claiming a right knee injury and nerve pain due to her fall onboard the vessel in 2024.  Prior to her claimed incident, Plaintiff fell in 2019 and sustained injuries to her left hand, left ankle, right knee, and left wrist. ECF No 42-3 (Plaintiff's Supplemental Answers to Interrogatories) at pg. 11, No. 10. In 2020, an MRI of her right knee showed patellar cartilage damage, patellar tendonitis, small knee joint effusion, and a dissecting popliteal cyst. ECF No. 38-1, pg. 2 (Report from Defendant's Neurologist Expert Recounting Pertinent Medical History). From 2021 to 2023, Plaintiff was evaluated by a rheumatologist for undifferentiated mixed connective tissue disease. *Id*. at pg. 3. At these appointments, Plaintiff reported symptoms including arthralgias, myalgias, hair loss, rash, swelling of hands and feet that all pre-date 2024. *Id.* There were also concerns for non-articular pain such as chronic myofascial pain or fibromyalgia. *Id.*

#64528163 v1

All of these prior injuries and medical conditions are relevant in the jury's evaluation of causation. *Higgs*, 720 Fed.Appx. at 520. Therefore, Plaintiff's motion should be denied.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests that this Court deny Plaintiff's Omnibus Motions *in Limine* [ECF No. 39], and for any further relief this Courts deems just and proper.

Dated: August 18, 2025

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Walter Cooper Jarnagin*
    Michael J. Drahos
    Florida Bar No. 0617059
    michael.drahos@gray-robinson.com
    W. Cooper Jarnagin
    Florida Bar No. 117767
    cooper.jarnagin@gray-robinson.com
    Ashley Genoese
    Florida Bar No. 1019357
    ashley.genoese@gray-robinson.com