UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-24361-KMM

DARLENE WAMPOLE,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF FACTS**
**IN SUPPORT OF SUMMARY JUDGMENT**

Plaintiff, DARLENE WAMPOLE, (hereinafter "WAMPOLE") by and through his undersigned counsel, and pursuant to Fed. R. Civ. P. 56(a), hereby responds to Defendant, CARNIVAL CORPORATION'S (hereinafter "CARNIVAL") Statement of Facts in Support of its Motion for Summary Judgment against. WAMPOLE states as follows:

**WAMPOLE'S Response to CARNIVAL'S Statement of "Facts"**

1. Undisputed unless other facts come to WAMPOLE and/or her counsel's attention.

2. Undisputed unless other facts come to WAMPOLE and/or her counsel's attention.

3. Disputed to the extent that CARNIVAL is claiming it had no involvement in the design of this hot tub and hatch at all. As explained further in Plaintiff's response to CARNIVAL's motion for summary judgment, [DE 44], CARNIVAL produced a purchase order in discovery that directs the builder (Tutto Tondo Solutions, LLC), to "Sand, prep, and primer **at rusted areas** as needed. White pain and Blue skirting to match as per CCL specifications." See Composite Exhibit 4 at p. 4.

4. Undisputed unless other facts come to WAMPOLE and/or her counsel's attention.

5. Undisputed unless other facts come to WAMPOLE and/or her counsel's attention.

6. Undisputed unless other facts come to WAMPOLE and/or her counsel's attention.

7. Undisputed unless other facts come to WAMPOLE and/or her counsel's attention. However, WAMPOLE disputes CARNIVAL's framing of the incident as less severe than it was.

8. Undisputed that no prior incidents or complaints were disclosed, disputed to the extent that prior incidents may have occurred but not have been reported to CARNIVAL.

9. Undisputed that no prior incidents or complaints were disclosed, disputed to the extent that prior incidents may have occurred but not have been reported to CARNIVAL.

10. Disputed. CARNIVAL's corporate representative testified that "**there might have been a leak of some sort that the whirlpool might have had**. I think those were the two work orders that were produced." See [DE 41-4 at 33:21-34:2 (emphasis added); see also Exhibit 2 at p. 2 (batestamp GR000116).

### WAMPOLE'S Additional Statement of Material Facts

11. The area immediately underneath the wooden hatch was visibly rusted, degraded, and poorly maintained, as seen in the photographs taken below by WAMPOLE's expert engineer, Dr. Francisco De Caso, during his April 18, 2025 inspection of the Carnival Conquest during this litigation. Moreover, the hatch was missing a support beam at the time of WAMPOLE's incident. This combination of factors caused the hatch to collapse as WAMPOLE walked across it. See Report of WAMPOLE'S expert engineer, Dr. Francisco De Caso, Exhibit 1 at p. 14-23.

12. CARNIVAL's security officer watch report taken during its investigation of the incident states that "parts of wooden deck seemed to be soft and damage [sic] thereby area was cordoned/secured for safety reason." See Exhibit 3 at p. 6 (batestamp GR000006).

13. WAMPOLE has evidence that CARNIVAL not only approved of this dangerous area and hatch design, but actively participated in its design. During discovery, CARNIVAL produced the purchase order for the whirlpool with the hatch, which directs the builder (Tutto Tondo Solutions, LLC), to "Sand, prep, and primer at rusted areas as needed. White pain and Blue skirting to match as per CCL specifications." See Exhibit 4 at p. 4.

14. WAMPOLE asked whether the area being discussed was connected to the subject jacuzzi structure involved in the incident in any way, but the corporate representative did not know. See Deposition Transcript of Defendant's Design Corporate Representative, Michael Upton, Exhibit 5 at 23:15-18, 24:11-21.

15. WAMPOLE took photographs after her incident, attached hereto as Exhibits 6 and 7.

**WHEREFORE**, Plaintiff DARLENE WAMPOLE respectfully requests that this Honorable Court deny Defendant CARNIVAL CORPORATION'S motion in total, and to grant all other relief this Honorable Court deems just and appropriate.

3

**CERTIFICATE OF SERVICE**

We hereby certify that on August 18, 2025, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,
**ARONFELD TRIAL LAWYERS**
1 Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
Tel:  (305) 441- 0440
Fax: (305) 441 - 0198
Attorneys for WAMPOLE

By:     */s/ Matthias M. Hayashi, Esq.*
Matthias M. Hayashi, Esq.
Florida Bar Number: 115973
mhayashi@aronfeld.com
Spencer Marc Aronfeld, Esq.
Florida Bar Number: 905161
aronfeld@aronfeld.com