**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:24-CV-24361-KMM**

**DARLENE WAMPOLE**,

       Plaintiff,

v.

**CARNIVAL CORPORATION,**

       Defendant.

_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby

files this Reply to Plaintiff's Response in Opposition [ECF No. 45] to Defendant's Motion for

Summary Judgment [ECF No. 41], and states as follows:

**I.**     **Plaintiff Fails to Provide Record Evidence That Carnival Knew or Should Have**
       **Known of a Danger Associated With the Wooden Maintenance Hatch**

On Counts I through III, Carnival's liability here hinges on whether it knew or should have

known about Plaintiff's risk-creating condition. The Court's analysis in this case is instructed by

the Eleventh Circuit decisions in *Tesoriero v. Carnival Corp.*, 965 F.3d 1170 (11th Cir. 2020) and

*Sutton v. Royal Caribbean Cruises, Ltd.*, 774 Fed.Appx. 508 (11th Cir. 2019), which Plaintiff fails

to distinguish in her response. For the reasons below, Carnival respectfully submits that Plaintiff's

record evidence fails to show it had actual or constructive notice of a danger associated with her

incident.

First, it is undisputed that there are no prior incidents involving a floor collapsing or a hole

opening for the subject area or similar areas within the *Conquest*-class of vessels. *See* ECF Nos.

40 and 44, SOF ¶ 8. It is also undisputed that there were no passenger complaints referencing floors collapsing or holes opening for elevated wooden decks within the *Conquest*-class. *Id*. at SOF ¶ 9. Plaintiff also fails to provide any work order reports regarding the subject hatch where Plaintiff fell. *Id*. at SOF ¶ 10.

Plaintiff here does not identify "any prior accidents reports, passenger reviews or complaints, inspection reports, or other documents evidencing any actual or potential safety issues" involving the wooden structure and maintenance hatch adjacent to the hot tub that would alert Carnival to any danger. *Sutton*, 774 Fed. Appx. at 511 – 12. Without such evidence of a potential danger, Plaintiff here has failed to show Carnival had constructive notice of any-risk creating condition associated with her incident. *Id*. at 512.

Plaintiff's cited record evidence fails to create a genuine issue of material fact as to notice. In her response, Plaintiff claims she has met her burden at the summary judgment stage through:

1.  A work order from over two (2) years prior to her incident referring to "Deck 14 port side whirlpool leaking from pump and rust casing." ECF No. 45, pgs. 6 – 7.

2.  A security watch report generated *after* and *as a result of Plaintiff's incident* referencing that the wooden deck was damaged and was cordoned off/secured for safety reasons. *Id*. at pgs. 7 – 8.

3.  "Photographic and expert evidence… that the area immediately underneath the hatch had become dangerously rusted and degraded." *Id*. at pg. 8.

4.  Her expert's report that lists alleged industry standards. *Id*. at pgs. 8 – 13.

First, the work order does not pertain to her alleged danger and therefore does not present a genuine issue of material fact as to Carnival's notice. Plaintiff relies on *Selfridge v. Carnival Corp.*, 20-23308-Civ-TORRES, 2022 WL 796378, at *7 (S.D. Fla. Mar. 16, 2022) for support, but that case is different. The *Selfridge* plaintiff alleged he was injured as a result of a defective or

malfunctioning glass door and rug – a door he was opening suddenly and abruptly slammed on him, he stumbled forward and tripped on a tip of a rug. *Id*. at *1. Work orders there discussed issues with the glass door – at least one specifically mentioned the door could not open/close properly. *Id*. at *6-7. At the summary judgment stage, Judge Torres found a reasonable jury could conclude these work orders pertained to the door's hinges or dampening mechanism, and as such, Carnival should have been aware of the alleged danger. *Id*.

As opposed to the alleged malfunctioning door in *Selfridge*, Plaintiff here claims a maintenance hatch she was walking over collapsed.  The work order she relies on, generated over two years prior to her incident, does not address any issues with the structural integrity of the wooden deck adjacent to hot tub or the maintenance hatch she fell through. The fact that a work order was opened to address a leaking whirlpool years ago does not demonstrate Carnival knew or should have known a maintenance hatch could have collapsed as a passenger walked across it. That this work order could somehow be related to Plaintiff's incident is mere speculation, and "speculation [is] insufficient to create a genuine issue of material fact." *Sutton*, 774 Fed.Appx. at 512 (citing *Lipkin v. Norwegian Cruise Line Ltd.*, 93 F.Supp.3d 1311, 1323 (S.D. Fla. 2015) ("The mere implication of actual or constructive notice is insufficient to survive summary judgment; rather, a plaintiff must show specific facts demonstrating, at least, that the purported defect was detectable with sufficient time to allow for corrective action.") (internal quotation marks omitted)).

Second, as to the security watch report generated following Plaintiff's incident, this also fails to show Carnival knew or should have known of a danger. The security watch report demonstrates corrective action taken by Carnival *as a result of her* incident. Plaintiff fails to cite to any cases demonstrating that corrective action *as a result of the subject incident* can somehow

#64535094 v1

show the carrier's notice of the *alleged risk-creating condition before it happened.* That would not make sense. Fed. R. Evid. 407.

Third, Plaintiff's contention that photographic and expert evidence that "the area immediately underneath the hatch" had "become dangerously rusted and degraded" fails to create a genuine issue of material fact. Indeed, much of Plaintiff's response to Defendant's summary judgment motion accuses the deck of being rusted and degraded. Aside from being attorney argument, it bears noting that Plaintiff's own expert does not conclude that the maintenance hatch collapsed due to rust or degradation – instead, he posits that the falling incident occurred "due to the lack of adequate support beneath the access cover, resulting in a load path interruption and subsequent collapse of the walking floor surface[.]" ECF No. 44-1, pg. 23. There is no evidence in this case that the maintenance hatch collapse was due to rust, degradation, or floor rot. Even if Plaintiff's expert had provided such an opinion, there is still no record evidence that Carnival knew or should have known the maintenance hatch was at risk for collapse.

Fourth, Plaintiff's expert report that references standards and guidelines, standing alone, is not sufficient to survive summary judgment as to whether Carnival had notice of the alleged risk-creating condition. At the outset, all of these purported standards and guidelines are generic and Plaintiff fails to show how they have any application to a maintenance hatch of a wooden deck.

Most importantly, all of Plaintiff's cited cases contained record evidence of notice *in addition to expert opinions regarding failure to comply with standards and guidelines.*

- In *Bunch v. Carnival Corp.*, 825 Fed.Appx. 713 (11th Cir. 2020), the Eleventh Circuit reversed summary judgment where there was evidence in the record of (1) similar, reflective metal thresholds on other decks of the ship, (2) that Carnival had

warned of the similar thresholds, and (3) there were prior tripping incidents on those similar thresholds. *Id*. at 717-18.

- In *Holderbaum v. Carnival Corp.*, 87 F.Supp.3d 1345 (S.D. Fla. 2015), the plaintiff alleged she fell while descending a staircase because her shoe caught a metal "wear strip" on the nose of the stair. *Id*. at 1348. Plaintiff there presented evidence that Carnival places "Watch Your Step" warnings signs in comparable locations on the ship, and there was evidence that other passengers had nearly identical accidents on stairways with similar strips. *Id*. at 1354. And, the Court found that Carnival "created" the condition, and therefore did not need to provide evidence of notice, relying on since-abrogated cases. *Id*. at 1355-56. [1]

- In *Andersen v. Royal Caribbean Cruises Ltd.*, 543 F.Supp.3d 1346 (S.D. Fla. 2021), the plaintiff slipped and fell in water that came through the ceiling of his cabin suite. Defendant admitted it had actual notice of the water leak. *Id*. at 1356. Specifically, the leaking water existed for approximately one hour and multiple crewmembers knew about it. *Id*. 1357.

This case is more like *Francis v. MSC Cruises, S.A.*, No. 21-12512, 2022 WL 4393188 (11th Cir. Sept. 23, 2022). There, the plaintiff slipped and fell on an allegedly slippery deck. She argued the cruise line had constructive notice in part because the slip resistance of the flooring failed to meet industry standards." *Id*. at *3. The district court granted summary judgment in the

---

[1] *Pizzino v. NCL (Bahamas), Ltd.*, 709 Fed.Appx. 563, 566-67 (11th Cir. 2017) held that *Rockey v. Royal Caribbean Cruise, Ltd.* and its progeny – cases that held a vessel operator could be held liable for "creating" a hazardous condition without evidence of notice – were wrongly decided. The Eleventh Circuit's *Yusko v. NCL (Bahamas), Ltd.* opinion soon followed which re-affirmed the notice requirement where a passenger seeks to hold a shipowner liable for maintaining a dangerous premises or for negligence related to the inactions of other passengers. 4 F.4th 1164, 1170 (11th Cir. 2021).

cruise line's favor because plaintiff failed to show that it knew or should have known that the deck

material was unreasonably slippery. *Id.* at \*2. The Eleventh Circuit affirmed and addressed that

industry standards alone are not sufficient to prove notice:

> Francis's evidence on industry standards, even when combined with MSC's internal guidelines and instructions broadly addressing wet floors, was insufficient to create a fact issue on notice. Our decision might be different if she had shown that MSC knew its flooring fell below industry standards on slip resistance, was aware of substantially similar incidents, or had taken corrective measures in the same area or on the type of flooring on which Francis fell. As it stands, however, Francis has failed to adduce evidence showing that MSC knew or should have known that its flooring was a dangerous condition due to its failure to comply with industry standards on slip resistance. Accordingly, the district court did not err in concluding that Francis failed to create a triable issue of fact on whether MSC had notice of the allegedly dangerous condition posed by the flooring.

*Francis*, No. 21-12513, 2022 WL 4393188, at \*4.

> Moreover, as Judge Scola addressed in *Tuite v. Carnival Corp.*:

> An expert's determination that a shipboard condition fails to comply with safety standards, no matter how long it has been in that condition, standing alone, fails to connect the noncompliance to a showing that the carrier *should have known* about the noncompliance. In other words, Tuite must still go beyond the mere fact of the alleged noncompliance and show that, again, there is something about the hazard that should have prompted Carnival to recognize and correct it.

713 F.Supp.3d at 1338, 1348 (S.D. Fla. 2024) (emphasis in original). Here, Plaintiff has failed to

show something about her hazard that should have prompted Carnival to recognize and correct it,

and the cited standards alone are not evidence of Carnival's notice.

II. **Plaintiff Fails to Provide Record Evidence Carnival Designed, Installed, or Approved of Design of Wooden Hot Tub Maintenance Hatch**

In addition to failing to provide evidence of notice on Count III, Plaintiff's record evidence fails to show Carnival designed, installed, or approved of the design of the hot tub maintenance hatch.[2]

Instead, the evidence demonstrates a third-party was responsible for the design and installation of this structure. Carnival produced a purchase order for the installation of this hot tub and the wooden deck adjacent to it. ECF No. 40-3. A contractor, Tutto Tondo Solutions LLC ("Tutto Tondo"), was hired for the design and installation of this structure. ECF No. 44-5, 9:13 – 22. The structure was added to the ship during a 2017 drydock while the *Conquest* was out of service. *Id*. Tutto Tondo would have fabricated, shipped, and installed this structure onboard. *Id.*

The record demonstrates Tutto Tondo was responsible for the design and installation of this structure, and Plaintiff fails to show Carnival is responsible for an alleged improper design associated with her incident. *Mendel v. Royal Caribbean Cruises, Ltd.*, No. 10-23398-CIV, 2012 WL 2367853, at *2 (S.D. Fla. June 21, 2012) (citing *Groves v. Royal Caribbean Cruises Ltd.*, 463 Fed.Appx. 837 (11th Cir. 2012) (affirming summary judgment where plaintiff-passenger presented no evidence that defendant cruise line "actually created, participated in, or approved the alleged negligent design of these areas near the dining room where [plaintiff] was injured."); *Rodgers v. Costa Crociere, S.P.A.*, 410 Fed.Appx. 210 (11th Cir. 2010) (affirming pre-trial summary judgment of improper design and installation of stairs where there was no evidence that cruise line actually designed the stairs); *Thomas v. NCL (Bahamas), Ltd.*, 203 F. Supp. 3d 1189, 1194 (S.D.

---

[2] There are some remarks throughout Plaintiff's response that accuses Carnival of not knowing answers to her questions during a corporate representative deposition and that she intends to reopen discovery based on same. As of the filing of this reply, Plaintiff has not filed any such motion requesting this relief. Discovery is closed and pre-trial motions are fully briefed, and Plaintiff has waived any relief. Moreover, Carnival submits Plaintiff knows everything it knows regarding this wooden structure installed over eight years ago.

Fla. 2016) (granting summary judgment where there was no evidence in the record NCL installed, manufactured, or designed deck surface); *Diczok v. Celebrity Cruises, Inc.*, 263 F.Supp.3d 1261 (S.D. Fla. 2017) (granting summary judgment where plaintiff did not show cruise line actually participated in or approved the design of a table that he ripped over).

### III. Plaintiff Fails to Address Carnival's Arguments Regarding Vicarious Liability

Plaintiff's response fails to address Carnival's arguments that vicarious liability is not applicable to this case and that she has failed to meet her burden on Counts IV and V at summary judgment. Plaintiff's only mention of vicarious liability is that she does not need to prove notice [ECF No. 45, pg. 14] – which is not Defendant's argument here.

To be sure, Plaintiff does not name any crewmember anywhere in her response.[3] She does not name any action by any crewmember that she contends caused or contributed to her injuries. She fails to distinguish the *Hodson* and *Selfridge* cases that granted summary judgment on vicarious liability theories. In the Eleventh Circuit, a "party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed." *Stucky v. BMW of N. Am., LLC*, No. 20-81010-CIV, 2020 WL 14010614, at *4 (S.D. Fla. Nov. 19, 2020) (quoting *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014)).

Plaintiff's failure to respond to Carnival's arguments regarding vicarious liability, and failure to provide any record evidence of crewmember negligence, warrants summary judgment on Counts IV and V.

---

[3] Plaintiff cites to certain cases on pages 14 and 15 of her response. The majority of those allowed a vicarious liability claim to survive at the *motion to dismiss stage*. None hold that Plaintiff can proceed past summary judgment without evidence of a crewmember's allegedly negligent action.

## IV.      Conclusion

Although Plaintiff's injuries "are unfortunate, liability cannot rest on sympathy alone." *Caloggero v. Carnival Corp.*, 757 F. Supp. 3d 1324, 1335 (S.D. Fla. 2024) (quoting *Lugo v. Carnival Corp.*, 154 F.Supp.3d 1341, 1346 (S.D. Fla. 2015)).  A shipowner "is not liable to passengers as an insurer, but only for its negligence." *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989).

The facts here demonstrate that a third-party contractor installed the subject wooden deck on the *Conquest* in 2017. There is no record evidence of any prior safety concern associated with Plaintiff's incident involving a collapsing maintenance hatch on this wooden deck.

Plaintiff fails to show Carnival knew or should have known of a danger associated with her incident at the summary judgment stage. Additionally, she fails proffer evidence of any crewmember negligence necessary to sustain her vicarious liability claims. As such, she fails to present a genuine issue of material fact that warrants a trial, and Carnival is entitled to summary judgment on all counts within her Complaint.

Dated: August 25, 2025

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Walter Cooper Jarnagin*
    Michael J. Drahos
    Florida Bar No. 0617059
    michael.drahos@gray-robinson.com
    W. Cooper Jarnagin
    Florida Bar No. 117767
    cooper.jarnagin@gray-robinson.com
    Ashley Genoese

#64535094 v1

Florida Bar No. 1019357
ashley.genoese@gray-robinson.com

#64535094 v1