**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:24-CV-24361-KMM**

**DARLENE WAMPOLE**,

      Plaintiff,

v.

**CARNIVAL CORPORATION,**

      Defendant.

_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S STATEMENT OF MATERIAL FACTS
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND
DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel, files its Reply to Plaintiff's Response [ECF No. 44] to Defendant's Statement of Material Facts in Support of its Motion for Summary Judgment [ECF No. 40], and its Response to Plaintiff's Additional Statement of Material Facts [ECF No. 44, pg. 2].

**REPLY TO PLAINTIFF'S RESPONSE TO STATEMENT OF MATERIAL FACTS**

3.      The language quoted from the 2017 purchase order from Tutto Tondo Solutions LLC cannot be read as pertaining to the structure that Plaintiff alleges collapsed beneath her, or Carnival's involvement in the design, installation, or approval of same.

10.      Plaintiff's cited record evidence does not create a genuine issue of material fact. Plaintiff's cited work orders do not pertain to the subject hatch involved with Plaintiff's incident.

**RESPONSE TO PLAINTIFF'S ADDITIONAL STATEMENT OF MATERIAL FACTS**

11.      Disputed that photographs taken over a year following the incident show an area underneath the hatch that is "visibly rusted, degraded, and poorly maintained." Regardless,

#64534910 v1

Plaintiff's expert opinion fails to create a genuine issue of material fact, as it does not speak to Carnival's notice of a danger associated with Plaintiff's incident.

12.     Undisputed that following Plaintiff's incident, Carnival's security officer cordoned off the area and generated a security officer watch report. Disputed to the extent Plaintiff argues this security officer's observations of the wooden deck hatch *after* Plaintiff's incident places Carnival on notice of a danger *before* Plaintiff's incident happened.

13.     The language quoted from the 2017 purchase order from Tutto Tondo Solutions LLC cannot be read as pertaining to the structure that Plaintiff alleges collapsed beneath her, or Carnival's involvement in the design, installation, or approval of same.

14.     Undisputed that Carnival is without knowledge regarding whether the specific language quoted by Plaintiff's Counsel from 2017 purchase order refers to the subject jacuzzi structure. Regardless, this fails to create a genuine issue of material fact.

15.     Undisputed.

Dated: August 25, 2025

<div style="margin-left:50%">

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Walter Cooper Jarnagin*
  Michael J. Drahos
  Florida Bar No. 0617059
  michael.drahos@gray-robinson.com
  W. Cooper Jarnagin
  Florida Bar No. 117767
  cooper.jarnagin@gray-robinson.com
  Ashley Genoese
  Florida Bar No. 1019357
  ashley.genoese@gray-robinson.com

</div>

#64534910 v1

#64534910 v1