**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:24-CV-24361-KMM**

**DARLENE WAMPOLE**,

      Plaintiff,

v.

**CARNIVAL CORPORATION,**

      Defendant.

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO CONTINUE TRIAL, REOPEN DISCOVERY, AND TO**
**STAY RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel, responds in opposition to Plaintiff's Motion to Continue Trial, Reopen Discovery, and to Stay Ruling on Defendant's Motion for Summary Judgment [ECF No. 50], and states as follows:

**ARGUMENT**

Plaintiff requests that trial be continued, discovery reopened, and a ruling on Defendant's summary judgment motion be stayed based on responses to three or so questions asked during a corporate representative deposition. Plaintiff's Motion should be denied in full.

First, Plaintiff waived any relief stemming from this deposition by waiting until Defendant's motion for summary judgment was fully briefed to move the Court for this relief. Discovery closed on July 21, 2025, per this Court's Order. ECF No. 32. The deposition testimony at issue was given on July 30, 2025. *See* ECF No. 50-1. Only in response to Defendant's motion for summary judgment did Plaintiff first raise any issue with this testimony to the Court. ECF No.

1

45, pgs. 4 – 5. And it was not until after the Defendant's reply was filed, once the Court pressed this issue with Plaintiff [ECF No. 49], that any relief was sought.

Second, Plaintiff's motion fails to satisfy her burden in showing that outstanding discovery will enable her to rebut Defendant's showing of the absence of a genuine issue of material fact. The Eleventh Circuit has made clear that "the party opposing the motion for summary judgment bears the burden of calling to the district court's attention any outstanding discovery." *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1286 (11th Cir. 2019) (quoting *Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870–71 (11th Cir. 1988)). The preferred vehicle for advising a district court of the need for further discovery is an affidavit or declaration submitted under Federal Rule of Civil Procedure 56(d). *Id*. at 1287. To invoke this Rule, a party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts," but "must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Id.* (quoting *Reflectone, Inc. v. Ferrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989) (citation and internal quotation marks omitted).

Plaintiff fails to specifically demonstrate how postponement of a ruling will enable her to rebut Defendant's Motion. No argument has been made regarding how further discovery will benefit her – Plaintiff's Motion does not even rise to a level of "vague assertions." And no affidavits or declarations have been filed to support her burden.

Third, assuming Plaintiff's now-issue of the corporate representative testimony had been timely raised, Defendant complied with its obligation under Federal Rule of Civil Procedure 30(b)(6). "Absolute perfection is not required of a 30(b)(6) witness. The mere fact that a designee could not answer every question on a certain topic does not necessarily mean that the corporation

2

failed to comply with its obligation." *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 691 (S.D. Fla. 2012).

In this case, Plaintiff claims she was injured after a maintenance hatch collapsed as she walked across it. This maintenance hatch is part of a teak wooden deck adjacent to a hot tub, on a particular deck of the Carnival *Conquest*, a 110,000 gross tonnage cruise ship originally delivered in 2002. The subject maintenance hatch is one small element of a very large cruise ship that has been sailing over 20 years. Defendant diligently searched and produced all documents in its possession pertaining to the installation of this wooden deck, and the corporate representative on this issue testified as to the documents available to Defendant. The documents produced included a purchase order from 2017 addressing that a third-party contractor was responsible for the teak wooden deck that included the maintenance hatch. ECF No. 40-3.

The fact that Defendant did not know whether a particular line item of that purchase order stating "Sand, prep, and primer at rusted areas" pertained to the jacuzzi structure does not mean he was unprepared, and it is further unclear how that has any bearing on the pending motion for summary judgment. Additionally, the corporate representative answered truthfully when stating he did not have any documents to attest to whether anyone spoke with the contractor prior to the contractor departing the ship, or whether a phone call was placed. Moreover, on whether a support beam was added following Plaintiff's incident, this was a matter *already addressed* by a separate corporate representative in a prior deposition in this case. ECF No. 40-4 (Deposition of M. Borcegue at 46:11 – 21) ("I know after the fact they did add a beam underneath that wasn't in – in that area before."). Mr. Upton, the corporate representative as to areas pertaining to design[1],

---

[1] Plaintiff's Motion accuses Defendant of failing to prepare "Ms. Campos" but cites to deposition testimony of Michael Upton, Senior Director of Hotel, Open Deck and Attractions Maintenance at Carnival. There is a Ms. Campos that testifies on behalf of another cruise line, but she is not involved with this Carnival case.

modification, and installation, was not designated to speak on corrective measures taken after Plaintiff's incident because that area of inquiry had already previously been addressed. And again, it is not clear from Plaintiff's motion how this affects the pending motion for summary judgment. For these reasons, the Court should deny Plaintiff's request to reopen discovery.

The Court should also deny Plaintiff's request for a trial continuance because it is premature. There is a fully briefed motion for summary judgment here that is case dispositive. Two cases being set for the same two-week trial period is nothing novel or surprising for Plaintiff's Counsel. Calendar call has not yet taken place in this case or the *Smith* matter, and thus at present there is no conflict. Any potential scheduling conflict can be addressed at that time.

Finally, the Court should deny Plaintiff's request to stay the ruling of Defendant's Motion for Summary Judgment, as Plaintiff provides no support of how postponement of a ruling will enable her to rebut Defendant's Motion.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests that this Court deny Plaintiff's Motion [ECF No. 50], and for any further relief this Court deems just and proper.

Dated: August 29, 2025

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Walter Cooper Jarnagin*
    Michael J. Drahos
    Florida Bar No. 0617059
    michael.drahos@gray-robinson.com
    W. Cooper Jarnagin
    Florida Bar No. 117767

#64621111 v1

cooper.jarnagin@gray-robinson.com
Ashley Genoese
Florida Bar No. 1019357
ashley.genoese@gray-robinson.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/Walter Cooper Jarnagin*

## SERVICE LIST
## CASE NO. 1:24-CV-24361-KMM

Matthias Masayasu Hayashi, Esq.
Spencer Marc Aronfeld, Esq.
Aronfeld Trial Lawyers
One Alhambra Plaza, Penthouse
Coral Gables, FL 33134
305-441-0440
*mhayashi@aronfeld.com*
*aronfeld@aronfeld.com*

*Attorneys for Plaintiff*

5

#64621111 v1