UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-24361-KMM

DARLENE WAMPOLE,

     *Plaintiff*,

v.

CARNIVAL CORPORATION,

     *Defendant*.

_____/

**REPLY IN SUPPORT OF MOTION TO CONTINUE TRIAL, REOPEN DISCOVERY, AND TO STAY RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, DARLENE WAMPOLE ("Plaintiff"), pursuant to Federal Rules of Civil Procedure 6(b) and 16(b)(4), and Local Rule 7.1 of the Southern District of Florida, respectfully files her reply in support of her motion for entry of an Order continuing the current deadlines and the trial date in this matter, to reopen discovery, and to stay a ruling on Defendant's motion for summary judgment, [DE 41]. In support, Plaintiff states as follows:

**II.      PLAINTIFF HAS GOOD CAUSE TO REQUEST TO REOPEN DISCOVERY AND TO STAY A RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT DUE TO DEFENDANT'S DESIGN CORPORATE REPRESENTATIVE BEING UNPREPARED TO ANSWER IMPORTANT QUESTIONS AT HIS DEPOSITION**

Defendant cites to *City of Miami Gardens v. Wells Fargo & Co*., 931 F.3d 1274 (11th Cir. 2019), which states that:

> Although "[a]t the pleading stage, ... factual allegations of injury resulting from the defendant's conduct may suffice," "[i]n response to a summary judgment motion, ... the plaintiff can no longer rest on such 'mere allegations,' but must 'set forth' by

affidavit or other evidence 'specific facts,' ... which for purposes of the summary judgment motion will be taken as true." Id. (quoting Fed. R. Civ. P. 56(e)).

*City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d at 1283. However, the evidence at issue is deposition related, which is already sworn, and therefore it makes no sense why an affidavit would be required in addition to the deposition testimony already submitted.

Plaintiff submitted evidence that Defendant know that the subject whirlpool had issues with "rust" both in the form of a work order, [DE 45 at p. 6], and in the form of a purchase order that suggested the same. [DE 45 at p. 13]. While Plaintiff believes that this is sufficient evidence to establish a genuine issue of material fact on the issue of notice and design, Defendant disagrees, and because Defendant disagrees, Plaintiff should be entitled to probe further about what knowledge Defendant has regarding these rust issues, which its corporate representative was completely unprepared to testify to. If Defendant would concede that Plaintiff has enough evidence to establish a genuine issue of fact on notice and design, Plaintiff would agree that she does not need to reopen discovery.

Moreover, Defendant's citation to page 46 of the previous corporate representative's deposition does not tell the whole story. On page 16 of the transcript Defendant cites, Plaintiff had already asked if the corporate rep knew details about the support beam, and the corporate representative testified as follows:

Q. Okay. I don't suppose you happen to know·whether or not there was any type of support beams that are underneath this structure. Like do you know if it is all supported just on the side walls, or do you know if there is any support beams underneath?

A. I don't really know what is underneath. I know that there has been an expert report in this matter that kind of explains how it is built. I don't have any information outside of that as to exactly what is underneath the hatch.

Q. Okay. And as far as how these things are normally or properly supposed to be designed, I am guessing you don't really know that today, right?

A. No. **Like I said, I really don't have any design information. This was installed in 2017, so now that's new research that needs to be done**. This wasn't original to the vessel.

See [DE 41-4 at 16:12-17:3] (emphasis added).

This response was one of the reasons why another corporate representative needed to be deposed in the first place, which Defendant agreed to, however, despite the fact that this previous corporate representative acknowledged that "I really don't have any design information. This was installed in 2017, so now that's new research that needs to be done[,]" apparently no such research was in fact done. This issue, as well as the rust, goes to the heart of both Defendant's knowledge of the danger of not having a support beam on its structure prior to Plaintiff's incident, as well as the lack of maintenance to the whirlpool area that likely caused the rust.

Defendant claims that Plaintiff somehow waited too long to raise the instant motion, however, as Defendant itself acknowledges, its corporate representative was deposed on July 30, 2025, and the instant motion was filed on August 27, 2025. Defendant's counsel knows that it often takes at least two weeks after a deposition is taken to obtain the transcript, and it takes more time after that to review the transcript and prepare a motion, especially while also attending to other commitments. The instant design corporate representative deposition transcript was not received until August 11, 2025, and filing the instant motion within sixteen (16) days of receiving the transcript is not an unreasonably long amount of time nor has Defendant established that it is.

Lastly, Defendant makes no showing of how it would be prejudiced to reopen discovery for the limited purpose of taking a follow up deposition on the design issues Plaintiff identified. What little prejudice Defendant might have easily could have been avoided if it had produced a corporate representative that was prepared to answer Plaintiff's questions.

**III.    GOOD CAUSE EXISTS TO CONTINUE THE TRIAL SINCE THERE IS ANOTHER TRIAL SCHEDULED FOR THE SAME TWO WEEK TRIAL PERIOD**

Finally, Defendant claims that it is too early to continue the trial due to the conflict with *Smith v. Carnival*, however, trial in Smith is less than three weeks away, Defendant does not offer any reason to think *Smith* will not go forward to trial, how counsel for both parties would be able to try both cases during the same trial periods, and Defendant does not explain what the harm would be to moving the instant trial in order to avoid any issues in an abundance of caution.[1] Here, a brief continuance is warranted for the reasons set forth above. Plaintiff's motion should therefore be granted.

**WHEREFORE**, Plaintiff respectfully request this Honorable Court enter an order granting the relief as discussed above, and any other relief this Honorable Court deems necessary or proper.

<u>**CERTIFICATE OF SERVICE**</u>

WE HEREBY CERTIFY that on September 2, 2025, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. WE ALSO CERTIFY that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

Respectfully submitted,

By:  */s/Matthias M. Hayashi, Esq.*
Spencer Marc Aronfeld, Esq.
Florida Bar Number: 905161
aronfeld@aronfeld.com
Matthias M. Hayashi, Esq.
Florida Bar Number: 115973
mhayashi@aronfeld.com
ARONFELD TRIAL LAWYERS
1 Alhambra Plaza | Penthouse
Coral Gables, Florida 33134
Tel:  (305) 441- 0440

---

[1] Counsel for the parties in *Smith* are mediating the *Smith* case this morning, and if the *Smith* case settles today, Plaintiff will advise this Honorable Court.

Fax: (305) 441 - 0198
Attorneys for Plaintiff