**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:24-CV-24361-KMM**

**DARLENE WAMPOLE**,

      Plaintiff,

v.

**CARNIVAL CORPORATION,**

      Defendant.

_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S SUPPLEMENTAL BRIEFING TO**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel and pursuant to this Court's Order [ECF No. 63], hereby files this Reply to Plaintiff's Supplemental Briefing [ECF Nos. 60 and 61] to Defendant's Motion for Summary Judgment [ECF No. 41], and states as follows:

**RESPONSE TO PLAINTIFF'S SUPPLEMENTAL**
**STATEMENT OF MATERIAL FACTS [ECF No. 60, pg. 3]**

16.      Undisputed.

17.      Undisputed that an additional support beam was added beneath the maintenance hatch *after* Plaintiff's incident.

18.      Disputed as a mischaracterization of Mr. Petrov's testimony. Mr. Petrov addressed that the subject hatch did not have rust. ECF No. 60-1 at 19:6 – 16.

19.      Disputed as a mischaracterization of Mr. Petrov's testimony. Additionally, whether or not steel can rust is not relevant to Plaintiff's claim and is immaterial to Defendant's arguments.

Moreover, Mr. Petrov addressed that the photographs he was presented with were not of the subject maintenance hatch. *Id.*; *see also* ECF No. 44-1 at pg. 12 (top four photographs).

20.     Undisputed that this is Mr. Petrov's testimony.

21.     Undisputed that in 2021 a work order was generated to treat rust on a jacuzzi pump casing – a separate piece of equipment unrelated to the maintenance hatch at issue in this case.

22.     Disputed as to Plaintiff's characterization that Mr. Petrov was "incorrect." Further, the cited record evidence for this purported material fact does not mention a pump casing at all. Further, the pump casing of the jacuzzi is a separate piece of equipment unrelated to the maintenance hatch at issue in this case.

23.     Undisputed.

24.     Undisputed this is Mr. Sanchez's testimony regarding the ship's bulkhead in 2017. Disputed to the extent Plaintiff implies this is in any way related to the maintenance hatch at issue in this case.

25.     Undisputed this is Mr. Sanchez's testimony.

26.     Undisputed that the subject maintenance hatch is pictured in design drawings drawn and submitted to Carnival by third-party Tutto Tondo Solutions LLC.

27.     Undisputed these are the design drawings submitted by third-party Tutto Tondo Solutions LLC.

#65058809 v1

**REPLY TO PLAINTIFF'S AMENDED SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF No. 61]**

A.   Testimony of Facility Maintenance Manager Yordan Petrov [ECF No. 61, pg. 7]

Plaintiff's cited testimony fails to create a genuine issue of material fact as to Defendant's notice. Whether or not there was rust on a jacuzzi pump casing three years before Plaintiff's incident does not to speak to whether Defendant knew or should have known that the subject wooden maintenance hatch was at risk for collapse.

B.   Testimony of Senior Project Manager for New Build and Refurbishment, Alexis Sanchez [ECF No. 61, pg. 15].

Plaintiff's cited testimony fails to create a genuine issue of material fact as to Defendant's notice. The fact that the maintenance hatch is depicted in design drawings received by Defendant from a third-party is not evidence that Defendant knew or should have known of a risk-creating condition. Additionally, this testimony is not indicative of any negligence by an employee. *Selfridge v. Carnival Corp.*, 20-23308-CIV, 2022 WL 796378, at *9 (S.D. Fla. Mar. 16, 2022).

Dated: October 17, 2025

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Walter Cooper Jarnagin*
Michael J. Drahos
Florida Bar No. 0617059
michael.drahos@gray-robinson.com
W. Cooper Jarnagin
Florida Bar No. 117767
cooper.jarnagin@gray-robinson.com

Ashley Genoese
Florida Bar No. 1019357
ashley.genoese@gray-robinson.com

#65058809 v1