UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-24361-KMM

DARLENE WAMPOLE,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO TAX COSTS AND PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS

Plaintiff DARLENE WAMPOLE requests that this Honorable Court deny or stay action on Defendant CARNIVAL CORPORATION'S bill of costs, pending the outcome of the ongoing appeal, or in the alternative, to reduce the costs Defendant is seeking consistent with Plaintiff's discussion below.

**I.**     **Plaintiff Respectfully Requests that the Bill of Costs be Stayed During the Pendency of the Ongoing Appeal Regarding this Case.**

District courts possess inherent power to stay litigation proceedings. See Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); see also Clinton v. Jones, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). This power may be exercised sua sponte. Crown Cent. Petroleum Corp. v. Dept. of Energy, 102 F.R.D. 95, 98 (D. Md. 1984) (citing Landis, 299 U.S. at 254-55); see Rice v. Astrue, No. 4:06-CV-02770-GRA, 2010 WL 3607474 at *2 (D. S.C. Sept. 9, 2010) ("Although there has been no request to hold the instant motion in abeyance, a federal court has the inherent power to stay, sua sponte, an action before it.").

In the interest of judicial economy, Plaintiff respectfully submits that this Court should

find that holding Defendant's bill of costs in abeyance pending the resolution of the appeal of the underlying action is the best present course of action. If this court does not enter a stay, there is a possibility that monies paid for costs will be transferred multiple times before the final successful party obtains their cost (or the case settles). While this would not be a burden for Defendant, it is a substantial burden for WAMPOLE.

Furthermore, if WAMPOLE's appeal is successful, such time and effort expended ruling on these matters will be a suboptimal use of this Court's resources because any such ruling in the present will need to be altered after the appeal and/or any subsequent trial, and it may be WAMPOLE who is entitled to recover his costs from Defendant. As such, WAMPOLE requests that Defendant's bill of costs be stayed pending the final resolution of the appeal in this matter or other final resolution thereof. See Reed v. Health & Human Servs., 774 F.2d 1270, 1277 (4th Cir. 1985), rev'd sub nom on other grounds, Lukhard v. Reed, 481 U.S. 368, 107 S. Ct. 1807, 95 L. Ed. 2d 328 (1987) (holding that a district court may defer ruling on a petition for attorneys' fees pending a final resolution of the merits).

Notably, courts in this district have stayed costs pending the resolution of appeals in cases such as this, as this Honorable Court issued such a ruling staying costs in the case of Lebron v. Royal Caribbean, 1:16-cv-24687-KMW, a case in which the Plaintiff was ultimately successful in overturning a District Court's adverse judgment. See Attached Order Staying Costs by the court in the Lebron Case, attached hereto as Exhibit 1.

## II.    Certain Items in the Bill of Costs are Improper or Unreasonable

Should this Honorable Court nevertheless decide to award costs now, Plaintiff submits the following objections to Defendant's bill of costs.

Federal Rule of Civil Procedure 54(d)(1) gives courts "discretionary authority" to tax costs and thus "grants a federal court discretion to refuse to tax costs in favor of the prevailing party." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). Further, a court must give "careful scrutiny" to all items proposed as costs. Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964); accord Koppinger v. Cullen-Schiltz & Assocs., 513 F.2d 901, 911 (8th Cir. 1975) ("The bill of costs proposed by a winning party should always be given careful scrutiny."). In evaluating whether to tax costs at all, and the reasonableness of those costs, this Court should also consider that WAMPOLE is a person of modest means. See e.g., Badillo v. Cent. Steel & Wire Co., 717 F.2d 1160, 1165 (7th Cir. 1983); Teague v. Bakker, 35 F.3d 978, 996 (4th Cir.

1994) (affirming denial of costs where plaintiffs were persons "of modest means").

a.    <u>Defendant Provides no Adequate Explanation For its Subpoena Costs</u>.

Defendant is seeking to recover higher service fees than what it is entitled to.

The statutory fee authorized by 28 U.S.C. § 1921 is the rate charged by the marshal. Costs associated with private process servers may not exceed the statutory amount permitted for service by the marshal. The rate charged by the marshal for service and process is, "[$65.00] per person per hour for each item served." 28 C.F.R. 0.114(a)(3).

Blanco v. Biscayne Wine Grp., LLC, 2014 WL 2653922, at *8 (S.D. Fla. June 13, 2014) (citations omitted); see also U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000) ("[F]ind[ing] persuasive the reasoning that § 1920(1) refers to the fees 'of' the marshal but does not require payment 'to' the marshal" and, accordingly, that the 'fees of the marshal' refers to fees authorized by § 1921, rather than fees collected by the marshal.") (citing Collins v. Gorman, 96 F.3d 1057, 1060 (7th Cir. 1996)).

As the Court in Frasca v. NCL (Bahamas) Ltd., No. 12--20662-]CIV, 2014 WL 4206697 (S.D. Fla. Aug. 25, 2014), rev'd and remanded on other grounds, 654 F. App'x 949 (11th Cir. 2016) found,

[a]s to [Defendant]'s arguments, the Court finds their reliance on Mull v. Trinity Yacht Sales & Chartering, LLC, No. 07–21358–CIV, 2009 WL 4594965, at *1 (S.D.Fla. Dec.1, 2009) to support their "buckshot" subpoena approach misplaced. In that case, there were 6 subpoenas-not 26 subpoenas-and they actually yielded evidence on plaintiff's alleged injuries. Id. Here, none of the subpoenas yielded any information and it is not clear why [Defendant] did not make the same call that Frasca's counsel's assistant did.

Consequently, the Court will exercise its discretion and grant in part and deny in part these requested costs.

Frasca, 2014 WL 4206697, at *3 (emphasis added). Here, Defendant has offered no reason to believe that these subpoenas yielded any evidence of WAMPOLE's injuries, much less any evidence beyond what she diligently disclosed to Defendant in discovery.

Moreover, the invoice Defendant attaches does not include any details about what was requested or why it was needed either.

Since Defendant has not carried its burden of demonstrating that these subpoenas were reasonable or necessary, WAMPOLE respectfully submits that this Honorable Court should deny these $1885.00 in costs. See Frasca., 2014 WL 4206697, at *3 (Denying Cruise Line

Defendant's motion to tax costs for a subpoena where "subpoenaing th[e] facility was neither reasonable nor necessary.").

b.        The Costs Relating to the Depositions Should be Limited.

WAMPOLE also respectfully submits that several additional charges included in the invoices for the depositions Defendant has attached should not be taxed against her.

"The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses." Katz v. Chevaldina, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015), appeal dismissed (Oct. 5, 2015) (citing Loranger v. Stierheim, 10 F.3d 776, 784 (11th Cir.1994)).

"Not all deposition costs are recoverable. Parties are ordinarily not reimbursed for extraneous costs associated with the depositions that are not expressly sanctioned or permitted by the statute. Courts in this District have determined that '. . . fees for expedited or condensed transcripts, compressed and miniscript versions, and CD ROMs with ASCII are not reimbursable under § 1920.'" Katz v. Chevaldina, 127 F. Supp. 3d at 1292-93 (citation omitted) (alterations in original) (quoting Licausi v. Symantec Corp., 2009 WL 3177566 *3 (S.D.Fla.2009)); see also Caron v. NCL (Bahamas) Ltd., No. 16-23065-CIV, 2018 WL 3672269, at *3-4 (S.D. Fla. May 30, 2018) (Finding that electronic transcripts, go-to-meeting charges, charges for expediting transcripts, rough drafts of transcripts, as well as video "copies [of depositions] were obtained for the convenience of counsel[,]" and therefore not recoverable), report and recommendation adopted, No. 16-23065-CIV, 2018 WL 3672270 (S.D. Fla. June 14, 2018)). Furthermore, "[c]ourier and postage fees are also not recoverable under § 1920. Likewise, shipping costs are not recoverable." Katz, 127 F. Supp. 3d at 1293 (citation omitted).

First, Defendant attaches an invoice for the transcript of Plaintiff's deposition. However, Defendant does not explain why it needed to incur the **$1,088.10** "2 Business Day Expedite" fee, why it needed to avail itself of the **$49.00** "DepoSummary Pro" fee, or why it needed the **$30.00** "Condensed Transcript" fee. See [DE 70-2 at p. 1]. Each of these items were unnecessary convenience charges that are not recoverable.

Second, Defendant attaches an invoice for the transcript of Kara Evans and Adam Pascoe (Plaintiff's treaters). However, Defendant does not explain why it needed both $30.00 (**$60.00 combined**) "Condensed Transcript" fees, or why it needed to avail itself of both $49.00 (**$98.00**

**combined**) "DepoSummary Pro" fees. See [DE 70-2 at p. 2].

Third, Defendant attaches an invoice for the transcript of Paige Shaw (Plaintiff's daughter). However, Defendant does not explain why it needed to avail itself of the **$49.00** "DepoSummary Pro" fee. See [DE 70-2 at p. 3].

Fourth, Defendant attaches three invoices for the depositions of Alexis Sanchez (30(b)(6)), **$452.90**, Yordan Petrov (30(b)(6)), **$463.90**, Michael Upton (30(b)(6)), **$510.00**, and Monica Borcegue (30(b)(6)). However, unlike the first three invoices, none of these three invoices for the last four witnesses include any meaningful breakdown of which charges were incurred for what, which makes it difficult for WAMPOLE to determine what charges were necessary and which were merely for convenience.

In conclusion, Defendant has failed to demonstrate how any of these costs are reasonable or necessary, and Plaintiff respectfully submits that these costs should not be taxed against her. See Katz, 127 F. Supp. 3d at 1293-94 ("Defendant has put forth no basis for an exception to the general rule that extraneous costs are not taxable in the case of the costs of her CD/Condense package, delivery, and e-transcripts. . . . Defendant seeks to tax costs for 'Mini/Word/ASCII' copies of Plaintiffs deposition transcript ($40.00), and 'handling' ($20.00) in addition to the $1099.00 for the transcript and reporter's appearance. . . . [However,] Defendant provided no explanation justifying any costs in addition to the transcript and attendance charges.") (emphasis added); see also Montanez v. Simon, 755 F.3d 547, 558 (7th Cir. 2014) (copies made for convenience of attorneys are not necessary and were disallowed).

Plaintiff respectfully requests that if this Honorable Court declines to stay ruling on Defendant's motion for costs pending the outcome of the ongoing appeal, and if it declines to deny Defendant's costs in total, that it deduct at the very least **$1,374.10** from Defendant's costs (the total combined convenience charges for WAMPOLE's deposition, her treaters' depositions, and her daughter's deposition. However, because Defendant did not attach proper invoices for the last four deposition transcripts it seeks to recover its costs for, WAMPOLE respectfully requests that **$2,800.9** be deducted from Defendant's costs (the $1,374.10 convenience charges plus $1,426.80 from the last four depositions that Defendant did not attach complete invoices for. Since WAMPOLE respectfully submits that Defendant's subpoena fees of **$1,655.00** should also be deducted, WAMPOLE respectfully submits that a total of **$4,455.90** be deducted from Defendants costs (all requested deductions), such that Defendant's total costs should be reduced

**5**

from $8,920.15 to **$4,464.25**.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to S.D. Fla. L. R. 7.1(a)(3), counsel for Plaintiff certifies that he has conferred with counsel for Defendant regarding her request to stay judgment on the above costs, but Defendant is opposed.

**WHEREFORE**, Plaintiff, DARLENE WAMPOLE, respectfully requests that this Honorable Court stay, or in the alternative, reduce the costs in Defendant CARNIVAL CORPORATION's motion, and grant all other relief this Honorable Court deems just and appropriate.

## CERTIFICATE OF SERVICE

We hereby certify that on December 15, 2025, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,
**ARONFELD TRIAL LAWYERS**
1 Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
Tel:  (305) 441- 0440
Fax: (305) 441 - 0198
Attorneys for Plaintiff

By:    */s/ Matthias M. Hayashi, Esq.*
Matthias M. Hayashi, Esq.
Florida Bar Number: 115973
mhayashi@aronfeld.com
Spencer Marc Aronfeld, Esq.
Florida Bar Number: 905161
aronfeld@aronfeld.com