UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-24361-MOORE/Elfenbein

DARLENE WAMPOLE,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO TAX COSTS

**THIS CAUSE** is before the Court on Defendant Carnival Corporation's Motion to Tax Costs (the "Motion"), ECF No. [70]. The Honorable K. Michael Moore referred the Motion to me "to take all necessary and proper action as required by law and/or to issue a Report and Recommendation regarding Defendant's Motion to Tax Costs." *See* ECF No. [71]. Plaintiff Darlene Wampole ("Plaintiff") filed a Response in Opposition, ECF No. [73], and Carnival filed a Reply, ECF No. [74]. For the reasons explained below, I respectfully **RECOMMEND** that the Motion, **ECF No. [70]**, be **GRANTED in part and DENIED in part.**

## I.       INTRODUCTION

This action arose from Plaintiff's allegations that she sustained injuries when she fell through a closed hatch on the elevated teak wood deck adjacent to a hot tub on the Carnival Conquest. *See* ECF No. [65] at 1-2. Plaintiff alleged that Carnival was negligent in failing to maintain the deck and hatch in a reasonably safe condition. *See generally* ECF No. [1]. After discovery, Carnival moved for summary judgment. *See* ECF No. [41]. On October 29, 2025, the District Court granted Carnival's motion, concluding that Plaintiff failed to establish that Carnival

1

had actual or constructive notice of the alleged dangerous condition. *See* ECF No. [65]. The Court thereafter entered Final Judgment in Carnival's favor on October 31, 2025. *See* ECF No. [67]. Plaintiff has since appealed the Final Judgment. *See* ECF No. [73] at 1-2.

On December 1, 2025, Carnival filed the Motion, seeking $8,920.15 in taxable costs as the prevailing party; however, the original Bill of Costs attached to the Motion incorrectly itemized the costs Carnival was seeking to tax. *See* ECF No. [70-1] at 1 (seeking to tax $4,733.00). Presumably, Carnival recognized the discrepancy, so it later filed a Corrected Bill of Costs reflecting its request to tax $8,920.15 consistent with the relief sought in the Motion. *See* ECF No. [72-1]. The request consists of two categories: (1) $1,655.00 for service of subpoenas on Plaintiff's medical providers, employer, and related entities; and (2) $7,265.15 for costs associated with deposition transcripts. *See* ECF No. [70] at 4-7; ECF Nos. [70-2], [70-3]. The request to tax deposition costs concerns the depositions of Plaintiff, Plaintiff's daughter and eye witness Paige Shaw, treating providers Kara Evans and Adam Pascoe, and Carnival's corporate representatives Monica Borcegue, Michael Upton, Alexis Sanchez, and Yordan Petrov. *See* ECF No. [70] at 4-5.

Plaintiff opposes the Motion on three grounds. First, she asks the Court to stay resolution of the Motion pending appeal. *See* ECF No. [73] at 1-2. Second, she argues that the request to tax subpoena costs should be denied because Carnival allegedly used a "buckshot" subpoena approach without showing that the subpoenas yielded useful evidence.[1] *Id*. at 3-4. Third, she objects to specified deposition charges — the costs for an expedited-transcript, condensed-transcript, and DepoSummary Pro fees — as non-taxable convenience items and argues that Carnival's four

---

[1] Plaintiff's Response refers at one point to "$1,885.00 in costs" associated with the subpoenas. *See* ECF No. [73] at 4. The actual subpoena total Carnival seeks to tax is $1,655.00. *See* ECF No. [70] at 7; ECF No. [72-1] at 1. The Court treats the reference to "$1,885.00" as a scrivener's error and analyzes Plaintiff's challenge as directed to the full $1,655.00 sought.

corporate-representative invoices are insufficiently itemized to allow review for similar charges. *See* ECF No. [73] at 4-5. In the alternative, Plaintiff requests that the Court deduct $4,455.90 from Carnival's request, consisting of $1,655.00 in subpoena costs, $1,374.10 in convenience charges, and what Plaintiff calculates as $1,426.80 for the four corporate-representative invoices, leaving a reduced cost award of $4,464.25.[2]

In its Reply, Carnival agreed to withdraw $1,374.10 in disputed deposition charges, consisting of expedited transcript charges, condensed transcript charges, and DepoSummary Pro charges. *See* ECF No. [74] at 6-7. Carnival otherwise maintains that its remaining costs are taxable. *Id*. at 7. Carnival also attached a revised Bill of Costs requesting $7,906.05. *See* ECF No. [74-3] at 1. The Court notes, however, that the revised total contains a mathematical inconsistency. Carnival's original request was $8,920.15, and Carnival expressly agreed to withdraw $1,374.10. *See* ECF No. [70] at 1; ECF No. [74] at 6-7. The mathematically correct revised request is, therefore, $7,546.05, not $7,906.05. The $7,906.05 figure reflects only a $1,014.10 reduction and leaves an unexplained $360.00 discrepancy. The Court, therefore, analyzes the costs based on the amounts supported by Carnival's own filings. The Motion is now ripe for review.

## II.     LEGAL STANDARDS

### A.  A Pending Appeal Does Not Automatically Stay Taxation of Costs

A district court possesses inherent authority to control its docket, which includes the discretion to stay proceedings before it. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (explaining that the power to stay proceedings is incidental to a court's authority to control its

---

[2] Plaintiff's Response calculates the four corporate-representative invoices as totaling $1,426.80. *See* ECF No. [73] at 5. The invoices in fact total $1,787.80. *See* ECF No. [70-2] at 5-7 (Sanchez $452.90; Petrov $463.90; Upton $510.00; Borcegue $361.00). The Court understands that Plaintiff is challenging the full amount of those invoices, notwithstanding the arithmetic discrepancy in her summary calculation.

docket); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (recognizing a district court's broad discretion to stay proceedings as part of docket management).  The filing of an appeal does not automatically deprive the district court of authority to decide collateral matters, such as costs.  *See Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 64-65 (11th Cir. 1982) ("It is well settled in this circuit that costs may be taxed after a notice of appeal has been filed.").

Whether to defer a bill of costs pending appeal is discretionary.  *See Sutton v. Royal Caribbean Cruise Line*, No. 16-CV-24707, 2018 WL 4282843, at *2, *6 (S.D. Fla. Sept. 7, 2018) (declining to stay taxation of costs pending appeal where the amount sought was discrete and the plaintiff did not show irreparable harm).  Courts in this Circuit frequently proceed with cost determinations during an appeal when the costs are routine, the record is complete, and the non-prevailing party has not shown concrete prejudice from immediate taxation.  *See Lavora v. NCL (Bahamas) Ltd.*, No. 15-CV-24285, 2017 WL 5308511, at *2 (S.D. Fla. Feb. 24, 2017) ("Here, the Court finds no persuasive reason to stay Defendant's Motion solely on the basis of a pending appeal."); *Grovner v. Ga. Dep't of Nat. Res.*, No. CV 213-89, 2015 WL 6453163, at *3 (S.D. Ga. Oct. 23, 2015) (finding no valid reason to delay its decision on taxation of costs simply because the non-prevailing party filed a notice of appeal); *Breedlove v. Hartford Life & Accident Ins. Co.*, No. 11–CV–991–Orl–28TBS, 2013 WL 361825, at *1–2 (M.D. Fla. Jan. 30, 2013) (denying request to stay decision on taxation of costs pending appeal and reasoning that "[t]he possible need to transfer money more than once does not equate to a showing of irreparable harm."); *Yale Galanter, P.A. v. Johnson*, No. 06-CV-60742, 2008 WL 1766907, at *1 (S.D. Fla. Apr. 14, 2008) ("While the Court understands it has the authority to deny the bill of costs without prejudice to refiling after resolution of the appeal, the Court prefers to rule upon the motion at this time and enter a judgment for costs.").

And although the court may consider a losing party's financial status, that information may be considered only in a narrow way. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc) (explaining that a court may consider the financial status of the non-prevailing party only with "substantial documentation of a true inability to pay"). "Comparing the financial resources of the parties would unduly prejudice parties with assets and undermine 'the presumption that Rule 54(d)(1) creates in prevailing parties' favor, and . . . the foundation of the legal system that justice is administered to all equally, regardless of wealth or status.'" *Id.* (quoting *Cherry v. Champion Int'l Corp.,* 186 F.3d 442, 448 (4th Cir. 1999); *Smith v. Southeastern Penn. Transp. Auth.,* 47 F.3d 97, 100 (3rd Cir. 1995)).

### B.  Rule 54(d)(1) and Section 1920 Govern Taxable Costs

Federal Rule of Civil Procedure 54(d)(1) provides that "costs — other than attorney's fees — should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order otherwise directs. Fed. R. Civ. P. 54(d)(1). Under Rule 54(d), the Eleventh Circuit recognizes a "strong presumption" that the prevailing party will recover taxable costs. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (quoting *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)). The losing party bears the burden of overcoming that presumption and showing that costs should not be awarded. *See Chapman*, 229 F.3d at 1039.

That presumption is limited by statute. A court may not award costs unless 28 U.S.C. § 1920 authorizes their taxation.. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987) (holding that federal courts are bound by the limits set out in § 1920 and may not tax costs beyond those categories absent express statutory authority); *see also Arcadian Fertilizer*, 249 F.3d at 1296 (reversing cost award for items not authorized by § 1920). Relevant here, § 1920

authorizes, among other items, "[f]ees of the clerk and marshal" and "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(1), (2). The prevailing party must submit a request that allows the court to determine what costs were incurred and whether those costs are recoverable. *See Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994) (placing burden on fee applicant to support request with sufficient detail).

### C. Private Process-Server Fees Are Taxable If Authorized and Necessary

As noted above, § 1920(1) authorizes "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1). The Eleventh Circuit interprets that provision to permit taxation of private process-server fees, so long as the requested fee does not exceed the amount authorized for service by the United States Marshal Service. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) (explaining that private process-server fees may be taxed under §§ 1920(1) and 1921); *Blanco v. Biscayne Wine Grp., LLC*, No. 13-CV-21314, 2014 WL 2653922, at *3 (S.D. Fla. June 13, 2014) (limiting private process-server recovery to the rate of the U.S. Marshal). The applicable regulation authorizes $65.00 per hour, or portion thereof, for each item served. *See* 28 C.F.R. § 0.114(a)(3).

The service of the subpoena must also be reasonably necessary to the litigation. *See EEOC*, 213 F.3d at 622-23 (analyzing the necessity of service-of-process expenses under § 1920(1)). In personal-injury cases, courts in this District have awarded subpoena-related service costs for medical providers when the plaintiff's medical condition is at issue. *See Lavora*, 2017 WL 5308511, at *3 (awarding costs for service of subpoenas to healthcare providers because the plaintiff's medical condition was at issue).

### D. Deposition Transcript Costs Are Taxable Only If Necessarily Obtained for Use in the Case

Section 1920(2) authorizes fees for deposition transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). A deposition transcript need not be used at trial to be taxable; use

at summary judgment is sufficient to establish that the deposition was "necessarily obtained for use in the case." *EEOC*, 213 F.3d at 621 (affirming taxation of deposition costs for transcripts relied upon in summary-judgment briefing). However, not every charge appearing on a court reporter's invoice is taxable. Convenience items such as expedited transcripts, condensed transcripts, summaries, and similar add-ons are generally not recoverable unless the prevailing party shows necessity. *See Watson v. Lake Cnty.*, 492 F. App'x 991, 996-97 (11th Cir. 2012) (affirming reduction of deposition-related costs incurred for convenience).

## III.    DISCUSSION

### A.  A Stay Pending Appeal is not Warranted

Plaintiff first asks the Court to stay resolution of the Motion pending appeal. *See* ECF No. [73] at 1. In support of this argument, Plaintiff argues that a stay would promote judicial economy because a successful appeal could alter the prevailing-party analysis and require later adjustment of any cost award. *Id*. at 1-2. Plaintiff also argues that immediate payment would burden her because money might have to change hands more than once if the appeal succeeds. *Id.* at 2. Plaintiff relies on *Lebron v. Royal Caribbean Cruises Ltd.*, No. 16-CV-24687-KMW, where the court stayed a bill-of-costs determination pending appeal. *See* ECF No. [73] at 2; ECF No. [73-1] at 1.

In its Reply, Carnival argues against a stay because the District Court's summary-judgment order applied well settled Eleventh Circuit maritime precedent on the issue of notice and does not present a novel appellate issue. *See* ECF No. [74] at 1. Carnival also states that courts in this District routinely tax costs during an appeal, particularly where the requested amounts are discrete and the non-prevailing party has not shown irreparable harm. *Id.* at 1-2.

CASE NO. 24-CV-24361-MOORE/Elfenbein

Here, Plaintiff has not met her burden to justify a stay.  The filing of an appeal does not prevent the Court from deciding a collateral cost motion.  *See Rothenberg*, 677 F.2d at 64-65.  And while the Court has discretion to defer a cost ruling, the circumstances here do not warrant a stay. The cost issues are fully briefed, the record is complete, and the request concerns routine § 1920 costs.  *See Sutton*, 2018 WL 4282843, at *2 (declining to stay taxation of costs pending appeal for similar reasons); *Lavora*, 2017 WL 5308511, at *2.  Plaintiff's reliance on *Lebron* does not change that conclusion as the request to stay the resolution of the motion to tax costs was unopposed.  *See* ECF No. [73-1] at 1.  Carnival opposes a stay here.  *See* ECF No. [74] at 1-2.  That distinction matters because Plaintiff has identified no case-specific reason, beyond the existence of an appeal, to delay resolution of this Motion.

Nor does Plaintiff's asserted financial status justify a stay.  Plaintiff states that paying costs now would be a substantial burden.  *See* ECF No. [73] at 2.  But she submitted no financial documentation showing a true inability to pay.  *See generally* ECF No. [73].  *Chapman* requires substantial documentation before financial status can overcome the presumption in favor of costs. *See* 229 F.3d at 1039.  And Plaintiff's sole argument on this issue — the burden involved in the potential transfer of money multiple times if Plaintiff's appeal is successful — is not the equivalent of a showing of financial hardship and is, therefore, unavailing.  *Breedlove*, 2013 WL 361825, at *1–2 ("The possible need to transfer money more than once does not equate to a showing of irreparable harm.").  Moreover, if Plaintiff prevails on appeal, the cost award can be vacated or adjusted. *See Sutton*, 2018 WL 4282843, at *2.  Accordingly, the request for a stay is not warranted and should, therefore, be **DENIED**.

8

**B. Carnival's Request for $1,655.00 in Service-of-Process Costs is Taxable**

Carnival seeks $1,655.00 for costs related to the service of subpoenas on Plaintiff's medical providers, employer, insurer, pharmacy, and related entities. *See* ECF No. [70] at 6-7. Carnival argues those subpoenas were necessary because Plaintiff placed her medical history, post-incident treatment, physical injuries, psychological injuries, and lost wages at issue. *Id.* at 5-6. Plaintiff responds that Carnival is seeking to tax costs at a rate higher than the rate of U.S. Marshal, Carnival used an overbroad "buckshot" subpoena approach, that Carnival has not shown the subpoenas yielded useful evidence, and that the invoice materials do not adequately explain what was requested or why. *See* ECF No. [73] at 3-4.

Contrary to Plaintiff's argument that Carnival is seeking to tax costs for service of subpoenas above the rate of the U.S. Marshal, the Court starts by finding that the amount requested is within the recoverable cap. In the Motion, Carnival provides a table that lists the actual charge incurred for service of the subpoena along with the reduced amount requested, all of which are at or lower than the rate of the U.S. Marshal. *See* ECF No. [70] at 6-7. Specifically, Carnival requests $30.00 for service on CVS Pharmacy and $65.00 for each of the remaining subpoenaed entities. *Id.* at 6-7. As the requested amounts do not exceed the rate of U.S. Marshal, the rates are authorized under § 1920(1). *See EEOC*, 213 F.3d at 624; 28 C.F.R. § 0.114(a)(3).

Turning to the next issue, the Court finds that the subpoenas were also reasonably necessary. In this lawsuit, Plaintiff alleged complex regional pain syndrome involving the right leg, back, right wrist, and arm; post-traumatic stress disorder and psychological trauma; and several right-knee conditions, including chondral fissures, patellar tendon issues, prepatellar edema, MCL contusion, and meniscal degeneration. *See* ECF No. [74-1] at 7-9. Plaintiff also alleged ongoing disability, impaired mobility, inability to drive a standard vehicle, and other

9

functional limitations. *Id.* at 7-9. Plaintiff separately asserted lost earnings and loss of future earning capacity. *Id.* at 20-21. Each entity Carnival subpoenaed corresponds to a provider, insurer, employer, or pharmacy that Plaintiff herself identified in her interrogatory responses. *Compare* ECF No. [70] at 6-7, *with* ECF No. [74-1] at 11-16, 20-21. Accordingly, Carnival's subpoenas were calibrated to discover complete medical information contained within Plaintiff's own disclosures and were not an indiscriminate "buckshot" sweep as Plaintiff contends. *See Lavora*, 2017 WL 5308511, at *3.

Plaintiff's primary authority on which she relies does not change the result. In *Frasca v. NCL (Bahamas) Ltd.*, No. 12-CV-20662, 2014 WL 4206697 (S.D. Fla. Aug. 25, 2014), the court reduced subpoena costs because the cruise-line defendant issued twenty-six subpoenas, the subpoenas yielded no information, and the defendant failed to explain why that approach was reasonable. Here, by contrast, Carnival showed that the subpoenas yielded material information that required Plaintiff to amend her discovery responses on a critical point of causation. *See* ECF No. [74] at 4-5. Plaintiff's initial response to Interrogatory No. 10 disclosed an April 2019 fall that she described as having injured "[p]rimarily the left ankle (not the right leg, which is the primary injury in the present case)." ECF No. [74-1] at 10. After Carnival received records produced in response to subpoenas served on Plaintiff's medical providers, Plaintiff served Second Supplemental Answers revising that disclosure to admit that the 2019 fall in fact involved a "[c]ontusion of left hand, contusion of left foot, contusion of left ankle, contusion of right knee, [c]ontusion of left wrist," and additional injuries she had not previously identified. *See* ECF No. [74-2] at 11; ECF No. [74] at 5. Because Plaintiff alleges that her right knee is among the primary body parts injured in the subject incident, the subpoenaed records bore directly on causation and damages. Plaintiff's argument would, in substance, require Carnival to take her initial discovery

disclosures at face value.  That is not the law.  When a plaintiff places her medical history at issue, the defendant is entitled to verify those claims through reasonably targeted discovery.  *See Lavora*, 2017 WL 5308511, at *3.  Accordingly, I respectfully recommend that the Court **AWARD** Carnival $1,655.00 in service-of-process costs.

### C.  Carnival's Request for $5,891.05 in Deposition Costs is Taxable

In the Motion, Carnival originally sought $7,265.15 in costs for the depositions of Plaintiff, Paige Shaw, Kara Evans, Adam Pascoe, and Carnival's four corporate representatives.  *See* ECF No. [70] at 4-5.  To support the necessity of these depositions, Carnival argues that it cited to Plaintiff's deposition and the corporate-representative depositions in summary-judgment briefing and that the remaining depositions were necessary to defend liability, causation, and damages at trial.  *Id.* at 4.  Plaintiff responds that several charges on the invoices are non-taxable convenience items and that the invoices for the depositions of the corporate representatives do not contain enough detail to show whether the charges are taxable.  *See* ECF No. [73] at 4-5.

In its Reply, Carnival concedes the first part of Plaintiff's objection, that is, that several of the invoices contained non-taxable convenience charges.  Carnival, therefore, agrees to withdraw the following charges: (1) the $1,088.10 two-business-day expedite fee for Plaintiff's deposition; (2) a $49.00 DepoSummary Pro charge for Plaintiff's deposition; (3) a $30.00 condensed-transcript charge for Plaintiff's deposition; (4) a $60.00 charge for condensed transcripts for Kara Evans and Adam Pascoe; (5) a $98.00 DepoSummary Pro charge for the depositions of Evans and Pascoe; and (6) a $49.00 DepoSummary Pro charge for the deposition of Paige Shaw.  *See* ECF No. [74] at 6.  In total, Carnival expressly agreed to withdraw those "disputed costs that total $1,374.10."  *Id.* at 7.  The Court agrees with those deductions as Carnival did not show that the expedited transcript, condensed transcript, and DepoSummary charges were necessarily obtained

11

for use in the case rather than for the convenience of counsel.  *See Watson*, 492 F. App'x at 996-97; *Licausi*, 2009 WL 3177566, at *3.

Although Carnival's Reply states that it is conceding the full $1,374.10 in non-taxable deposition costs, Carnival's revised Bill of Costs does not reflect the full concession.  Indeed, the revised Bill of Costs attached to the Reply seeks $6,251.05 in deposition costs, which reflects only a $1,014.10 reduction from the original $7,265.15 request.  *See* ECF No. [70] at 5; ECF No. [74] at 6-7; ECF No. [74-3] at 1.  Carnival gives no explanation for the $360.00 discrepancy, which appears to be a mathematical error.  Subtracting $1,374.10 from the original $7,265.15 request for deposition-related costs yields $5,891.05.  This is the revised total for deposition-related costs the Court will consider.

Turning to the taxation of the remaining deposition transcripts, the Court finds that these are recoverable.  Carnival states that it cited to Plaintiff's deposition and the depositions of Monica Borcegue, Michael Upton, Alexis Sanchez, and Yordan Petrov in the summary-judgment briefing.  *See* ECF No. [70] at 4.  Indeed, the District Court granted summary judgment after considering the Parties' summary-judgment filings and the exhibits cited therein.  *See* ECF No. [65] at 2.  Transcripts cited in summary-judgment briefing are necessarily obtained for use in the case, making the costs of those transcripts taxable.  *See EEOC*, 213 F.3d at 621.

The Court finds that the remaining depositions were likewise reasonably necessary when taken and Plaintiff does not dispute this point.  Starting with Paige Shaw, she is Plaintiff's daughter and an identified liability and damages witness.  *See* ECF No. [74-1] at 5.  Her testimony was reasonably necessary to evaluate Plaintiff's account of the fall and damages.  As for Kara Evans and Adam Pascoe, they were treating providers relevant to Plaintiff's post-incident treatment and pre-incident medical condition.  *See* ECF No. [70] at 4.  Their testimony was reasonably necessary

to defend causation and damages in a case involving allegations of physical injuries, psychological injuries, permanent disability, and lost wages. *See* ECF No. [74-1] at 7-9, 19-21. Section 1920(2) requires that the deposition have been "necessarily obtained for use in the case;" it does not require that every taxable deposition be cited in a dispositive motion. *See EEOC*, 213 F.3d at 621. Given the claims in this case, the Court finds that Carnival necessarily obtained these transcripts for use at trial to defend issues involving liability, causation, and damages.

Turning to Plaintiff's specific objection to the invoices for the four corporate representatives, Plaintiff argues that those invoices lack a meaningful breakdown so these transcripts should not be taxed. *See* ECF No. [73] at 5. Carnival responds that the invoices identify the charges as "Copy of Transcript" and contain no disputed convenience items. *See* ECF No. [74] at 7. Upon the Court's review of the invoices for the depositions of Sanchez, Petrov, Upton, and Borcegue, each describe the charge as a "Copy of Transcript" with a single corresponding dollar amount. The invoices do not contain any itemized convenience charges, *see* ECF No. [70-2] at 5-7, and Plaintiff does not identify any specific non-taxable charges within those invoices. Because the corporate-representative transcripts were used in the summary-judgment briefing and because no non-taxable line item has been identified, the costs associated with these transcripts are taxable. *See EEOC*, 213 F.3d at 621; *Loranger*, 10 F.3d at 784. Accordingly, I respectfully recommend that the Court **AWARD** Carnival $5,891.05 in deposition costs.

## IV.   CONCLUSION

For the reasons stated above, I respectfully **RECOMMEND** that Carnival's Motion to Tax Costs, **ECF No. [70]**, be **GRANTED in part and DENIED in part**. Carnival should be awarded $1,655.00 in service-of-process costs and $5,891.05 in deposition costs, for a total taxable cost

award of $7,546.05.  The Clerk of Court should be directed to enter a Bill of Costs reflecting the above taxable amounts in favor of Carnival and against Plaintiff.

Pursuant to Local Magistrate Rule 4(b), the parties will have fourteen (14) days from the date of service of this Report and Recommendation to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge.  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of any issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions except on grounds of plain error if necessary in the interests of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on May 1, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:      All Counsel of Record